James M. Kelley
14390 Douglass Lane
Saratoga, CA 95070
jmadisonkelley@gmail.com
Tel:    (408) 314-6745

PRO SE

ORIGINAL FILED

APR 21 2011

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA – DIVISION 5

In Re:
JAMES MADISON KELLEY,

Debtor

Case No. 08-55305 ASW
Chapter 11

---

JAMES MADISON KELLEY

Plaintiff

V.

JPMORGAN CHASE BANK, NA,

WASHINGTON MUTUAL BANK,

DOES (1-20)

) NOTICE of WRITTEN DEPOSITION
)             of
) DEFENDANT   JPMorgan Chase, NA
)
) UNDER FRCP 30(b)(6) Duces Tecum
)             &
) DOCUMENT PRODUCTION UNDER
)        FRCP Rule 34
)
)
)
)
)
)
)
)
)
) Adv. Case No. 10-05245
)
) Honorable Arthur S. Weissbrodt

NOTICE OF 30B6 WRITTEN DEPOSITION      1      RULE 34 DOCUMENT PRODUCTION
Adversary Complaint 10-05245                   Bkr. Case No 08-55305 ASW

**Plaintiff's Notice of WRITTEN Deposition by t Defendant JPMorgan Chase Bank, NA Under FRCP 30 (b) (6) Duces Tecum, Rule 31 (a) (4) and Document Production Under Rule 34.**

   **To:** Defendant JPMorgan Chase Bank, NA and its Attorneys:
   Christopher Yoos, Esq.
   Thomas Van, Esq.
   1 MacArthur Place
   Santa Ana, CA

   **From :** James Madison Kelley

**PLEASE TAKE NOTICE** that, pursuant Federal Rule of Civil Procedure 30(b)(6), Plaintiff James Madison Kelley hereby notices this written deposition of Defendant JPMorgan Chase Bank, NA designated expert(s) and any participating subsidiaries on the topics relevant to this adversary case.

**PLEASE TAKE NOTICE** of the Document production requested under Rule 34, which is an integral part of this deposition.

As used in this Notice, the term "identify" means, without limitation, to specify the name of any entity or person, the title of any document, the author of any document, the name of any authorizing person, the name of anyone issuing a power of attorney, etc. and their current position, title, professional credentials address and telephone number.

The Defendant shall identify the person(s) who is/are answering the written deposition questions as the designated expert(s).

As used in this Notice, the term "document" means, without limitation, the following terms, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand: agreements, communications, State and Federal

governmental hearings and reports, correspondence, faxes, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, radiographs, photographs, motion picture films, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

As used in this Notice, the term "**Defendant**" means, without limitation, the responding party.

As used in this Notice, the term "**You**" means the corporate defendant answering these requests, and any person acting on that corporation's behalf.

**Washington Mutual** means any subsidiary of **Washington Mutual Inc** up until September 26, 2008.

**JPMorgan Chase** means any subsidiary of **JPMorgan Chase and Company** (NYSE: JPM) including but not limited to **JPMorgan Chase Bank, NA**.

As used in this Notice, the term Loan or Loans shall mean **Washington Mutual Bank FA** Loan Number 3018113559 and **Washington Mutual Bank** Loan number 0747861714.

When you are asked to "identify" a particular employee or person, you are to provide that person's full name, current or last job title, professional credentials, and current physical work address if still employed by you; if the person is not still employed by you, provide the last known address, phone numbers, e-mail address or other available contact information.

When you are asked to "identify" documents, you are to provide that title of the document, a description of the documents, identify the makers of the document, and provided any information relevant to the deposition question or your statement or answer.

1   All documents, which form the basis for your answers or statements, may be
2   delivered in either electronic form (PDF on DVD preferred) or paper form. If any of the
3   documents cannot be delivered please indicate why.

4   **YOU ARE ADVISED THAT <u>YOU MUST DESIGNATE</u> one or more**
5   **officers, directors, managing agents, or other persons who will competently answer**
6   **in writing the attached deposition on your behalf and provide the supporting**
7   **documents.**

10  DATED: April 20, 2011            Respectfully submitted,

11                                   By: *James Madison Kelley*

13                                   James Madison Kelley
14                                   Plaintiff/Pro Per

18  14390 Douglass Lane
19  Saratoga, California 95070
20  (408) 314-6745
21  jmadisonkelley@gmail.com

28  NOTICE OF 30B6 WRITTEN DEPOSITION    4        RULE 34 DOCUMENT PRODUCTION
    Adversary Complaint 10-05245                      Bkr. Case No 08-55305 ASW

## 30 B6 WRITTEN DEPOSITION

1. State your full name and address and telephone number.
2. State your job title and position with JPMorgan Chase Bank or any of its subsidiaries.
3. Do you have more than one job title or position?
4. What is your education?
5. What is your experience in the industry?
6. What are your state or federal licenses?
7. Have you ever been deposed?
8. Have you ever served as a 30 (b)(6) witness?
9. What have you done to prepare yourself to answer these questions?
10. How long have you been an employee of the Defendant?
11. What are your job responsibilities?
12. Is the Defendant the loan servicer of the Loan(s)?
13. Identify the loan servicing agreement(s).
14. When were the loan servicing agreement(s) made and with whom?
15. Identify the person(s) authorizing the Loan servicing agreements?
16. Identify the person(s) authorizing the Loan(s)?
17. Did FDIC transfer the Loan(s) servicing rights to Defendant?
18. Did the Loan(s) servicing agreements of Washington Mutual Bank permit the unilateral transfer of Loan Servicing rights of the Loan(s)?
19. Was ownership of the loan(s) transferred to the Defendant by the FDIC incident to the receivership of Washington Mutual Bank?

i. Identify any Documents that <u>specifically</u> support the transfer of ownership of the Loan(s).

20. What was the book value of the Note(s) at the time of receivership?

   i. Identify any Documents that <u>specify</u> the book value of the Note(s).

21. How much did the Defendant pay for the Note(s)?

   i. Identify any Documents that <u>verify</u> payment of the Note(s).

22. How much did the Defendant pay for the Deed(s) of Trust?

   i. Identify any Documents that <u>verify</u> payment for the Deed(s) of Trust.

23. How much did the Defendant pay for the Loan Servicing rights?

   i. Identify any Documents that <u>specifically verify</u> that the loan servicing rights for the Loan(s) were purchased by the Defendant.

24. Identity the current custodian(s) of the original note(s) and deed(s) of trust?

25. Identify all former custodian(s) of the original note(s) and deed(s) of trust?

26. Identify all Special Purpose Entities to which the Note(s) have been sold or pledged as collateral.

27. Have the original deeds of trust and notes been destroyed?

28. Where are the notes and deeds of trust stored?

29. Identify the current custodian(s) of the notes and deeds of trust?

30. Is the Note(s) indorsed in Blank?

   i. Identify the person indorsing the Note(s).

   ii. Identify the Power of Attorney and person(s) conferring the power of endorsement.

   iii. Identify the relevant documents.

31. Identify the holder(s) of the Note(s) and when the Note(s) were held?

  i. Identify the documents that confirm the your statement.

32. Identify the owner(s) of the note(s)?
    i. Identify every assignment of the Note(s).
    ii. Identify every assignee of the Note(s).
    iii. Identify every assignor of the Note(s).
    iv. Identify every Power of Attorney conferring the power of assignment of the Note(s) for each assignment.

33. Were the loans securitized?
    i. Identify the security(s).
    ii. Identify the SEC Edgar Filing(s).
    iii. How much was paid for the Loan(s) by the Special Purpose Entity?
    iv. Did the Special Purpose Entity insure the Note(s) against default?
    v. Identify the insurer of the Loan(s).
    vi. Was the default insurance paid?
    vii. Identify any interest in the security(s) retained by Washington Mutual Bank?
    viii. Identify any interest in the security(s) retained by the parent holding company Washington Mutual Inc?
    ix. Identify any interest in the security(s) retained by the parent holding company Washington Mutual Inc?
    x. Identify any interest acquired by JPMorgan Chase and/or any of its subsidiaries in the security(s).
    xi. Identify any role played by JPMorgan Chase or its subsidiaries in the creation of the security(s).
    xii. Identify any retained interest in the security(s) sold?

34. Was the Note(s) sold to a third party?

NOTICE OF 30B6 WRITTEN DEPOSITION   7   RULE 34 DOCUMENT PRODUCTION
Adversary Complaint 10-05245           Bkr. Case No 08-55305 ASW
Case: 10-05245   Doc# 42   Filed: 04/21/11   Entered: 04/21/11 14:26:14   Page 7 of 12

      i. Identify the party (s) or Special Purpose Entity purchasing the loan(s) and how much was paid for the Note(s).
      ii. Identify the documents showing the purchase.
      iii. Identify current Special Purpose Entity or party(s)?

35. Were the Note(s) ever repurchased?
      i. Identify the party(s) or Special Purpose Entity that repurchased Note(s).
      ii. State when the Note(s) were repurchased and how much was paid for them.
      iii. Identify the party(s) or Special Purpose Entity.
      iv. Identify the documents showing Note repayment.

36. Were any of the securities pledged to another lender as collateral?
      i. Identify the Lender(s).
      ii. State the amount received for the pledge?
      iii. Was the Security(s) transferred to Lender(s) for the duration of the lender loan(s)?
      iv. Identify the documents showing loan repayment.

37. Were the Note(s) pledged as collateral to another lender?
      i. Identify the Lender(s).
      ii. State the amount received for the pledge?
      iii. Was the Note(s) transferred to Lender(s) for the duration of the loan(s)?
      iv. State when the loan(s) were paid back.
      v. Identify the documents showing loan repayment.

38. State the dates when the Note(s) were securitized, used as collateral, or transferred.

NOTICE OF 30B6 WRITTEN DEPOSITION   8   RULE 34 DOCUMENT PRODUCTION
Adversary Complaint 10-05245   Bkr. Case No 08-55305 ASW
Case: 10-05245   Doc# 42   Filed: 04/21/11   Entered: 04/21/11 14:26:14   Page 8 of 12

39. State the dates when the Deed(s) of Trust were used as collateral, or transferred.
   i. Identify the documents.
40. State the dates when the retained interest in the securitized loans was pledged to another lender.
   i. Identify the documents
41. State the dates when the whole Note(s) were pledged to another lender.
   i. State the dates the Note(s) were repurchased and the amount repaid.
   ii. Identify the documents showing pledge.
   iii. Identify the documents showing repayment.
42. State the dates the securities were purchased or sold and the amounts?
   i. Identify the documents showing purchase or sale.
43. What was the relationship of North American Mortgage Company to Washington Mutual Inc or any of its subsidiaries?
44. Why was the Loan Number 3018113559 made in the name of a non existent bank-Washington Mutual Bank, FA (ceased to exist April 2005 as per FDIC)?
45. Why was the Loan Number 3018113559 made in the name of a non-existent bank-Washington Mutual Bank, FA when the North American Mortgage Company disclosure states that it was submitted to North American Mortgage?
46. Why was the Yield Spread Premium not reported on the HUD-1 for Loan Number 3018113559?
47. Why was the Good Faith Estimate for Loan Number 3018113559?
48. Identify all documents showing the agency of Mr. Louis Helmonds with respect to these loans.

49. Did Rosalie Silva or Louis Helmonds or any one or any entity receive compensation comprising bonuses, commission, broker fees, yield spread premium, service release premium incident to the making of the loan(s)?

    i. If so state the dates(s), type(s) and amount(s) of the compensation.

    ii. Identify the supporting documents.

50. Were the Note(s) funded through the Federal Reserve Bank or the Federal Home Loan bank at anytime?

    i. If so when and for how much?

    ii. Was the money ever paid back?

    iii. Identify the supporting documents.

51. What communications has the Defendant had with California Reconveyance Corporation (the original trustee) in connections with the Loan(s)?

    i. State when JPMorgan Chase purchased California Reconveyance Corporation.

    ii. Identify the supporting documents.

52. What communications has the Defendant had with Quality Loan Service Corporation (the purported current trustee)?

    i. Has the Defendant requested return of any files from Quality Loan Service Corporation?

    ii. Has the Defendant instructed Quality Loan Service Corporation to not provide the Plaintiff with a copy of the files?

    iii. Identify the supporting documents.

53. Is the Note(s) endorsed in blank?

    i. Identify the endorser of the Note(s).

NOTICE OF 30B6 WRITTEN DEPOSITION    10    RULE 34 DOCUMENT PRODUCTION
Adversary Complaint 10-05245                         Bkr. Case No 08-55305 ASW

Case: 10-05245   Doc# 42   Filed: 04/21/11   Entered: 04/21/11 14:26:14   Page 10 of 12

ii. Identify the power of attorney document(s) authorizing the endorsement(s).

54. If the Note(s) was sold state the amount(s) paid for the note(s) and identify the purchaser(s) and identify the documents showing the transaction(s).

55. Identify the assignment(s) of the Note(s).

   i. Identify the person(s) assigning the Note(s).
   ii. Identify the documents granting power of attorney authorizing the assignment of the Note(s).
   iii. Identify the person(s) granting the Power of Attorney(s).

56. Identify the documents and person(s) authorizing Substitution of Trustee by Jodi Sobotta.

   i. Identify the person(s) granting the Power of Attorney to Jodi Sobotta on behalf of Washington Mutual Inc.
   ii. Identify any documents and person(s) instructing Jodi Sobotta to change the beneficiary of the Loan to Washington Mutual Bank from Washington Mutual Bank FA.
   iii. Identify any documents and person(s) granting Power of Attorney authorizing Washington Mutual Bank to act for Washington Mutual Bank FA.
   iv. Identify any documents and person(s) granting Power of Attorney authorizing Washington Mutual Bank FA to act for North American Mortgage Company.

57. Specify where the Power of Attorney documents identified in your answers are recorded and when were they recorded as well as document number.

**DOCUMENTS TO BE PRODUCED**

58. Powers of Attorney

59. Assignments of Note(s).

60. Communications between FIS Default Services, Washington Mutual, Quality Loan Service Corporation, California Reconveyance Corp.

61. Loan Servicing Agreements.

62. Exact high-resolution color copies of the Note.

63. Records of the sale of the Note(s).

64. Documents identifying North American Mortgage Company.

65. Documents identifying Washington Mutual Bank FA.

66. Documents showing yield spread premium, service release premium, commissions, bonuses, fees paid to loan originators.

67. Documents identifying any Special Purpose Entity to which the Note(s) was sold or pledged as collateral.

68. Federal Depository Insurance Corporation documents specifically showing the transfer of the Notes(s) and/or Deed(s) of Trust to JPMorgan Chase.

69. Any Documents used in answering this deposition.