FILED

FEB 0 1 2012

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 08-55305-ASW |
| JAMES MADISON KELLEY, | Chapter 11 |
| Debtor. | |
| JAMES MADISON KELLEY | Adv. Proc. No. 10-5245 |
| Plaintiff, | |
| vs. | |
| JPMORGAN CHASE BANK, N.A., ET AL., | |
| Defendants. | |

**MEMORANDUM DECISION RE MOTION FOR LEAVE
TO AMEND FIRST AMENDED COMPLAINT**

Before the Court is the motion of plaintiff and debtor James Madison Kelley ("Plaintiff") to amend Plaintiff's First Amended Complaint ("Motion"). In the Motion, Plaintiff seeks to add new claims for: (1) lack of prudential standing; (2) lack of constitutional standing; (3) lack of enforceability under Uniform Commercial Code Article 9; (4) Fair Credit Reporting Act ("FCRA") violations; (5) Fair Debt Collection Practices Act ("FDCPA")

violations; (6) Deceptive Practices Act violations; (7) slander of title; and (8) quiet title. Plaintiff also seeks to add Quality Loan Service Corporation ("Quality") as a defendant for Quality's alleged FDCPA violations. Defendant JPMorgan Chase Bank, N.A. ("Defendant") opposes the Motion on the grounds that Plaintiff failed to attach a proposed amended pleading so that Defendant and the Court can assess the allegations of the new causes of action against Defendant and the proposed new defendant, Quality, under Federal Rule of Civil Procedure 15 ("Rule 15"). Defendant also opposes the Motion on the ground that the proposed claims are unnecessary, fail to state a claim, and are barred.

At the hearing on the Motion, the Court heard oral argument on the Motion and the matter was taken under submission. Debtor is appearing in propria persona. Defendant is represented by Christopher Yoo, Esq. of Alvarado Smith, P.C. This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.

PROCEDURAL HISTORY

On September 19, 2008, Plaintiff filed a voluntary chapter 11 petition. On July 15, 2010, Plaintiff filed this adversary proceeding seeking to invalidate two home mortgage loans (collectively, "Loans") or rescind the Loans under the Truth In Lending Act on Plaintiff's property at 14390 Douglass Lane, Saratoga, CA ("Property"). On August 17, 2010, Defendant filed a motion to dismiss the adversary complaint which Plaintiff opposed.

At a hearing on October 8, 2010, the Court granted Defendant's motion to dismiss the complaint with leave to amend. On October 29, 2010, Plaintiff filed a First Amendment Complaint ("FAC"). The FAC seeks rescission of the first and second deeds of trust against the Property as well as declaratory relief seeking to invalidate the Loans. On September 28, 2011, after the close of discovery, Plaintiff filed this Motion for leave to amend the FAC. Plaintiff did not attach a proposed amended complaint to the Motion. In Defendant's opposition, Defendant also requests the Court to take judicial notice of several documents relating to the Loans as well as Defendant's purchase agreement ("Purchase Agreement") with the Federal Deposit Insurance Corporation ("FDIC"). Plaintiff opposes the request to take judicial notice.

II.

FACTS

The following facts are taken from Defendant's opposition as allegations. Plaintiff obtained a mortgage loan in the sum of $2,992,265.00 secured by a deed of trust ("DOT") encumbering the Property. The DOT was recorded on July 31, 2007, with the Santa Clara County official records as instrument number 19532063. The DOT identifies Washington Mutual Bank, FA ("WAMU") as the lender and beneficiary, California Reconveyance Company ("CRC") as the trustee and Plaintiff as the borrower. Plaintiff also obtained a home equity line of credit with a maximum credit line of $250,000.00 ("HELOC") secured by a deed of trust ("HELOC DOT") encumbering the Property. The HELOC DOT was recorded on October 3, 2007. The HELOC DOT identifies WAMU as the lender and beneficiary,

CRC as the Trustee and Plaintiff as the borrower. Plaintiff defaulted on the Loans and a notice of default to sell under the DOT was signed on September 26, 2007 ("NOD"). The NOD was recorded by Quality on or around June 30, 2008 with the Santa Clara County official records as instrument number 19902698, though Quality was not substituted as the trustee until August 12, 2008. The NOD indicates that, as of June 30, 2008, the amount in arrears was $39,087.37. A substitution of trustee in connection with the DOT was recorded on or around August 12, 2008 with the Santa Clara County records as instrument number 19952396. Quality was substituted as the new trustee. On September 25, 2008, the Office of Thrift Supervision closed WAMU and appointed the FDIC as receiver. On the same date, Defendant entered into the Purchase Agreement with the FDIC acting in the FDIC's corporate capacity as well as receiver for WAMU.

Plaintiff's Motion alleges that Defendant has violated the FCRA and the FDCPA. Specifically, Defendant allegedly violated the FCRA based on discovery showing that Defendant allegedly, intentionally and deceptively, altered Plaintiff's credit history with Equifax, TransUnion, and Experian to show falsely that Plaintiff made loans in 2005 and 2007 with Chase. Defendant allegedly is a not a real party in interest and lacks constitutional and prudential standing to bring proofs of claim on both of the Loans because there are no documents which evidence a chain of assignments from the original lender to Defendant. The Motion contends that, according to the evidence in the Purchase Agreement and in the <u>FDIC v. LSI</u> appraisal case filed in the Central District of California on May 9, 2011 (Case No. SACV11-706

JST), the Loans were charged off.  Because there are no documents showing that the Loans were transferred to Defendant via receivership, Defendant paid nothing for the Loans and cannot have damages in connection with any contract.  The DOTs and the adjustable rate rider offered by Defendant in support of Defendant's proofs of claim 2 and 3 are not original and therefore do not prove that Defendant has standing.  There are no assignments, allonges or endorsements in evidence transferring the Loans to WAMU or to Defendant.  Plaintiff further alleges that Defendant and Quality intentionally caused a false notice of default as well as substitution of trustee to be recorded in Santa Clara County which misrepresented the lender.  Defendant and Quality persisted in foreclosing on the Property based on the allegedly false NOD and DOT after being notified of the misrepresentations in those documents.  Quality used the foreclosure process to attempt to collect the debt on the home loan note and clearly indicated on the NOD that Quality was attempting to collect a debt.

III.

ANALYSIS

A.  **Failure to Attach a Proposed Amended Complaint**

Bankruptcy Local Rule 1001-2 incorporates Civil Local Rule 10-1 which provides: "Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference." C.L.R. 10-1.  Plaintiff has not attached a proposed amended complaint to the Motion.  The Court has discretion to deny a motion to amend for

the failure to attach a proposed pleading as required by local rule. <u>Waters v. Weyerhaeuser Mortgage Co.</u>, 582 F.2d 503, 507 (9th Cir. 1978). Because the form and substance of the Motion are sufficiently unclear, the Court exercises its discretion in this case to require a proposed amended complaint, and the Motion is denied without prejudice to Plaintiff filing another motion to amend that includes a proposed amended complaint.

### B. Notice to Plaintiff of Possible Deficiencies in the Proposed Amendments

In the interest of judicial efficiency, this Court points out certain deficiencies in the proposed amendments, which Plaintiff may want to address before filing another motion to amend. Though the Motion is in the improper form, the Motion contains claims and allegations which the Court will take to be the basis for Plaintiff's proposed amended complaint.

#### 1. Legal Standard Applicable to All Amendments

Federal Rule of Bankruptcy Procedure 7015 incorporates Rule 15. Under Rule 15, leave to amend pleadings should be freely given in the interest of justice by applying Rule 15 liberally to carry out the rule's policy in favor of amendments. Fed. R. Civ. P. 15(a)(2); <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989). A pro se litigant, especially, must be given leave to amend and notice of the deficiencies in a proposed amendment unless it is absolutely clear that no amendment would cure the deficiencies. <u>Cato v. U.S.</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

The court's discretion to allow an amended pleading freely is limited by consideration of the four <u>Foman</u> factors -- bad faith,

undue delay, prejudice, and futility -- which are not given equal weight. Foman v. Davis, 371 U.S. 178 (1962); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). At this juncture, the Court will only address futility.

A proposed amendment is futile only if no set of facts can be proven that amount to a legally sufficient claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). This broad standard encompasses many of the more narrow frameworks courts commonly apply such as the standards governing Rule 12(b)(6) failure to state a claim, summary judgment, and frivolousness among others. A proposed amendment is futile if allowing the amendment would merely result in the amended cause of action or defense failing any of the more specific standards in the next stage of litigation. As explained in Moore's Federal Practice:

> Courts have denied leave to amend in the following situations:
>
> 1. Amendment could not withstand Rule 12 motion to dismiss for failure to state a claim.
>
> 2. The plaintiff is unable to allege facts sufficient to support the complaint.
>
> 3. The claims are frivolous, and no additional facts would cure the deficiency.
>
> 4. The plaintiff is unable to plead with particularity all the specific elements necessary to support the claim.
>
> 5. Plaintiff could not cure defect with amendment because claim had no basis in law.
>
> 6. The amendment would be futile because it would not withstand a summary judgment motion.
>
> 7. The amendment is a reassertion of a previously abandoned claim or claims already dismissed.

8. The amendment does not present any new facts -- only theories -- and provides no satisfactory explanation for failure to originally develop the claim.

9. The plaintiff could not set forth any circumstances that would state a claim because the cause of action was cut off by an intervening court ruling.

3 Daniel R. Coquillette, Gregory P. Joseph, Sol Schreiber, Chilton Davis Varner, Georgene M. Vairo, Moore's Federal Practice § 15.15 at 15-57 to 15-61 (3d ed. 2011) (footnotes omitted and enumeration added).

The Ninth Circuit has held that the specific test applied for the futility analysis when evaluating whether an amendment states a claim upon which relief can be granted is the same test used in considering the sufficiency of a pleading under Federal Rule of Civil Procedure 12(b)(6). Miller, 845 F.2d at 214. Ninth Circuit law also supports denial of an amendment if a claim is frivolous, has no basis in law, or does not plead with particularity all the required elements to the support the claim. Albrech v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)(frivolous claims); Partington v. Bugliosi, 56 F.3d 1147, 1162 (9th Cir. 1995)(failure to plead elements).

2. **Plaintiff's Proposed Amendment for "Unenforceability of Mortgage Note Under UCC" is Likely Futile.**

Plaintiff's third proposed amendment is formulated as an objection to Defendant's secured proofs of claim 2 and 3 on the notes underlying the Loans.[1] Specifically, Plaintiff's third proposed amendment appears to object to Defendant's standing to

---

[1] Claim #2 filed by JP Morgan Chase, total amount claimed: $3,189,960.65, filed on October 17, 2008. Claim #3 filed by JPMorgan Chase Bank, National Association, total amount claimed: $253,884.38, filed on December 2, 2008.

enforce the loan notes because the notes are not negotiable instruments under Article 3 of the Uniform Commercial Code ("Article 3") and Defendant is not a holder in due course.[2] Defendant opposes on the ground that Defendant is not required to be holder of the note in order to foreclose under California law and that the Uniform Commercial Code is inapplicable.[3]

Plaintiff claims that the negative-amortization feature of the loan's "option adjustable rate mortgage" does not meet the requirements of being a fixed amount of money due in a prescribed time under Article 3.[4] However, California Commercial Code section 3112(b) -- which enacts the Article 3 provisions in California -- provides in relevant part that:

> Interest may be stated in an instrument as a fixed or variable amount of money or it may be expressed as a fixed or variable rate or rates. The amount or rate of interest may be stated or described in the instrument in any manner and may require reference to information not contained in the instrument.

Cal. Comm. Code § 3112(b) (West 2011). Because the variable interest rate would not make either note non-negotiable, Plaintiff's claim regarding "UCC enforceability" is likely futile because it would not survive dismissal for failure to state a legally sufficient claim.

Plaintiff also claims that Defendant did not give value for the note, implying that Defendant was not a holder in due course.[5] However, California Commercial Code section 3301 provides:

---

[2] Motion at 5:16-23.

[3] Opposition at 8:20-25.

[4] Motion at 5:10-14.

[5] Motion at 5:16-20.

> "Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

Cal. Comm. Code § 3301 (West 2011). Because Defendant does not need to be a holder in due course in order to enforce the notes, Plaintiff's claim regarding "UCC enforceability" is likely futile because it would not survive dismissal for failure to state a legally sufficient claim.

3. **Plaintiff's Claim for FCRA and "Deceptive Practices Act" Violations is Unclear.**

Plaintiff's fourth claim against Defendant is for FCRA and "Deceptive Practices Act" violations. The Motion is unclear as to whether Plaintiff asserts a cause of action for unfair credit practices under California law in addition to a federal cause of action under the FCRA. Plaintiff's oblique references to the "Deceptive Practices Act" in the caption of the Motion and the allegations in the fourth claim are unclear because the Court cannot determine under which statute the cause of action arises. It is possible Plaintiff means to assert a claim based on California Civil Code section 1785.25(a) allowed under the exception to state law preemption which exists in FCRA section 1681t(b)(1)(f). Section 1785.25(a) of the California Civil Code, which has provisions similar to the FCRA, creates a private right of action to prevent false credit reporting. To cure the ambiguity, any proposed amended complaint should plead specifically whether Plaintiff asserts a cause of action arising under section

1785.25(a) of the California Civil Code, some other state law provision, or whether only a federal claim under the FCRA is intended.

**4. Plaintiff's Claim for Slander of Title is Unclear.**

Plaintiff's sixth claim alleges slander of title. The Motion is unclear whether the claim is against Defendant alone or against Defendant and Quality.[6] Based on the allegations, Quality seems to be the defendant who filed the NOD and Substitution of Trustee, but the Motion has an unclear reference to Chase at page 6, line 21. Plaintiff should cure this ambiguity and specifically plead the claim against one or both defendants in any proposed amended complaint attached to a further motion for leave to amend.

IV.

CONCLUSION

For the forgoing reasons, Plaintiff's Motion is denied without prejudice. Counsel for Defendant shall prepare a form of order and submit the proposed order to the Court after service on Plaintiff.

Dated: 2/1/12

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

---

[6] Motion at 9:22-25.

Court Service List

S. Christopher Yoo
Alvarado Smith
1 MacArthur Place, Suite 200
Santa Ana, California 92707

James M. Kelley
14390 Douglass Lane
Saratoga, CA 95070

Office of the U.S. Trustee / SJ
280 South 1st St. #268
San Jose, CA 95113-3004