James M. Kelley
14390 Douglass Lane
Saratoga, CA 95070
jmadisonkelley@gmail.com
Tel: (408) 402-1915

PRO SE

ORIGINAL FILED
AUG 26 2013
CLERK
UNITED STATES BANKRUPTCY COURT
SAN JOSE, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA – DIVISION 5

| | |
|---|---|
| In Re:<br>JAMES MADISON KELLEY,<br>Debtor | Chapter 11<br><br>Adversary Case No. 10-05245<br><br>Bkr. Case No. 08-55305 ASW |
| JAMES MADISON KELLEY<br>Plaintiff<br>v.<br>JPMORGAN CHASE BANK, NA,<br>WASHINGTON MUTUAL BANK,<br>DOES (1-20) | Adversary Case No. 10-05245<br><br>REQUEST FOR JUDICIAL NOTICE<br>OF THE DECLARATION OF<br>NEIL F. GARFIELD, ESQ<br><br><br>Honorable Arthur S. Weissbrodt<br>Courtroom: 3020 |

## REQUEST FOR JUDICIAL NOTICE

Attached hereto is a certified copy of the Neil F. Garfield Declaration filed 0n 11/15/2012 in the United States Bankruptcy Court, Central District of California-San Fernando Valley Division (the Garfield Declaration).

The Garfield Declaration is evidence collected from a telephone call to Robert C. Schoppe who was the Receiver in charge that casts a dark shadows over JPMorganChase Chase Bank, NA claims that it owns the notes at issue in this case, that it has the original paper documents and that it is the proper servicer of the loans at issue in this case.

I respectfully request that the Court take Judicial Notice of this document because it directly relevant to this case.

*James Madison Kelley*

James Madison Kelley, PhD
jmadisonkelley@gmail.com
14390 Douglass Lane
Saratoga, California 95070
408 402-1915

# PROOF OF SERVICE

I, James Madison Kelley, under penalty of perjury attest that I mailed the

REQUEST FOR JUDICIAL NOTICE
OF THE DECLARATION OF
NEIL F. GARFIELD, ESQ

on August 26, 2013 by FEDEX overnight express to the following people:

S. Christopher Yoo, esq.
John M. Sorich, esq.
Thomas Van, esq.

AlvaradoSmith, PC
1 Macarthur Place, #200
Santa Ana, CA 92707

Dated at Saratoga, California, this 26th day of August 2013.

By: *James Madison Kelley*
James Madison Kelley

Request for Judicial Notice of
The Neil F. Garfield, ESQ Declaration

Bk. Case No 08-55305ASW
**Adversary Case 10-05245**

3

Case: 10-05245   Doc# 303   Filed: 08/26/13   Entered: 08/26/13 15:41:22   Page 3 of 8

1  Norberto F. Reyes, III (SBN 158569)
   REYES LAW GROUP, APLC
2  3460 Wilshire Boulevard, Suite 1005
3  Los Angeles, California 90010
   Telephone: (213) 382-6600
4  FAX: (213) 382-2096

5  Joseph L. DeClue, SBN 163954
   LAW OFFICES OF JOSEPH L. DECLUE
6  200 S. Main Street, Suite 300
7  Corona, California 92882
   (951) 280-1313 Fax: (951) 801-7976
8
   Attorneys for Debtor
9  MARIOS POLYCHRONAS AW MARIO POLYCHRONAS INTER-VIVOS TRUST OF 2004

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| IN RE: | ) Case No.: 1:11-bk-18306-vk |
|---|---|
| | ) Chapter 11 |
| MARIO POLYCHRONAS, | ) |
| AW MARIO POLYCHRONAS INTER- | ) **DECLARATION OF NEIL F. GARFIELD, ESQ.** |
| VIVOS TRUST OF 2004, | ) |
| Debtor. | ) |

I, Neil F. Garfield, Esq., hereby declare as follows:

1. I am over the age of 18 and I am not a party to this case. I have personal knowledge of the following facts, and if called to testify I could and would testify to them from my own personal knowledge. I have also been admitted as an expert witness in Federal and state courts across the country in connection with securitized loans, property law, and the WAMU bank failure specifically.

2. On November 14, 2012 at or about 2:10pm Mountain Standard Time, I personally spoke by telephone to Robert C. Schoppe who was the Receiver in Charge for the FDIC as Receiver for Washington Mutual Bank ("WAMU"), which was closed by the Office of Thrift Supervision (OTS), taken over by the Federal Deposit Insurance Corporation (FDIC) and subject to a petition for relief in Federal bankruptcy court.

   a. As of September 25, 2008, WAMU no longer existed as an independent financial institution.
   b. Some of its assets and some of its liabilities were the subject of a Purchase and Assumption Agreement with JPMorgan Chase.
   c. The purchase and Assumption Agreement was never completed inasmuch as schedules of assets were never prepared, approved or in existence.

3. I originally made contact with his office in Dallas, Texas with phone number 972-761-8556. Mr. Schoppe then called me back.

4. In my conversation with him, he told me that there never was an instrument recorded with respect to the assignment of any mortgage loans.

   a. He told me that most of the loans were sold into securitized trusts and that the best or most accurate statement that could be made at this time without Chase owning up to the actual facts is that Chase probably at one point acquired the servicing rights, but has since sold off much of their servicing portfolio.
   b. Hence, it is impossible to say whether on a particular loan they retain the servicing rights without getting the information from Chase itself since such transactions are not recorded.

5. The legal ownership in this particular case is in a securitized trust. This has been determined by two securitization analysts who have identified (a) a pattern of securitization loans identical (geographically, substantively and in size and terms) to the subject loan in the Polychronas case and (b) specifically a loan that matches certain data

criteria for the Polychronas loan but which requires further research to determine the precise identity of the borrower and address to which the loan allegedly applies.

6. The purchase and Assumption agreement has two provisions regarding consideration. The first one says that the consideration is zero. The second one says that JPM Morgan Chase bids approximately $1.9 Billion. But the first one seems more likely inasmuch as Chase received 1/3 of a $6 Billion tax refund due to WAMU which was shared with the FDIC and the bankruptcy estate of WAMU. Thus the net cost to JPMorgan was zero.

7. Mr. Schoppe stated to me that there never was any instrument prepared or executed between JPMorgan Chase and either the FDIC or the bankruptcy trustee in which Chase acquired the loans. Specifically he stated "if you are looking for an assignment of loans, you won't find it because it does not exist."

8. Mr. Schoppe also said that the safest assumption to make is that (a) the loan was securitized, (b) the loan is still claimed by the WAMU trust, and (c) Chase may still be the subservicer for the Master Servicer (probably Chase), but not the trustee of the trust. He said that *the wording on the affidavit submitted by Chase was wrong. He did not mean say Chase owned the loans.*

9. Mr. Schoppe told me that there is no assignment of loans in existence to which the FDIC was a party, as receiver for the WAMU estate. He said that the list of loans was NOT attached or referenced in any way that could identify a particular loan. The bottom line is that the existence of the trust means that Chase is neither the creditor nor the trustee for the creditor despite their representations to the contrary. I have personally been the recipient of information in other cases where Chase used the same affidavit and I was told that Chase and their attorneys were reprimanded for its use.

10. If JP Morgan Chase Bank were to have the original note, it would not be as a holder with the right to enforce. It would simply be a mere custodian for another party as a bailee.

1 | I declare under penalty of perjury under the laws of the United States that the foregoing is
2 | true and correct.

5 | Dated this 14th day of November, 2012         /s/ Neil F. Garfield
                                                  Neil F. Garfield, Esq.
                                                  Declarant

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1331 W. 1st Street, Suite 102, Santa Ana, CA 92703.

A true and correct copy of the foregoing document described  DECLARATION OF NEIL F. GARFIELD ESQ. will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document was served by the court via NEF and hyperlink to the document on November 15, 2012. I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Michael W. Aiken:** MAiken@NBSDefaultServices.com
- **Jennifer L. Braun:** Jennifer.l.braun@usdoj.gov
- **Bradley D. Jones:** Bradley.d.jones@usdoj.gov
- **Paul H. Kim:** Pkim@counsel.lacounty.gov
- **Kerry A. Moynihan:** Kerry.moynihan@bryancave.com; raul.morales@bryancave.com; trish.penn@bryancave.com
- **Norberto F. Reyes:** bankruptcy@reyeslawgroup.com
- **Nathan F. Smith:** Nathan@mclaw.org
- **United States Trustee (SV):** ustpregion16.wh.ecf@usdoj.gov
- **Sharon Z. Weiss:** Sharon.weiss@hro.com; raul.morales@hro.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On November 15, 2012, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Victoria S. Kaufman
U.S. Bankruptcy Court – Central District
21041 Burbank Boulevard
Woodland Hills, CA 91367

**III. SERVED BY PERSONAL DELIVERY**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 2, 2012 I served the following person(s) and/or entity(ies) by personal delivery as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 15, 2012 | Melissa N. Alvarez | /s/ MELISSA N. ALVAREZ |
|---|---|---|
| Date | Type Name | Signature |