1  James M. Kelley
2  14390 Douglass Lane
   Saratoga, CA 95070
3  jmadisonkelley@gmail.com
   Tel:    (408) 402-1915
4  PRO SE
5



ORIGINAL

FILED

NOV 2 5 2013

CLERK
UNITED STATES BANKRUPTCY COURT
SAN JOSE, CALIFORNIA

6
7              **UNITED STATES BANKRUPTCY COURT**
       **NORTHERN DISTRICT OF CALIFORNIA – DIVISION 5**
8

| 9  In Re: | Chapter 11 |
| 10  JAMES MADISON KELLEY, | |
| 11  Debtor | Adversary Case No. 10-05245 |
| 12 | |
| 13  JAMES MADISON KELLEY | ) Declaration of James Madison Kelley |
| 14  Plaintiff | ) in Reply to the False and Misleading ) Statements Made By Thomas S. Van |
| 15  v. | ) at the Oct4, 2013 Hearing |
| 16 | ) |
| 17  JPMORGAN CHASE BANK, NA, | ) October 4th Hearing Transcript Attached |
| 18  DOES (1-20) | ) |
| 19 | ) (Proof of Service Included) ) |
| 20 | |
| 21 | |
| 22 | ) Honorable Arthur S. Weissbrodt |
| 23 | ) |
| 24 | ) Courtroom: 3020 |
| 25 | ) |

26
27
28  Declaration In Opposition to the False Statements    1         Adversary Case 10-05245
    Of Thomas S. Van at October 4th Hearing

Case: 10-05245   Doc# 357   Filed: 11/25/13   Entered: 11/26/13 12:05:48   Page 1 of 23

DECLARATION OF JAMES MADISON KELLEY

in Reply to the False and Misleading Statements Made By Thomas S. Van at the Oct 4, 2013 Hearing

I, James Madison Kelley, declare:

1. I am the Pro Se Plaintiff in the above captioned action. I make this Declaration in reply to the false and misleading statements of Thomas Van made during the October 4th, 2013 Hearing. The Hearing was completed before I was able to respond.

2. The facts set forth below are within my personal knowledge unless otherwise indicated.

3. Exhibit 1 is a true and correct copy of the Transcript of the October 4th Hearing.

4. On page 5 of the transcript, Mr. Van makes the following statements:

> "15 the original documents relating to the loan. "And that has been
> 16 produced four times already, twice to plaintiff's experts, Roy
> 17 Wetsell and James Blanco, neither of which filed any declaration
> 18 regarding its authenticity."

The Van statements are false and misleading as follows:

(a) The purported "Original loan" paper files were not produced twice to James Blanco.

(b) The Plaintiff does not have an expert named "Roy Wetsell".

(c) The "original" loan documents were not produced twice to Roy Wetsell.

(d) The Plaintiff's first expert Dr. Laurie Hoeltzel filed a Declaration that the January 2012 First loan Collateral file was a fake contradicting Mr. Van.

(e) Laurie Hoeltzel saw some of the "original" paper loan documents once.

5. On page 8 of the transcript, Mr. Van makes the following statement:

> 15    "MR. VAN: Your Honor, these are all electronic files
> 16    that we don't even know what he's asking for, it's so voluminous
> 17    and vague. We've gone to actually meet-and-confers with Mr.
> 18    Kelley. We've gone through — as asked by the Court. We can't
> 19    agree on these things because they're — they don't even relate

```
20        to his loan, a lot of them. And the burden of having to go
21        through all of that and finding of that I think would be
22        secondary to the issue of —
23        THE COURT: I'm not asking the secondary issue. I'm
24        asking solely what you have to do to to just transfer them and
25        let him worry about finding them."
          [Emphasis Added]
```

The Van statements are false and misleading as follows:

(a) Mr. Van did not go through the document production Request but explicitly

refused to discuss each item of electronic document production.

(b) Mr. Van did not claim at the January "Meet and Confer" that the document

production was burdensome.

(c) Mr. Van explicitly refused to produce a privilege log.

(d) Mr. Van (Chase) did not produce any documents by February 10, 2013

pursuant to the January 2, 2013 Co

6.  On page 8 of the transcript, Mr. Van makes the following statement:

```
15        "MR. VAN: Your Honor, these are all electronic files
16        that we don't even know what he's asking for, it's so voluminous
17        and vague. We've gone to actually meet-and-confers with Mr.
18        Kelley. We've gone through — as asked by the Court. We can't
19        agree on these things because they're — they don't even relate
20        to his loan, a lot of them. And the burden of having to go
21        through all of that and finding of that I think would be
26        secondary to the issue of —
27        THE COURT: I'm not asking the secondary issue. I'm
28        asking solely what you have to do to to just transfer them and
29        let him worry about finding them."
          [Emphasis Added]
```

The Van statements are false and misleading as follows:

(a) Mr. Van did not claim at the January "Meet and Confer" to not understand

the electronic documents to be produced;

(b) Mr. Van did not claim at the January "Meet and Confer" that the document

production was burdensome;

(c) Mr. Van explicitly refused to produce a privilege log at the January Meet

and Confer;

1    (d) Mr. Van (Chase) did not produce any documents by February 10, 2013

2        pursuant to the January 2, 2013 Court order.

3

4    On page 10 of the transcript, Mr. Van makes the following statements:

5        1        testified — whether he's an expert or not remains to be seen —
         2        but this person who says he thinks they're phony. And so —
6        3        MR. VAN: But he shouldn't have been —
         4        THE COURT: Wait a minute, wait a minute, I'm not
7        5        trying it. But that's enough for me to let him have them.
         6        MR. VAN: The original documents?
8        7        THE COURT: No, you have the —
         8        MR. VAN: Yes, he —
9        9        HE COURT: No, the — what we're talking about —
         10       MR. VAN: — electronic —
10       11       THE COURT: — the electronic files.
         12       MR. VAN: — servicing records. Your Honor, —
11       13       THE COURT: Sir, look, I've had it. You have 20 days
         14       to provide the electronic files. No more discussions, no more
12       15       excuses, just provide them. You haven't filed a privilege log.
         16       There's no privilege. You haven't filed a burdensome affidavit.
13       17       There's no burden. Mr. Kelley has somebody who is very
         18       knowledgeable in certain areas who think they're phony.
14       19       Provide them. Now —
         20       MR. VAN: Your Honor, —
15       21       THE COURT: I'm not — I'm not hearing any more
         22       argument.
16       23       MR. VAN: — I want to be clear.
         24       THE COURT: I'm not hearing any more argument. Twenty
17       25       days, or you can be held in contempt.

18

19       Plaintiff's Objections to Mr. Van statements in the above portion of the transcript:

20       (a) Mr. Van makes a misleading statement by calling the "**electronic files**" the

21           "**Servicing Records**".

22   Further, the Declarant saith naught,

23

24

25

26

27

28   Declaration In Opposition to the False Statements    4              Adversary Case 10-05245

1  I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on November 11, 2013 at Saratoga, California.

3

4  *James Madison Kelley*

5  James Madison Kelley

6  Pro Se Plaintiff

7  14390 Douglass Lane
   Saratoga, CA 95070
8  (408) 402-1915
   jmadisonkelley@gmail.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Declaration In Opposition to the False Statements     5          Adversary Case 10-05245

**PROOF OF SERVICE**

I, James Madison Kelley, under penalty of perjury attest that I mailed the following document to the parties named below:

Declaration of James Madison Kelley in Reply to the False and Misleading Statements Made By Thomas S. Van at the Oct4, 2013 Hearing

By US mail to the following people:

S. Christopher Yoo, esq.
John M. Sorich, esq.
Thomas Van, esq.

AlvaradoSmith, PC
1 MacArthur Place, #200
Santa Ana, CA 92707

Dated at Saratoga, California, this 25$^h$ day of November 2013

By: _James Madison Kelley_
James Madison Kelley

PACER Notifies All Other Third Parties

Case 10-05245    Filed: 11/25/13    Entered: 11/25/11    Case: 05-5245 ABV    Page 6 of 23

1
2
3
4
5
6
7
8
9
10 **EXHIBIT 1**
11 **The October 4th Hearing Transcript**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Declaration In Opposition to the False Statements   7                    Adversary Case 10-05245

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE ARTHUR S. WEISSBRODT, JUDGE

| | |
|---|---|
| In Re:<br><br>JAMES MADISON KELLEY,<br><br>          Debtor.<br>_____ | ) Case No. 08-55305-ASW<br>) Chapter 11<br>)<br>)<br>)<br>)<br>) |
| JAMES MADISON KELLEY,<br><br>          Plaintiff,<br><br>       v.<br><br>JPMORGAN CHASE BANK, NA,<br><br>          Defendant.<br>_____ | ) Adv. No. 10-05245<br>)<br>) <u>PLAINTIFF'S MOTIONS to</u><br>) <u>COMPEL PRODUCTION of</u><br>) <u>DOCUMENTS and the DEPOSITION</u><br>) <u>of THOMAS VAN; and the</u><br>) <u>FDIC's MOTION to QUASH</u><br>) <u>the SUBPOENA</u><br>)<br>) Friday, October 4, 2013<br>) San Jose, California |

Appearances:

| | |
|---|---|
| For the Plaintiff: | James M. Kelley, *pro se*<br>14390 Douglass Lane<br>Saratoga, California  95013 |
| For the FDIC, as<br>Receiver for<br>Washington Mutual<br>Bank (via telephone): | Veronica Gray, Esq.<br>Nossaman LLP<br>777 South Figueroa Street, 34th Floor<br>Los Angeles, California  90017 |
| For the Defendant<br>(via telephone): | Thomas S. Van, Esq.<br>Alvarado Smith APC<br>1 MacArthur Place, Suite 200<br>Santa Ana, California  92707 |
| Digital Court<br>Recorder: | United States Bankruptcy Court<br>Clerk of the Court<br>Katie Rose<br>280 South First Street, Room 3035<br>San Jose, California  95113<br>(408) 278-7529 |
| Certified Electronic<br>Transcriber: | Palmer Reporting Services<br>1948 Diamond Oak Way<br>Manteca, California  95336-9124 |

Proceedings recorded by digital recording;
transcript produced by federally-approved transcription service.

PALMER REPORTING SERVICES
1948 Diamond Oak Way   Manteca California  95336-9124  (800) 665-6251

1   Friday, October 4, 2013                    3:27 o'clock p.m.

2                   P R O C E E D I N G S

3        THE COURT:  Okay.  Kelley versus JPMorgan Chase.

4        MR. VAN:  Your Honor, —

5        THE COURT:  Wait a second — wait a second.  I'm going

6   to take the appearance of men in court and then people on the

7   phone.

8        MR. KELLEY:  James Kelley, plaintiff.

9        THE COURT:  And now Veronica Gray?

10       MS. GRAY:  Correct.  Veronica Gray of Nossaman on

11  behalf of FDIC as receiver.

12       THE COURT:  And Thomas Van?

13       MR. VAN:  Yes, Your Honor.  Thomas Van on behalf of

14  JPMorgan Chase Bank.

15       THE COURT:  And Ellen Cha?  Ellen Cha?

16       MS. CHA:  Your Honor, I'm here appearing

17  telephonically, but I'm not scheduled for Court Docket Number 2.

18       THE COURT:  Oh, okay.  I'm sorry.  You're absolutely

19  right.  Okay.

20       Before the Court are three motions:  Plaintiff's

21  motion to compel production of documents, plaintiff's motion to

22  compel deposition of Thomas Van, and the FDIC's motion to quash

23  subpoena.  The plaintiff appears in pro per, defendant is

24  represented — was represented by Christopher Yu.  But who is on

25  the counsel now?

PALMER REPORTING SERVICES
1948 Diamond Oak Way   Manteca California   95336-9124   (800) 665-6251

1          MR. VAN:  Thomas Van, Your Honor.  We're in the same

2   firm.

3          THE COURT:  Okay.  And the FDIC is represented by

4   Amber Grayhorse.  The plaintiff —

5          MS. GRAY:  Amber —

6          THE COURT:  I'm sorry, what?

7          MS. GRAY:  Amber Grayhorse is on maternity leave and

8   I've been on the case with her.  I'm the partner in charge of

9   the case, Veronica Gray.

10         THE COURT:  Okay.  Very good, Ms. Gray.  Thank you.

11         MS. GRAY:  Thank you.

12         THE COURT:  So plaintiff's motion to compel — this is

13  A and B — production of documents is set for a status conference

14  today.  Plaintiff has requested a *Daubert* hearing regarding the

15  qualifications of plaintiff's expert.  However, the Court has

16  decided it would be more expeditious to have the proposed expert

17  file a declaration that addresses the relevant factors regarding

18  qualification and then permitting defendant to depose

19  plaintiff's proposed expert.

20         Now when will I get the declaration, Mr. Kelley?

21         MR. KELLEY:  Well, it's just a declaration of his

22  qualifications.

23         THE COURT:  No, he has to go — I handed you in court

24  the qualifications to be an expert witness.

25         MR. KELLEY:  Oh, yes.

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca California  95336-9124   (800) 665-6251

1          THE COURT:  So he has to —

2          MR. KELLEY:  Yeah, we're working that already, so.

3          THE COURT:  So he has to provide a declaration that

4   explains why he meets that standard.

5          MR. KELLEY:  Okay.  We could do it in a couple of

6   weeks.  We've been working on it for —

7          THE COURT:  That's fine.

8          MR. KELLEY:  — three weeks.

9          THE COURT:  That's fine.  The end of October?

10          MR. KELLEY:  Yeah, October 31st.  Yeah, that would be

11   good.

12          THE COURT:  Then after that defendant can depose

13   plaintiff's expert.  Can you depose him during the month of

14   November?

15          MR. VAN:  Yes, Your Honor.  I do have two trials in

16   November, one going on the 4th right now, and one I believe on

17   the 18th.  So it will be a little tight.  I would suggest that

18   by the — November, early December, if we can schedule something

19   with the plaintiff.

20          THE COURT:  That's fine.  You depose him by December

21   12th.

22          What date is December 12th, Brook, what day of the

23   week?

24          MR. VAN:  I have it at Thursday, Your Honor.

25          THE CLERK:  Thursday.

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca California  95336-9124   (800) 665-6251

1          THE COURT:  Yeah.  So by December 13th, that's fine.

2     Okay.

3          MR. VAN:  Yes, and —

4          THE COURT:  That's fine.

5          MR. VAN:  Your Honor, just a clarification.  May we

6     file a declaration in opposition after that?

7          THE COURT:  Sure.  But if you're going to file it,

8     file it within two weeks after that.

9          MR. VAN:  Yes, Your Honor.

10         THE COURT:  So it's not clear what the status is of

11    the documents plaintiff claims still have not been produced.  Is

12    it Chase's position that all documents have been produced?

13         MR. VAN:  Yeah, — well, Your Honor, the motion, the

14    first motion relating to JPMorgan itself, we have produced all

15    the original documents relating to the loan.  And that has been

16    produced four times already, twice to plaintiff's experts, Roy

17    Wetsell and James Blanco, neither of which filed any declaration

18    regarding its authenticity.

19         The documents that are actually the subject of this

20    motion that's been pending for quite a while now is the

21    electronic database which plaintiff believes will somehow prove

22    the unauthenticity of the original documents that we have in our

23    possession.  It is our position that electronic documents have

24    no relevancy to the documents that we are holding now in front

25    of us  as to its original status.  So that we — and the Court's

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca California  95336-9124   (800) 665-6251

1  motion actually on April 26th at that hearing was inclined it to
2  deny the plaintiff's motion, because there was no declaration
3  from experts saying that our documents were not original.
4  That's why we've been having these continuances, because Court
5  has now allowed Mr. Kelley three chances to get the experts — an
6  expert to say that our original documents that we have in hand
7  are not originals. And so — and no declaration has been filed
8  even after given two extra extensions. So I would be inclined
9  that the Court deny the motion, because the most recent
10  declaration that we see from Mr. Kelley is from a Roger Robowski
11  who, without looking at the original documents that we have,
12  opined in a previous declaration that our original documents are
13  not original by looking at two copies. That's like saying I'm
14  looking at two photographs of a tree and that based upon looking
15  at these photographs the tree is not — is not there. It's fake.
16          THE COURT: What is the burden of producing these
17  electronic files?
18          MR. VAN: The burden, Your Honor, is the relevancy
19  portion of this because —
20          THE COURT: I'm not asking you about relevancy. I'm
21  asking you strictly to address what the burden would be.
22          MR. VAN: Oh, that is a huge burden, because he's
23  asking about the private databases —
24          THE COURT: Look, sir, there's been no privilege log.
25  The propriety — all of that has nothing to do with that, because

PALMER REPORTING SERVICES
1948 Diamond Oak Way    Manteca California  95336-9124   (800) 665-6251

1   you've not filed a privilege log.  I'm asking solely about the

2   burden, the physical burden, of transferring.

3            MR. VAN:  The physical burden is actually finding the

4   information, Your Honor.  We would actually have to go through

5   and find whatever he's looking for, which is very voluminous.

6   And it's actually time-consuming.  So part of it would be asking

7   who's going to be paying for that?  And he should pay for that

8   if he wants that, but —

9            THE COURT:  You haven't provided a declaration as to

10  what it would take or how much it would cost.  You have provided

11  nothing, sir, nothing.  You haven't provided a —

12           MR. VAN:  Your Honor, —

13           THE COURT:  — declaration about how many hours it

14  would take, or who would have to do it, or what's involved, not

15  one thing.

16           MR. VAN:  And, Your Honor, we can provide that as part

17  of our — part of any — any further supplementation.

18           THE COURT:  It should have been provided a long time

19  ago.  If you had an objection to producing that on the grounds

20  of burdensomeness that should have been produced a long time

21  ago.

22           MR. VAN:  Yes, Your Honor, but our main portion of the

23  argument is that actually —

24           THE COURT:  You don't get to go — you don't get to go

25  seriatim.  You don't get to go:  Well, my argument number one

PALMER REPORTING SERVICES
1948 Diamond Oak Way   Manteca California  95336-9124   (800) 665-6251

1   failed, now I'm going to raise number two, and then next month

2   I'll raise number three.  It doesn't work like that, counsel.

3   You raise all of your arguments, you provide all your

4   information, and the Court decides.

5          MR. VAN:  Your Honor, based upon the last arguments we

6   had, not even on what I'm — in terms of burdensome, the first

7   part of our argument has always been the relevancy issue because

8   there are two claims in the second amended complaint, which are

9   the production of the notice of right to cancel under the Truth

10  and Lending Act and what Mr. Kelley claims is to be nonoriginal

11  documents that we have in our possession in terms of our client.

12  And so the original documents —

13         THE COURT:  You need to explain to me what possible

14  burden there is of just transferring the electronic files.

15         MR. VAN:  Your Honor, these are all electronic files

16  that we don't even know what he's asking for, it's so voluminous

17  and vague.  We've gone to actually meet-and-confers with Mr.

18  Kelley.  We've gone through — as asked by the Court.  We can't

19  agree on these things because they're — they don't even relate

20  to his loan, a lot of them.  And the burden of having to go

21  through all of that and finding of that I think would be

22  secondary to the issue of —

23         THE COURT:  I'm not asking the secondary issue.  I'm

24  asking solely what you have to do to to just transfer them and

25  let him worry about finding them.

PALMER REPORTING SERVICES
1948 Diamond Oak Way   Manteca California  55356-9124   (800) 665-6251

1          MR. VAN:  Your Honor, there is an initial — that —

2     that's — I'm not saying that's my first argument.

3          THE COURT:  I want you to address that argument, sir.

4     How many times do I have to tell you?  I don't want you to keep

5     going back and addressing a different argument.  I want you to

6     address that argument.

7          MR. VAN:  Your Honor, I myself am not an IT person.

8     So I would have to get the application.  I would have to get a

9     declaration to you.  And I would request that the Court allow us

10    to do that.

11         THE COURT: Well, why didn't you do it long before now?

12         MR. VAN:  Your Honor, because the Court actually

13    agreed with us in the original motion that the relevancy issue

14    was the first part, that the — that's why the Court actually

15    requested that plaintiff file an expert declaration to that

16    particular claim because the real issue is we've already

17    produced the records that are relevant to the action, which are

18    the loan file and the original loan file.

19         So why would you go through and make JPMorgan or

20    anybody else jumps through those holes if the relevant documents

21    are already in front of us?  That was actually the Court's rul-

22    — part of the reasoning of the Court's ruling on April 26th and

23    — though the Court was inclined to decline motion because of

24    that.

25         THE COURT:  Yes.  But then we got this expert who's

PALMER REPORTING SERVICES
1948 Diamond Oak Way   Manteca California  95336-9124   (800) 665-6251

1  testified — whether he's an expert or not remains to be seen —

2  but this person who says he thinks they're phony.  And so —

3          MR. VAN:  But he shouldn't have been —

4          THE COURT:  Wait a minute, wait a minute, I'm not

5  trying it.  But that's enough for me to let him have them.

6          MR. VAN:  The original documents?

7          THE COURT:  No, you have the —

8          MR. VAN:  Yes, he —

9          THE COURT:  No, the — what we're talking about —

10          MR. VAN:  — electronic —

11          THE COURT:  — the electronic files.

12          MR. VAN:  — servicing records.  Your Honor, —

13          THE COURT:  Sir, look, I've had it.  You have 20 days

14  to provide the electronic files.  No more discussions, no more

15  excuses, just provide them.  You haven't filed a privilege log.

16  There's no privilege.  You haven't filed a burdensome affidavit.

17  There's no burden.  Mr. Kelley has somebody who is very

18  knowledgeable in certain areas who thinks they're phony.

19  Provide them.  Now —

20          MR. VAN:  Your Honor, —

21          THE COURT:  I'm not — I'm not hearing any more

22  argument.

23          MR. VAN:  — I want to be clear.

24          THE COURT:  I'm not hearing any more argument.  Twenty

25  days, or you can be held in contempt.

Case: 10-05245   Doc# 337   Filed: 11/25/13   Entered: 11/26/13 12:55:48   Page 17 of 23

1          Now what — when can your ex- — we've talked about

2     this, your expert filing a declaration.

3          With respect to plaintiff's motion to compel the

4     deposition of Thomas Van, the motion is premature for the

5     reasons I will explain later.  It appears that the subpoena was

6     not properly served as the subpoena was incomplete.  It's not

7     clear to the Court that Mr. Van is a proper witness to be

8     deposed in this matter.  And the authorities cited by Mr. Van in

9     his brief strongly supports the conclusion that as a general

10    rule an attorney for a party should not be deposed.

11         Now, counsel, does the defendant intend to call Mr.

12    Van as a witness for any purpose, any possibility in this

13    litigation?

14         MR. VAN:  No, Your Honor.  This is Mr. — I am Mr. Van.

15    Now I'm not going to be a witness in this case.

16         THE COURT:  For sure, —

17         MR. VAN:  Yes.

18         THE COURT:  — 100 percent sure?

19         MR. VAN:  I am not a witness in this case, Your Honor.

20    I'm counsel for JPMorgan.

21         THE COURT:  I understand.  But sometimes counsel will

22    for reasons that are particular to a case want to be called as a

23    witness, because they are —

24         MR. VAN:  I have no —

25         THE COURT:  I'm not asking your intention.  I'm saying

PALMER REPORTING SERVICES
1948 Diamond Oak Way · Manteca California · 95336-9124  (800) 665-6251

1  the defendant agrees never to call you as a witness.  So we

2  dispose of that issue.

3          MR. VAN:  Your Honor, I have — yeah, I am not going to

4  be a witness in the case.

5          THE COURT:  All right.  So defendant agrees never to

6  call Mr. Van as a witness for any purpose in this litigation.

7  The Court is not ruling at this time, but warns plaintiff that

8  he should be prepared to address the objections raised by Mr.

9  Van if and when plaintiff reserves the subpoena.  For now the

10  motion is denied without prejudice as premature.  The idea that

11  Mr. Van is on some witness list, Mr. Van was on the plaintiff's

12  witness list, not on any defendant's witness list as far as we

13  could tell.  So that not an issue.

14          With respect to E through F, the Court is prepared to

15  rule on third-party FDIC's motion to quash subpoena and will

16  grant the motion without prejudice to Mr. Kelley reserving a

17  subpoena in the event the documents cannot be obtained from the

18  defendant.  Mr. Kelley served a subpoena on the FDIC on March

19  14, 2013 seeking all records and loan documents from 11

20  electronic databases related to certain Washington Mutual Bank

21  loans.  The FDIC was appointed as receiver for Washington Mutual

22  on September 25th, 2008 and the assets of Washington Mutual were

23  sold to JPMorgan Chase.  Receiver moves to quash on the grounds

24  that the databases are not in the receiver's possession, but are

25  in the possession of defendant Chase.  Receiver argues that the

Case: 10-05245   Doc#:337   Filed: 11/25/13   Entered: 11/26/13 12:55:48   Page 19 of 23

1 request is unduly burdensome, because Chase, not the receiver,

2 has possession and custody of the database records.

3       Kelley objects to the motion arguing that Chase has a

4 history of altering documents and therefore Kelley shouldn't

5 have to rely on Chase to obtain the documents. Mr. Kelley also

6 argues that the request is not unduly burdensome relying on an

7 affidavit by Michael Zarro, Senior Vice President of default

8 specialty operations with Chase, filed in an unrelated case

9 stated that database documents can be produced by Chase within a

10 week.

11       Mr. Kelley also alleges that the receiver has a vested

12 interest in blocking discovery because it has an 80-to-20-

13 percent loss sharing agreement with Chase. Mr. Kelley alleges

14 that only a few of the electronic databases have been produced

15 and that Chase has explicitly refused to produce a privilege

16 log. It's up to Chase whether they want to claim privilege and

17 they haven't.

18       Mr. Kelley argues that the request is not cumulative

19 or duplicative in that neither the receiver nor Chase has

20 produced the records. He argues further that he needs the

21 documents to determine chain of title, who the owners are,

22 whether notice of default was in compliance with the deed of

23 trust and properly authorized, whether the loans were in

24 default, and the chain of custody, the promissory note and

25 credit agreement.

Case: 10-05245   Doc#:337   Filed: 11/25/13   Entered: 11/26/13 12:55:48   Page 20 of 23

1    Mr. Kelley also disputed statements made in the

2   declarations of Amber Grayhorse and Ray Rivard, but has produced

3   no evidence rebutting those statements.  Under Federal Rule of

4   Civil Procedure 45 on timely motion the Court must quash or

5   modify a subpoena that subjects the person to undue burden.  In

6   determining undue burden the Court is to look at Federal Rule of

7   Civil Procedure 26, which requires the Court to limit discovery

8   that is unreasonably cumulative, or duplicative, or can be

9   obtained from some other source that is more convenient, less

10  burdensome, or less expensive.  *Nysdec Corp. versus Victor*

11  *Company of Japan*, 246 FRD 575 at 577, Northern District of

12  California 2007; *EEOC versus Ferramonte* 237 FRD 220 at 223,

13  Northern District of California 2006.

14    In *Nysdec* the Court granted a motion to quash because

15  the vast majority of the discovery was obtainable from the

16  defendants, a source more direct, convenient, and less

17  burdensome.  249 FRD at 577.

18    Here it is all not at all clear to the Court that the

19  documents cannot be obtained from Chase, especially given what

20  Mr. Zarro says, the Senior Vice President of default specially

21  operations with Chase, filed in an unrelated case stating that

22  database documents could be produced by Chase within a week.

23    Therefore, the Court grants the receiver's motion

24  without prejudice on the ground the document request is

25  premature.  The Court sees no reason why a nonparty should be

Case: 10-05245   Doc#:337   Filed: 11/25/13   Entered: 11/26/13 12:55:48   Page 21 of 23

1  required to produce documents that can be obtained from a party

2  unless that party has refused to provide those documents.  Even

3  if plaintiff's allegations that Chase has altered documents are

4  correct there's no guaranty that those alterations would not be

5  contained in the documents produced by Chase to the FDIC and

6  thereafter transmitted to the plaintiff.  So that argument

7  doesn't carry much water with me.

8          The Court notes that the cases cited by the FDIC,

9  *Nysdec* and *Serramonte*, stand for the proposition that the Court

10  can limit discovery that is unreasonably duplicative if that

11  discovery can be obtained from another source that is more

12  convenient, less burdensome, or less expensive.

13          It follows then from this that if the defendant cannot

14  or won't produce the documents plaintiff would be entitled to,

15  then plaintiff would be entitled to subpoena them from a third

16  party, here the FDIC.

17          Counsel for the FDIC may submit a proposed form of

18  order.

19          Mr. Kelley, you should submit a proposed form of order

20  on the files that I told them to produce to you.

21          Is there anything else, because I have another matter

22  today?  Thank you.

23          MS. GRAY:  Thank you, Your Honor.

24          [COUNSEL]:  Thank you.

25      (Proceedings were concluded at 3:46 p.m.)   —o0o—

State of California      )
                           )   SS.
County of San Joaquin   )

       I, Susan Palmer, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the digital recording provided to me by the United States Bankruptcy Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

       I further certify I am not a party to nor in any way interested in the outcome of this matter.

       I am a Certified Electronic Reporter and Transcriber through the American Association of Electronic Reporters and Transcribers, Certificate No. 00124. Palmer Reporting Services is approved by the Administrative Office of the United States Courts to officially prepare transcripts for the U.S. District and Bankruptcy Courts.

                              Susan Palmer
                              Palmer Reporting Services

                              Dated November 18, 2013