UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE ARTHUR S. WEISSBRODT, JUDGE

| | |
|---|---|
| In Re:<br><br>JAMES MADISON KELLEY,<br><br>　　　　　Debtor. | ) Case No. 08-55305-ASW<br>) Chapter 11<br>)<br>)<br>) |
| JAMES MADISON KELLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, NA,<br><br>　　　　　Defendant. | ) Adv. No. 10-05245<br>) <u>PLAINTIFF'S MOTIONS to</u><br>) <u>COMPEL PRODUCTION of</u><br>) <u>DOCUMENTS and the DEPOSITION</u><br>) <u>of THOMAS VAN; and the</u><br>) <u>FDIC's MOTION to QUASH</u><br>) <u>the SUBPOENA</u><br>)<br>) Friday, October 4, 2013<br>) San Jose, California |

<u>Appearances</u>:

| | |
|---|---|
| For the Plaintiff: | James M. Kelley, *pro se*<br>14390 Douglass Lane<br>Saratoga, California 95070 |
| For the FDIC, as<br>Receiver for<br>Washington Mutual<br>Bank (via telephone): | Veronica Gray, Esq.<br>Nossaman LLP<br>777 South Figueroa Street, 34th Floor<br>Los Angeles, California 90017 |
| For the Defendant<br>(via telephone): | Thomas S. Van, Esq.<br>Alvarado Smith APC<br>1 MacArthur Place, Suite 200<br>Santa Ana, California 92707 |
| Digital Court<br>Recorder: | United States Bankruptcy Court<br>Clerk of the Court<br>Katie Rose<br>280 South First Street, Room 3035<br>San Jose, California 95113<br>(408) 278-7529 |
| Certified Electronic<br>Transcriber: | Palmer Reporting Services<br>1948 Diamond Oak Way<br>Manteca, California 95336-9124 |

Proceedings recorded by digital recording;
transcript produced by federally-approved transcription service.

```
 1  Friday, October 4, 2013                    3:27 o'clock p.m.
 2                      P R O C E E D I N G S
 3            THE COURT:  Okay.  Kelley versus JPMorgan Chase.
 4            MR. VAN:  Your Honor, —
 5            THE COURT:  Wait a second — wait a second.  I'm going
 6  to take the appearance of men in court and then people on the
 7  phone.
 8            MR. KELLEY:  James Kelley, plaintiff.
 9            THE COURT:  And now Veronica Gray?
10            MS. GRAY:  Correct.  Veronica Gray of Nossaman on
11  behalf of FDIC as receiver.
12            THE COURT:  And Thomas Van?
13            MR. VAN:  Yes, Your Honor.  Thomas Van on behalf of
14  JPMorgan Chase Bank.
15            THE COURT:  And Ellen Cha?  Ellen Cha?
16            MS. CHA:  Your Honor, I'm here appearing
17  telephonically, but I'm not scheduled for Court Docket Number 2.
18            THE COURT:  Oh, okay.  I'm sorry.  You're absolutely
19  right.  Okay.
20            Before the Court are three motions:  Plaintiff's
21  motion to compel production of documents, plaintiff's motion to
22  compel deposition of Thomas Van, and the FDIC's motion to quash
23  subpoena.  The plaintiff appears in pro per, defendant is
24  represented — was represented by Christopher Yu.  But who is on
25  the counsel now?
```

1   MR. VAN: Thomas Van, Your Honor. We're in the same
2   firm.
3   THE COURT: Okay. And the FDIC is represented by
4   Amber Grayhorse. The plaintiff —
5   MS. GRAY: Amber —
6   THE COURT: I'm sorry, what?
7   MS. GRAY: Amber Grayhorse is on maternity leave and
8   I've been on the case with her. I'm the partner in charge of
9   the case, Veronica Gray.
10   THE COURT: Okay. Very good, Ms. Gray. Thank you.
11   MS. GRAY: Thank you.
12   THE COURT: So plaintiff's motion to compel — this is
13   A and B — production of documents is set for a status conference
14   today. Plaintiff has requested a *Daubert* hearing regarding the
15   qualifications of plaintiff's expert. However, the Court has
16   decided it would be more expeditious to have the proposed expert
17   file a declaration that addresses the relevant factors regarding
18   qualification and then permitting defendant to depose
19   plaintiff's proposed expert.
20   Now when will I get the declaration, Mr. Kelley?
21   MR. KELLEY: Well, it's just a declaration of his
22   qualifications.
23   THE COURT: No, he has to go — I handed you in court
24   the qualifications to be an expert witness.
25   MR. KELLEY: Oh, yes.

```
 1              THE COURT:  So he has to —
 2              MR. KELLEY:  Yeah, we're working that already, so.
 3              THE COURT:  So he has to provide a declaration that
 4    explains why he meets that standard.
 5              MR. KELLEY:  Okay.  We could do it in a couple of
 6    weeks.  We've been working on it for —
 7              THE COURT:  That's fine.
 8              MR. KELLEY:  — three weeks.
 9              THE COURT:  That's fine.  The end of October?
10              MR. KELLEY:  Yeah, October 31st.  Yeah, that would be
11    good.
12              THE COURT:  Then after that defendant can depose
13    plaintiff's expert.  Can you depose him during the month of
14    November?
15              MR. VAN:  Yes, Your Honor.  I do have two trials in
16    November, one going on the 4th right now, and one I believe on
17    the 18th.  So it will be a little tight.  I would suggest that
18    by the — November, early December, if we can schedule something
19    with the plaintiff.
20              THE COURT:  That's fine.  You depose him by December
21    12th.
22              What date is December 12th, Brook, what day of the
23    week?
24              MR. VAN:  I have it at Thursday, Your Honor.
25              THE CLERK:  Thursday.
```

1       THE COURT: Yeah. So by December 13th, that's fine.
2  Okay.
3       MR. VAN: Yes, and —
4       THE COURT: That's fine.
5       MR. VAN: Your Honor, just a clarification. May we
6  file a declaration in opposition after that?
7       THE COURT: Sure. But if you're going to file it,
8  file it within two weeks after that.
9       MR. VAN: Yes, Your Honor.
10      THE COURT: So it's not clear what the status is of
11 the documents plaintiff claims still have not been produced. Is
12 it Chase's position that all documents have been produced?
13      MR. VAN: Yeah, — well, Your Honor, the motion, the
14 first motion relating to JPMorgan itself, we have produced all
15 the original documents relating to the loan. And that has been
16 produced four times already, twice to plaintiff's experts, Roy
17 Wetsell and James Blanco, neither of which filed any declaration
18 regarding its authenticity.
19      The documents that are actually the subject of this
20 motion that's been pending for quite a while now is the
21 electronic database which plaintiff believes will somehow prove
22 the unauthenticity of the original documents that we have in our
23 possession. It is our position that electronic documents have
24 no relevancy to the documents that we are holding now in front
25 of us as to its original status. So that we — and the Court's

1  motion actually on April 26th at that hearing was inclined it to
2  deny the plaintiff's motion, because there was no declaration
3  from experts saying that our documents were not original.
4  That's why we've been having these continuances, because Court
5  has now allowed Mr. Kelley three chances to get the experts — an
6  expert to say that our original documents that we have in hand
7  are not originals. And so — and no declaration has been filed
8  even after given two extra extensions. So I would be inclined
9  that the Court deny the motion, because the most recent
10 declaration that we see from Mr. Kelley is from a Roger Robowski
11 who, without looking at the original documents that we have,
12 opined in a previous declaration that our original documents are
13 not original by looking at two copies. That's like saying I'm
14 looking at two photographs of a tree and that based upon looking
15 at these photographs the tree is not — is not there. It's fake.
16         THE COURT: What is the burden of producing these
17 electronic files?
18         MR. VAN: The burden, Your Honor, is the relevancy
19 portion of this because —
20         THE COURT: I'm not asking you about relevancy. I'm
21 asking you strictly to address what the burden would be.
22         MR. VAN: Oh, that is a huge burden, because he's
23 asking about the private databases —
24         THE COURT: Look, sir, there's been no privilege log.
25 The propriety — all of that has nothing to do with that, because

1  you've not filed a privilege log.  I'm asking solely about the
2  burden, the physical burden, of transferring.
3              MR. VAN:  The physical burden is actually finding the
4  information, Your Honor.  We would actually have to go through
5  and find whatever he's looking for, which is very voluminous.
6  And it's actually time-consuming.  So part of it would be asking
7  who's going to be paying for that?  And he should pay for that
8  if he wants that, but —
9              THE COURT:  You haven't provided a declaration as to
10 what it would take or how much it would cost.  You have provided
11 nothing, sir, nothing.  You haven't provided a —
12             MR. VAN:  Your Honor, —
13             THE COURT:  — declaration about how many hours it
14 would take, or who would have to do it, or what's involved, not
15 one thing.
16             MR. VAN:  And, Your Honor, we can provide that as part
17 of our — part of any — any further supplementation.
18             THE COURT:  It should have been provided a long time
19 ago.  If you had an objection to producing that on the grounds
20 of burdensomeness that should have been produced a long time
21 ago.
22             MR. VAN:  Yes, Your Honor, but our main portion of the
23 argument is that actually —
24             THE COURT:  You don't get to go — you don't get to go
25 seriatim.  You don't get to go:  Well, my argument number one

1   failed, now I'm going to raise number two, and then next month
2   I'll raise number three.  It doesn't work like that, counsel.
3   You raise all of your arguments, you provide all your
4   information, and the Court decides.
5              MR. VAN:  Your Honor, based upon the last arguments we
6   had, not even on what I'm — in terms of burdensome, the first
7   part of our argument has always been the relevancy issue because
8   there are two claims in the second amended complaint, which are
9   the production of the notice of right to cancel under the Truth
10  and Lending Act and what Mr. Kelley claims is to be nonoriginal
11  documents that we have in our possession in terms of our client.
12  And so the original documents —
13             THE COURT:  You need to explain to me what possible
14  burden there is of just transferring the electronic files.
15             MR. VAN:  Your Honor, these are all electronic files
16  that we don't even know what he's asking for, it's so voluminous
17  and vague.  We've gone to actually meet-and-confers with Mr.
18  Kelley.  We've gone through — as asked by the Court.  We can't
19  agree on these things because they're — they don't even relate
20  to his loan, a lot of them.  And the burden of having to go
21  through all of that and finding of that I think would be
22  secondary to the issue of —
23             THE COURT:  I'm not asking the secondary issue.  I'm
24  asking solely what you have to do to to just transfer them and
25  let him worry about finding them.

1      MR. VAN: Your Honor, there is an initial — that —
2 that's — I'm not saying that's my first argument.
3      THE COURT: I want you to address that argument, sir.
4 How many times do I have to tell you? I don't want you to keep
5 going back and addressing a different argument. I want you to
6 address that argument.
7      MR. VAN: Your Honor, I myself am not an IT person.
8 So I would have to get the application. I would have to get a
9 declaration to you. And I would request that the Court allow us
10 to do that.
11      THE COURT: Well, why didn't you do it long before now?
12      MR. VAN: Your Honor, because the Court actually
13 agreed with us in the original motion that the relevancy issue
14 was the first part, that the — that's why the Court actually
15 requested that plaintiff file an expert declaration to that
16 particular claim because the real issue is we've already
17 produced the records that are relevant to the action, which are
18 the loan file and the original loan file.
19      So why would you go through and make JPMorgan or
20 anybody else jumps through those holes if the relevant documents
21 are already in front of us? That was actually the Court's rul-
22 — part of the reasoning of the Court's ruling on April 26th and
23 — though the Court was inclined to decline motion because of
24 that.
25      THE COURT: Yes. But then we got this expert who's

1  testified — whether he's an expert or not remains to be seen —
2  but this person who says he thinks they're phony.  And so —
3          MR. VAN:  But he shouldn't have been —
4          THE COURT:  Wait a minute, wait a minute, I'm not
5  trying it.  But that's enough for me to let him have them.
6          MR. VAN:  The original documents?
7          THE COURT:  No, you have the —
8          MR. VAN:  Yes, he —
9          THE COURT:  No, the — what we're talking about —
10         MR. VAN:  — electronic —
11         THE COURT:  — the electronic files.
12         MR. VAN:  — servicing records.  Your Honor, —
13         THE COURT:  Sir, look, I've had it.  You have 20 days
14 to provide the electronic files.  No more discussions, no more
15 excuses, just provide them.  You haven't filed a privilege log.
16 There's no privilege.  You haven't filed a burdensome affidavit.
17 There's no burden.  Mr. Kelley has somebody who is very
18 knowledgeable in certain areas who thinks they're phony.
19 Provide them.  Now —
20         MR. VAN:  Your Honor, —
21         THE COURT:  I'm not — I'm not hearing any more
22 argument.
23         MR. VAN:  — I want to be clear.
24         THE COURT:  I'm not hearing any more argument.  Twenty
25 days, or you can be held in contempt.

1    Now what — when can your ex- — we've talked about
2 this, your expert filing a declaration.
3    With respect to plaintiff's motion to compel the
4 deposition of Thomas Van, the motion is premature for the
5 reasons I will explain later.  It appears that the subpoena was
6 not properly served as the subpoena was incomplete.  It's not
7 clear to the Court that Mr. Van is a proper witness to be
8 deposed in this matter.  And the authorities cited by Mr. Van in
9 his brief strongly supports the conclusion that as a general
10 rule an attorney for a party should not be deposed.
11    Now, counsel, does the defendant intend to call Mr.
12 Van as a witness for any purpose, any possibility in this
13 litigation?
14    MR. VAN:  No, Your Honor.  This is Mr. — I am Mr. Van.
15 Now I'm not going to be a witness in this case.
16    THE COURT:  For sure, —
17    MR. VAN:  Yes.
18    THE COURT:  — 100 percent sure?
19    MR. VAN:  I am not a witness in this case, Your Honor.
20 I'm counsel for JPMorgan.
21    THE COURT:  I understand.  But sometimes counsel will
22 for reasons that are particular to a case want to be called as a
23 witness, because they are —
24    MR. VAN:  I have no —
25    THE COURT:  I'm not asking your intention.  I'm saying

1  the defendant agrees never to call you as a witness.  So we
2  dispose of that issue.
3           MR. VAN:  Your Honor, I have — yeah, I am not going to
4  be a witness in the case.
5           THE COURT:  All right.  So defendant agrees never to
6  call Mr. Van as a witness for any purpose in this litigation.
7  The Court is not ruling at this time, but warns plaintiff that
8  he should be prepared to address the objections raised by Mr.
9  Van if and when plaintiff reserves the subpoena.  For now the
10 motion is denied without prejudice as premature.  The idea that
11 Mr. Van is on some witness list, Mr. Van was on the plaintiff's
12 witness list, not on any defendant's witness list as far as we
13 could tell.  So that not an issue.
14          With respect to E through F, the Court is prepared to
15 rule on third-party FDIC's motion to quash subpoena and will
16 grant the motion without prejudice to Mr. Kelley reserving a
17 subpoena in the event the documents cannot be obtained from the
18 defendant.  Mr. Kelley served a subpoena on the FDIC on March
19 14, 2013 seeking all records and loan documents from 11
20 electronic databases related to certain Washington Mutual Bank
21 loans.  The FDIC was appointed as receiver for Washington Mutual
22 on September 25th, 2008 and the assets of Washington Mutual were
23 sold to JPMorgan Chase.  Receiver moves to quash on the grounds
24 that the databases are not in the receiver's possession, but are
25 in the possession of defendant Chase.  Receiver argues that the

1 request is unduly burdensome, because Chase, not the receiver,
2 has possession and custody of the database records.
3     Kelley objects to the motion arguing that Chase has a
4 history of altering documents and therefore Kelley shouldn't
5 have to rely on Chase to obtain the documents. Mr. Kelley also
6 argues that the request is not unduly burdensome relying on an
7 affidavit by Michael Zarro, Senior Vice President of default
8 specialty operations with Chase, filed in an unrelated case
9 stated that database documents can be produced by Chase within a
10 week.
11     Mr. Kelley also alleges that the receiver has a vested
12 interest in blocking discovery because it has an 80-to-20-
13 percent loss sharing agreement with Chase. Mr. Kelley alleges
14 that only a few of the electronic databases have been produced
15 and that Chase has explicitly refused to produce a privilege
16 log. It's up to Chase whether they want to claim privilege and
17 they haven't.
18     Mr. Kelley argues that the request is not cumulative
19 or duplicative in that neither the receiver nor Chase has
20 produced the records. He argues further that he needs the
21 documents to determine chain of title, who the owners are,
22 whether notice of default was in compliance with the deed of
23 trust and properly authorized, whether the loans were in
24 default, and the chain of custody, the promissory note and
25 credit agreement.

1     Mr. Kelley also disputed statements made in the
2 declarations of Amber Grayhorse and Ray Rivard, but has produced
3 no evidence rebutting those statements.  Under Federal Rule of
4 Civil Procedure 45 on timely motion the Court must quash or
5 modify a subpoena that subjects the person to undue burden.  In
6 determining undue burden the Court is to look at Federal Rule of
7 Civil Procedure 26, which requires the Court to limit discovery
8 that is unreasonably cumulative, or duplicative, or can be
9 obtained from some other source that is more convenient, less
10 burdensome, or less expensive.  *Nysdec Corp. versus Victor*
11 *Company of Japan*, 246 FRD 575 at 577, Northern District of
12 California 2007; *EEOC versus Ferramonte* 237 FRD 220 at 223,
13 Northern District of California 2006.
14     In *Nysdec* the Court granted a motion to quash because
15 the vast majority of the discovery was obtainable from the
16 defendants, a source more direct, convenient, and less
17 burdensome.  249 FRD at 577.
18     Here it is all not at all clear to the Court that the
19 documents cannot be obtained from Chase, especially given what
20 Mr. Zarro says, the Senior Vice President of default specially
21 operations with Chase, filed in an unrelated case stating that
22 database documents could be produced by Chase within a week.
23     Therefore, the Court grants the receiver's motion
24 without prejudice on the ground the document request is
25 premature.  The Court sees no reason why a nonparty should be

1  required to produce documents that can be obtained from a party
2  unless that party has refused to provide those documents.  Even
3  if plaintiff's allegations that Chase has altered documents are
4  correct there's no guaranty that those alterations would not be
5  contained in the documents produced by Chase to the FDIC and
6  thereafter transmitted to the plaintiff.  So that argument
7  doesn't carry much water with me.
8        The Court notes that the cases cited by the FDIC,
9  *Nysdec* and *Serramonte*, stand for the proposition that the Court
10 can limit discovery that is unreasonably duplicative if that
11 discovery can be obtained from another source that is more
12 convenient, less burdensome, or less expensive.
13       It follows then from this that if the defendant cannot
14 or won't produce the documents plaintiff would be entitled to,
15 then plaintiff would be entitled to subpoena them from a third
16 party, here the FDIC.
17       Counsel for the FDIC may submit a proposed form of
18 order.
19       Mr. Kelley, you should submit a proposed form of order
20 on the files that I told them to produce to you.
21       Is there anything else, because I have another matter
22 today?  Thank you.
23       MS. GRAY:  Thank you, Your Honor.
24       [COUNSEL]:  Thank you.
25       (Proceedings were concluded at 3:46 p.m.)   —oOo—

```
State of California        )
                           )    SS.
County of San Joaquin      )
```

       I, Susan Palmer, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages, of the digital recording provided to me by the United States Bankruptcy Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

       I further certify I am not a party to nor in any way interested in the outcome of this matter.

       I am a Certified Electronic Reporter and Transcriber through the American Association of Electronic Reporters and Transcribers, Certificate No. 00124. Palmer Reporting Services is approved by the Administrative Office of the United States Courts to officially prepare transcripts for the U.S. District and Bankruptcy Courts.

       Susan Palmer
Palmer Reporting Services

Dated November 18, 2013