JOHN M. SORICH (CA Bar No. 25223)
jsorich@alvaradosmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@alvaradosmith.com
THOMAS S. VAN (CA Bar No. 209632)
tvan@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. AN ACQUIRER OF CERTAIN
ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK
FROM THE FDIC ACTING AS RECEIVER, erroneously sued as
JPMORGAN CHASE BANK, NA (successor to)
WASHINGTON MUTUAL BANK

<div style="text-align:center; font-style:italic;">
ALVARADOSMITH<br>
A PROFESSIONAL CORPORATION<br>
SANTA ANA
</div>

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JAMES MADISON KELLEY,<br><br>     Debtor.<br>——————————————<br>JAMES MADISON KELLEY,<br><br>     Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NA (successor to) WASHINGTON MUTUAL BANK<br><br>     Defendants. | **Adversary Case No.:** 10-05245<br><br>Main BK Case No.: 08-55305 ASW (Chapter 11)<br><br>JUDGE: Honorable Arthur S. Weissbrodt<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

     Whereas James Madison Kelley (the "Debtor") and JPMorgan Chase Bank, N.A. ("JPMorgan" or "Defendant") have propounded discovery in connection with the above-referenced adversary proceeding and whereas JPMorgan has objected to some of the items requested on the grounds of privilege and confidentiality.  The Debtor and

Case: 10-05245    Doc# 376    Filed: 03/27/14    Entered: 03/27/14 11:50:28    Page 1 of 9

JPMorgan (collectively, the "Parties," and singularly a "Party") hereby stipulate, and request the Court to enter an order approving, the following protective order ("Stipulated Protective Order").

1. <u>Definitions</u>

(a) "Adversary Proceeding" means Kelley v. JPMorgan Chase Bank, N.A., Adv. Proc. No. 10-05245, pending in the United States Bankruptcy Court for the Northern District of California.

(b) "Confidential Information" means information or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), made applicable to this matter by Federal Rules of Bankruptcy Procedure 7026 and 9014.

(c) "Designating Party" means a Party or non-party that designates Discovery Material as "Confidential" in this Adversary Proceeding.

(d) "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Adversary Proceeding.

(e) "Protected Material" means any Discovery Material that is designated as "Confidential."

(f) "Producing Party" means a Party or a non-party that produces Discovery Material in this Adversary Proceeding.

(g) "Receiving Party" means a Party that receives Discovery Material in this Adversary Proceeding.

2. <u>Designation of Confidential Information:</u>

(a) For Confidential Information in documentary form (apart from transcripts of depositions), the Producing Party shall stamp "CONFIDENTIAL" on the copies of the document produced. Stamping "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as Confidential

STIPULATION FOR A PROTECTIVE ORDER

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

unless otherwise indicated by the Producing Party.

(b)     For Confidential Information contained in testimony given in deposition, the Party or non-party offering or sponsoring the testimony must identify on the record, before the certification of the deposition transcript, all protected testimony and further specify any portions of the testimony that qualify as "CONFIDENTIAL."

(c)     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  If material is appropriately designated by "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

(d)     Discovery Material designated as Confidential Information under this Stipulated Protective Order and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential Information shall be used only for the purpose of the prosecution, defense, or settlement of this Adversary Proceeding and for no other purpose.

3.     Duration.  Even after the termination of this Adversary Proceeding, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.     Access to and Use of Protected Material.

(a)     Protected Material that is designated as "Confidential" and produced pursuant to this Stipulated Protective Order may be disclosed or made available only to the Court, counsel for a Party (including the paralegal, clerical, and secretarial staff employed by counsel), and "qualified persons" designated below:

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

3709137.1 -- AL109.W1435

(i)  A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Adversary Proceeding.

(ii)  Experts or consultants (together with their clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of this Adversary Proceeding, who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

(iii)  Court reporters employed in this Adversary Proceeding.

(iv)  A witness at any deposition or other proceeding in this Adversary Proceeding, who has signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

(v)  Any other person as to whom the Parties in writing agree, who has signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

(b)  Nothing in this Stipulated Protective Order shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this Adversary Proceeding, regardless of whether such material is also obtained through discovery in this Adversary Proceeding or from disclosing its own confidential material as it deems appropriate.

5.  Challenging Confidentiality Designations.

(a)  Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)  Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must

4
STIPULATION FOR A PROTECTIVE ORDER

3709137.1 -- AL109.W1435

1  begin the process by conferring directly (in voice to voice dialogue; other forms of

2  communication are not sufficient) with counsel for the Designating Party.  In

3  conferring, the challenging Party must explain the basis for its belief that the

4  confidentiality designation was not proper and must give the Designating Party an

5  opportunity to review the designated material, to reconsider the circumstances, and, if

6  no change in designation is offered, to explain the basis for the chosen designation.  A

7  challenging Party may proceed to the next stage of the challenge process only if it has

8  engaged in this meet and confer process first.

9          (c)     Judicial Intervention.  A Party that elects to press a challenge to a

10  confidentiality designation after considering the justification offered by the

11  Designating Party may file and serve a motion that identifies the challenged material

12  and sets forth in detail the basis for the challenge.  Each such motion must be

13  accompanied by a competent declaration that affirms that the movant has complied

14  with the meet and confer requirements imposed in the preceding paragraph and that

15  sets forth with specificity the justification for the confidentiality designation that was

16  given by the Designating Party in the meet and confer dialogue.

17       6.     Protected Material Subpoenaed Or Ordered Produced In Other Litigation.

18          (a)     If a Receiving Party is served with a subpoena or an order issued in

19  other litigation that would compel disclosure of any information or items designated

20  in this Adversary Proceeding as "CONFIDENTIAL," the Receiving Party must notify

21  the Designating Party, in writing (by fax, if possible) immediately and in no event

22  more than three court days after receiving the subpoena or order.  Such notification

23  must include a copy of the subpoena or court order.

24          (b)     The Receiving Party also must immediately inform in writing the

25  Party who caused the subpoena or order to issue in the other litigation that some or all

26  the material covered by the subpoena or order is the subject of this Stipulated

27  Protective Order.  In addition, the Receiving Party must deliver a copy of this

28  Stipulated Protective Order promptly to the party in the other action that caused the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

subpoena or order to issue.

(c)     The purpose of imposing these duties is to alert the interested Parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

7.     <u>Unauthorized Disclosure of Protected Material.</u>  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8.     <u>Filing Protected Material.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Adversary Proceeding any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local District Court Rule 79-5, incorporated by reference by Local Bankruptcy Rule 1001-2(a).

9.     This Stipulated Protective Order shall be without prejudice to the rights of the Parties:

(a)     to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted;

(b)     to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein;

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

3709137.1 -- AL109.W1435

1        (c)  to seek modification of this Stipulated Protective Order by the

2    Court in the future; or

3        (d)  to object on any ground to use in evidence any of the material

4    covered by this Stipulated Protective Order.

5       10.  This Stipulated Protective Order is entered solely for the purpose of

6    facilitating the exchange of documents and information between the Parties to this

7    Adversary Proceeding without unnecessarily involving the Court in the process.

8    Nothing in this Stipulated Protective Order nor the production of any information or

9    document under the terms of this Stipulated Protective Order nor any proceedings

10   pursuant to this Stipulated Protective Order shall be deemed to be an admission or

11   waiver by either Party or to be an alteration of the confidentiality or nonconfidentiality

12   of any such document or information or to be an alteration of any existing obligation

13   of any Party or the absence of any such obligation.

14      11.  <u>Final Disposition.</u> This Stipulated Protective Order shall survive the final

15   termination of this Adversary Proceeding to the extent that the information contained

16   in Protected Material is not or does not become known to the public, and the Court

17   shall retain jurisdiction to resolve any dispute concerning the use of information

18   disclosed under this Stipulated Protective Order.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245 Doc# 376 Filed: 03/27/14 Entered: 03/27/14 11:50:28 Page 7 of
9

3709137.1 -- AL109.W1435

Upon termination of this Adversary Proceeding, the Receiving Parties shall assemble
and return the Protected Material received from a Designating Party, including all
copies of same, or shall certify the destruction thereof.

                                        Plaintiff/Debtor, In Propia Persona

Dated: _February 6_____, 2014        _James Madison Kelley_ (1)
                                        James Madison Kelley

Dated: _Feb. 10th_____, 2014        ALVARADOSMITH
                                        A Professional Corporation

                                        By: _____
                                            JOHN M. SORICH
                                            CHRISTOPHER YOO
                                            THOMAS S. VAN
                                            Attorneys for Defendant
                                            JPMORGAN CHASE BANK, N.A. AN
                                            ACQUIRER OF CERTAIN ASSETS
                                            AND LIABILITIES OF WASHINGTON
                                            MUTUAL BANK FROM THE FDIC
                                            ACTING AS RECEIVER, erroneously
                                            sued as JPMORGAN CHASE BANK, NA
                                            (successor to) WASHINGTON MUTUAL
                                            BANK

(1) Sign and Return within a week to be valid. *illegible*

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

8
STIPULATION FOR A PROTECTIVE ORDER

3709137.1 -- AL109.W1435

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, JAMES Madison Kelley [print or type full name], of 14590 Douglas Lane, SARATOGA CA 95070 [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court of the Northern District of California on _____ in *In re Kelley*, bankruptcy case number 08-55305 ASW, *Kelley v. JPMorgan Chase Bank, NA*, adversary proceeding number 10-05245. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United State Bankruptcy Court of the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this bankruptcy case.

Date: Feb 6, 2014

City and State where sworn and signed: Campbell, California

Printed name: JAMES M. Kelley

Signature: James M. Kelley

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

STIPULATION FOR A PROTECTIVE ORDER