James M. Kelley
14390 Douglass Lane
Saratoga, CA 95070
jmadisonkelley@gmail.com
Tel: (408) 402-1915

PRO SE

ORIGINAL

FILED
MAR 2 5 2014
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA – DIVISION 5

In Re:
JAMES MADISON KELLEY,

Debtor

JAMES MADISON KELLEY

Plaintiff

v.

JPMORGAN CHASE BANK, NA,

WASHINGTON MUTUAL BANK,

DOES (1-20)

**Adversary. Case No. 10-05245**

Chapter 11

Case No. 08-55305 ASW

)
)
) NOTICE OF SERVICE
) OF A
) RULE 45 SUBPOENA TO THE FDIC
) AS RECEIVER FOR
) WASHINGTON MUTUAL BANK
)
)
) PROOF OF SERVICE ATTACHED
)
)
)
)
) Honorable Arthur S. Weissbrodt
)
) Courtroom: 3020
)

Notice of Service of A Rule 45 Subpoena    1    **Adversary Complaint 10-05245**

Case: 10-05245    Doc# 383    Filed: 03/25/14    Entered: 03/26/14 16:32:58    Page 1 of 7

# NOTICE OF SERVICE OF SUBPOENA

**Attention:**

Robert Oliver, Esq.
John Sorich, Esq.
Christopher Yoo, Esq.
Thomas Van, Esq.

Alvarado Smith, PC
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

This serves as Notice to JPMorgan Chase Bank, NA, that a Rule 45 Subpoena has been served on The FDIC as Receiver for Washington Mutual Bank. A copy of the subpoena is attached hereto.

March 25, 2014

*James Madison Kelley* (signature)
James Madison Kelley
Pro Per

Notice of Service of A Rule 45 Subpoena     2     **Adversary Complaint 10-05245**

## Proof of Service

I, James Madison Kelley, am the Plaintiff in this Adversary Case and I affirm that under penalty of perjury that I served the JPMorgan Chase Bank, NA (the Defendant) through its attorneys listed as follows:

>Robert Oliver, Esq.
>John Sorich, Esq.
>Christopher Yoo, Esq.
>Thomas Van, Esq.
>
>Alvarado Smith, PC
>1 MacArthur Place, Suite 200
>Santa Ana, CA 92707

with the following document:

>RULE 45 Subpoena To The FDIC As Receiver for Washington Mutual Bank

by US Priority Mail on the date below.

All other Interested Parties served by PACER

Dated: March 25, 2014

*/s/ James Madison Kelley*
James Madison Kelley
14390 Douglass Lane
Saratoga CA 950790
jmadisonkelley@gmail.com
(408) 402-1915

Notice of Service of A Rule 45 Subpoena    3    Adversary Complaint 10-05245

# UNITED STATES BANKRUPTCY COURT

Northern District of California- Division 6

In re Debtor: James Madison Kelley

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No. * 08-55305 ASW  Adv. Case 10-05245

To: Federal Deposit Insurance Corporation,
as Receiver for Washington Mutual Bank
Suite 400,
25 Jessie Street, San Francisco, CA 94105

Chapter 11

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents specifying Washington Mutual Bank FA loan # 3018113559 or Washington Mutual Mortgage Securities Corporation Loan # 103446606 (see attachment for that specifically identifies the requested documents.)

| PLACE | DATE AND TIME |
|---|---|
| See Attachment for Instructions | April 24, 2014 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] Intake Clerk | MAR 21 2014 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Christina Tabol[?], 280 S. First St #3035 San Jose, CA 95113  408 278-7500

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                         DATE                                                    SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

The Receiver as successor in interest to Washington Mutual Bank is commanded to produce the following documents for the period from 7/26/2007 until receivership:

1) The Master Servicer Contract(s) between Washington Mutual Bank and Washington Mutual Mortgage Securities Corporation for the years 2007 and 2008.

2) The Contract(s) between Washington Mutual Bank and Washington Mutual Asset Acceptance Corporation for the years 2007 and 2008 (until September 26, 2008).

3) Documents showing the transactions between Washington Mutual Bank and Washington Mutual Mortgage Securities.

4) Documents that show that the Washington Mutual Bank FA loan # 3018113559 was in a portfolio pool (until September 26, 2008).

5) Documents that show that the Washington Mutual Bank FA loan # 3018113559 was in a trust.

6) Documents that show that the Washington Mutual Bank FA loan # 3018113559 was sold to any person(s) or entity(s).

7) Documents that show that the Washington Mutual Bank FA loan # 3018113559 was pledged to any person(s) or entity(s).

8) The source of the loss of $436,503.26 reported in Exhibit C of Receiver's lawsuit against LSI Appraisal. Case # 11-cv-00706-JST-MLG, dkt #165, Filed 5/9/2011 in US District Ct. for the Central District of California. Exhibit C is attached.

9) Documents identifying the payor of the loss payment in 8 and to whom the loss payment was made.

10) Documents showing precisely when Washington Mutual Bank FA loan # 3018113559 was pledged and subsequently removed from pledge to the Federal Home Loan Bank of San Francisco.

Please deliver the documents on a memory stick or a CD to the following address:

Dr. James M. Kelley
14390 Douglass Lane
Saratoga, California 95070
jmadisonkelley@gmail.com
408 402-1915

| Account | Amount | Amount 2 | Date | Address | City | State | Name |
|---|---|---|---|---|---|---|---|
| 3013904275 | $2,180,000.00/ $250,000.00 | $975,153.59 | 7/16/2007 | 78 BARKERS POINT RD | PORT WASHINGTON | NY | Joan Rutherford |
| 3014057230 | $1,875,000.00 | $564,940.46 | 7/16/2007 | 10  VINTAGE RIDGE DR | LAS VEGAS | NV | Thomas Mirkovich |
| 3014068674 | $1,345,000.00 | $536,482.55 | 7/17/2007 | 11375  DONA LISA DR | LOS ANGELES | CA | Robert Rodriguez |
| 3017889991 | $1,040,000.00/ $129,900.00 | $618,554.77 | 7/18/2007 | 140 SPANISH MARSH DR | ST AUGUSTINE | FL | Jama Lichtenwalter |
| 3014098135 | $1,400,000.00 | $921,594.54 | 7/18/2007 | 6257  BRANFORD DR | WEST BLOOMFIELD | MI | James L. Valiquett |
| 3014116671 | $2,400,000.00 | $989,105.13 | 7/24/2007 | 576 NEAPOLITAN LN | NAPLES | FL | Kathleen Coar |
| 3014203073 | $1,500,000.00/ $299,900.00 | $873,625.58 | 7/25/2007 | 36011  CALLE DE LOBO | MURRIETA | CA | Kimberly J. Mendell |
| 7757719784 | $2,400,000.00/ $479,680.00 | $479,680.00 | 7/27/2007 | 768 TOZZETTI LANE | HENDERSON | NV | Eugenija Mueller |
| 3014149425 | $2,350,000.00 | $1,029,552.31 | 7/27/2007 | 24059  N 113TH WAY | SCOTTSDALE | AZ | Rodney R Smith |
| 3018027676 | $452,000.00/ $56,400.00 | $271,422.17 | 7/27/2007 | 26885  WINTER PARK PL | MORENO VALLEY | CA | Joseph Wong |
| 3018119762 | $479,000.00 | $819,209.33 | 7/27/2007 | 1062   LOWRY RANCH | CORONA | CA | Jason D. Stout |
| 3018161913 | $1,040,000.00 | $435,286.50 | 7/27/2007 | 144  SPANISH MARSH DR | SAINT AUGUSTINE | FL | Jama Lichtenwalter |
| 3018118566 | $1,200,000.00 | $414,374.04 | 7/27/2007 | 101  KING SAGO CT | PONTE VEDRA BEACH | FL | Jama Lichtenwalter |
| 3018142426 | $6,750,000.00 | $898,738.99 | 7/27/2007 | 5800  HARDSCRABBLE CIRCLE | MINNETRISTA | MN | John Bader |
| 3017949763 | $1,715,000.00 | $905,183.04 | 7/27/2007 | 183 OCEAN VIEW DR | KEY LARGO | FL | Mark J. MacLaughlin |
| 6894570519 | $500,000.00 | $500,980.48 | 7/27/2007 | 10 HIDDEN PASS | NEWPORT COAST | CA | Sara Martin / Judith Hunter |
| 3014274884 | $2,720,000.00 | $1,948,111.06 | 7/30/2007 | 12040   LANDOVER LN | FISHERS | IN | Jeffrey L. DeBruler |
| 3017437710 | $900,000.00 | $461,536.20 | 7/30/2007 | 1057 and 1059 E Main St | SIMI VALLEY | CA | Sherry Carlson / Steven T. Cody |
| 3014076230 | $1,436,850.00 | $438,640.29 | 7/30/2007 | 511 WINDWARD PASSAGE | CLEARWATER BEACH | FL | A.A. Little |
| 3013989003 | $1,190,000.00/ $255,000.00 | $627,724.91 | 7/31/2007 | 2582 S SYCAMORE VILLAGE | APACHE JUNCTION | AZ | Tommy Trout |
| 3013849918 | $2,625,000.00 | $911,067.70 | 7/31/2007 | 211  ARI WAY | MIAMI BEACH | FL | Rolando Lazaro Rodriguez / Nelson A. Ruiz |
| 3018113559 | $2,992,265.00 | $436,503.26 | 7/31/2007 | 14390  DOUGLASS LN | SARATOGA | CA | William E Reese |
| 730250016 | $535,500.00 | $354,492.55 | 8/3/2007 | 1010- 1010 1/2 S WASHBURN | CORONA | CA | Craig M. Bellinger |
| 3014148559 | $1,350,000.00 | $542,809.45 | 8/8/2007 | 4444  ALTON RD | MIAMI BEACH | FL | Francisco Ares |
| 767803836 | $500,000.00 | $503,416.60 | 8/8/2007 | 895 BAJA STREET | Laguna Beach | CA | Michael H. Nguyen |
| 3014250164 | $2,025,000.00 | $562,748.16 | 8/10/2007 | 1723  CASTELLANA RD | LA JOLLA | CA | Cliff Bourland |
| 3018282784 | $2,480,000.00 | $452,319.85 | 8/10/2007 | 19201  BRIARFIELD WAY | TARZANA | CA | Armen Khrlobyan |
| 3018153332 | $880,000.00/ $107,900.00 | $280,430.16 | 8/13/2007 | 10601 VIA MILANO DR | FORT MYERS | FL | Ashley Law McCann / John McCann |
| 3014016434 | $1,347,500.00 | $496,044.09 | 8/13/2007 | 1738 HERON RIDGE DR | BLOOMFIELD HILLS | MI | Stephanie M Schulez |
| 3018248934 | $960,000.00 | $448,917.95 | 8/13/2007 | 2969 VALLEY ST | CARLSBAD | CA | Jan M Brownell |
| 3014227940 | $1,430,000.00 | $978,680.54 | 8/14/2007 | 5683  BRANFORD DR | WEST BLOOMFIELD | MI | Kathleen A. Alan |
| 3011838509 | $3,700,000.00 | $1,564,353.28 | 8/15/2007 | 4720 RIVERVIEW BLVD | BRADENTON | FL | Jay A Whitham |