Kelley,
    Plaintiff

Adv. Proc. No. 10-05245-ASW

JP Morgan Chase Bank, NA,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0971-5     User: clcaban     Page 1 of 1     Date Rcvd: Oct 17, 2014
                   Form ID: pdfeoapc    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 19, 2014.
pla          +James Madison Kelley,    14390 Douglass Lane,    Saratoga, CA 95070-5538
              +Thomas Van, Esq.,    J. Sorich, Esq.,    C. Yoo, Esq.,    Alvarado Smith, PC,
               1 MacArthur Place, Suite 200,    Santa Ana, CA 92707-5941

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 19, 2014                                         Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 17, 2014 at the address(es) listed below:
        Duane M. Geck    on behalf of Interested Party    Federal Home Loan Bank of San Francisco
         dmg@severson.com,    psg@severson.com
       Philip S. Warden    on behalf of Witness    LPS Default Services, Inc.
         philip.warden@pillsburylaw.com
       Robert S. McWhorter    on behalf of 3rd Pty Defendant    Federal Deposit Insurance Corporation, As Receiver For Washington Mutual Bank rmcwhorter@nossaman.com, dbardon@nossaman.com
       S. Christopher Yoo    on behalf of 3rd Pty Defendant    Federal Deposit Insurance Corporation, As Receiver For Washington Mutual Bank cyoo@alvaradosmith.com
       S. Christopher Yoo    on behalf of Defendant    JP Morgan Chase Bank, NA cyoo@alvaradosmith.com
       Sarah Andropoulos    on behalf of 3rd Pty Defendant    Federal Deposit Insurance Corporation, As Receiver For Washington Mutual Bank sandropoulos@nossaman.com
                                                                                                 TOTAL: 6



**IT IS SO ORDERED.**
**Signed October 17, 2014**

*Arthur S. Weissbrodt*
**Arthur S. Weissbrodt**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 08-55305-ASW |
| JAMES MADISON KELLEY, | Chapter 11 |
| Debtor. | |
| JAMES MADISON KELLEY, | Adversary No. 10-5245 |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO FILE CONFIDENTIAL CHASE AND FEDERAL HOME LOAN DISCOVERY DOCUMENTS UNDER SEAL |
| vs. | |
| JP MORGAN CHASE BANK, NA, | |
| Defendant. | |

   This matter comes before the Court on Debtor's Motions for Permission to File Confidential Chase and Federal Home Loan Bank Discovery Documents Under Seal (Dockets 413 and 415). The Court denies without prejudice Plaintiff's Motions to Seal.

   Plaintiff must file a motion to seal accordance with Civil Local Rule 79-5, incorporated by Bankruptcy Local Rule 1001-2(a). (copy attached). In particular, N.D. Cal. Civ. R. 79-5(d) requires Plaintiff to include specific attachments with the motion, and to

ORDER

submit a courtesy copy of these attachments to the Court. If the documents are subject to a Protective Order, as some are here, Plaintiff must also attach an additional declaration and follow the procedure set forth in N.D. Cal. Civ. R. 79-5(e). Finally, a motion to seal does not require notice of a hearing. N.D. Cal. Civ. R. 7-11(c).

The content of Plaintiff's motion to seal must demonstrate that the information sought to be sealed is "sealable." N.D. Cal. Civ. R. 79-5(b). Fed. R. Civ. P. 26(c)'s "good cause" standard applies to "private materials unearthed during discovery" that are not part of the judicial record. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (2009); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (2006). Plaintiff must meet the higher "compelling reasons" standard if Plaintiff anticipates that the documents sought to be sealed will become part of the judicial record, or be attached to a dispositive motion–one that may resolve the dispute on the merits. *Kamakana*, 447 F.3d at 1178-80.

Plaintiff's motion does not specify whether the documents sought to be sealed are related to an upcoming motion or public trial. Documents and things sought to be sealed are usually accompanied by a motion or impending judicial statement that may affect the case. *Kamakana*, 447 F.3d at 1179-80.

To the extent that Plaintiff anticipates using the documents in the upcoming mediation, it should be noted that mediation is a private forum that does not warrant the court's action and thus, does not give the public a "right of access." *See id.*

For the foregoing reasons, the Court denies Plaintiff's motions to seal without prejudice. If Plaintiff anticipates using the Chase

ORDER 2

and Federal Home Loan Bank documents in an upcoming motion or scheduled public trial, Plaintiff should submit the documents pursuant to N.D. Cal. Civ. R. 79-5 and demonstrate "good cause" or "compelling reasons" to seal the documents.

IT IS SO ORDERED.

** END OF ORDER **

ORDER 3

Court Service List

Thomas Van, Esq.
J. Sorich, Esq.
C. Yoo, Esq.
Alvarado Smith, PC
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

James M. Kelley
14390 Douglass Lane
Saratoga, CA 95070

# ATTACHMENT - LOCAL CIVIL RULE 79-5

79-5. Filing Documents Under Seal in Civil Cases

(a) This Rule Applies to Electronic and Manually-Filed Sealed Documents. The procedures and requirements set forth in Civil L.R. 79-5 apply to both the e-filing of sealed documents submitted by registered e-filers in e-filing cases; and the manual filing of sealed documents submitted by non-e-filers and/or in non-e-filing cases. For the purposes of Civil L.R. 79-5, "file" means: (1) to electronically file ("e-file") a document that is submitted by a registered e-filer in a case that is subject to e-filing; or (2) to manually file a document when it is submitted by a party that is not permitted to e-file and/or in a case that is not subject to e-filing. See Civil L.R. 5-1(b) for an explanation of cases and parties subject to e-filing.

(b) Specific Court Order Required. Except as provided in Civil L.R. 79-5(c), no document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as "sealable"). The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d).

Commentary

As a public forum, the Court has a policy of providing to the public full access to documents filed with the Court. In some cases, however, law or regulation requires a document to be filed under seal (e.g., a False Claims Act complaint). Those cases are exempt from the procedures described in this rule. In other, non-exempt, cases, the Court recognizes that itmust consider confidential information. This rule governs requests in civil cases to file under seal documents or things, whether pleadings, memoranda, declarations, documentary evidence or other evidence. Proposed protective orders, in which parties establish a procedure for designating and exchanging confidential information, must incorporate the procedures set forth in this rule if, in the course of proceedings in the case, a party proposes to submit sealable information to the Judge. This rule is designed to ensure that the assigned Judge receives in chambers a confidential copy of the unredacted and complete document, annotated to identify which portions are sealable, that a separate unredacted and sealed copy is maintained for appellate review, and that a redacted copy is filed and available for public review that has the minimum redactions necessary to protect sealable information.

(c) Documents that May Be Filed Under Seal Before Obtaining a Specific Court Order. Only the unredacted version of a document sought to be sealed, may be filed under seal before a sealing order is obtained, as permitted by Civil L.R. 79-5(d)(1)(D).

(d) Request to File Document, or Portions Thereof, Under Seal. A party seeking to file a document, or portions thereof, under seal ("the Submitting Party") must:

(1) File an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11. The administrative motion must be accompanied by the following attachments:

(A) A declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable. Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable. The procedures detailed in Civil L.R. 79-5(e) apply to requests to seal in which the sole basis for sealing is that the document(s) at issue were previously designated as confidential or subject to a protective order.

(B) A proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

(C) A redacted version of the document that is sought to be filed under seal. The redacted version shall prominently display the notation "REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." A redacted version need not be filed if the submitting party is seeking to file the entire document under seal.

(D) An unredacted version of the document sought to be filed under seal. The unredacted version must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version, and prominently display the notation "UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." The unredacted version may be filed under seal pursuant to Civil L.R. 79-5(c) before the sealing order is obtained. Instructions for e-filing documents under seal can be found on the ECF website.

(2) Provide a courtesy copy of the administrative motion, declaration, proposed order, and both the redacted and unredacted versions of all documents sought to be sealed, in accordance with Civil L.R. 5-1(e)(7).

The courtesy copy of unredacted declarations and exhibits should be presented in the same form as if no sealing order was being sought. In other words, if a party is seeking to file under seal one or more exhibits to a declaration, or portions thereof, the courtesy copy should include the declaration with all of the exhibits attached, including the exhibits, or portions thereof, sought to be filed under seal, with the portions to be sealed highlighted or clearly noted as subject to a sealing motion.

The courtesy copy should be an exact copy of what was filed, and for e-filed documents the ECF header should appear at the top of each page. The courtesy copy must be contained in a sealed envelope or other suitable container with a cover sheet affixed to the envelope or container, setting forth the information required by Civil L.R. 3-4(a) and prominently displaying the notation "COURTESY [or CHAMBERS] COPY - DOCUMENTS SUBMITTED UNDER SEAL."

The courtesy copies of sealed documents will be disposed of in accordance with the assigned judge's discretion. Ordinarily these copies will be recycled, not shredded, unless special arrangements are made.

(e) Documents Designated as Confidential or Subject to a Protective Order. If the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order, or a document containing information so designated by an opposing party or a non-party, the Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ("the Designating Party"). The declaration must be served on the Designating Party on the same day it is filed and a proof of such service must also be filed.

(1) Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable.

(2) If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied. A Judge may delay the public docketing of the document upon a showing of good cause.

ORDER 6

(f)  Effect of Court's Ruling on Administrative Motion to File Under Seal. Upon the Court's ruling on the Administrative Motion to File Under Seal, further action by the Submitting Party may be required.

(1) If the Administrative Motion to File Under Seal is granted in its entirety, then the document filed under seal will remain under seal and the public will have access only to the redacted version, if any, accompanying the motion.

(2) If the Administrative Motion to File Under Seal is denied in its entirety, the document sought to be sealed will not be considered by the Court unless the Submitting Party files an unredacted version of the document within 7 days after the motion is denied.

(3) If the Administrative Motion to File Under Seal is denied or granted in part, the document sought to be sealed will not be considered by the Court unless the Submitting Party files a revised redacted version of the document which comports with the Court's order within 7 days after the motion is denied.

(g) Effect of Seal. Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Any document filed under seal in a civil case shall, upon request, be open to public inspection without further action by the Court 10 years from the date the case is closed. However, a Submitting Party or a Designating Party may, upon showing good cause at the conclusion of a case, seek an order to extend the sealing to a specific date beyond the 10 years provided by this rule. Nothing in this rule is intended to affect the normal records disposition policy of the United States Courts.