JOHN M. SORICH (CA Bar No.125223)
jsorich@alvaradosmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@alvaradosmith.com
THOMAS S. VAN (CA Bar No. 209632)
tvan@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AS ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION ACTING AS RECEIVER, erroneously sued as JPMORGAN CHASE BANK, N.A.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – DIVISION 5

| | |
|---|---|
| In re<br><br>JAMES MADISON KELLEY,<br><br>Debtor.<br><br>JAMES MADISON KELLEY,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NA (successor to) WASHINGTON MUTUAL BANK<br><br>Defendants. | **Adversary Case No.:** 10-05245<br><br>Main BK Case No.: 08-55305 ASW (Chapter 11)<br><br>JUDGE: Honorable Arthur S. Weissbrodt<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS TO JULY 2, 2014 REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>[*SEPARATE STATEMENT IN SUPPORT OF OPPOSITION FILED CONCURRENTLY*]<br><br>Date: November 13, 2014<br>Time: 3:00 PM<br>Crtrm: 3020 |

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan" or "Defendant"), as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver for Washington Mutual Bank, erroneously sued as JPMorgan Chase Bank, NA, submits the following Memorandum of Points and Authorities in Opposition to Plaintiff James M. Kelley's ("Plaintiff") Motion to Compel Production of Documents on Plaintiff's July 2, 2014 Request for Production of Documents. ("Motion").

## I. INTRODUCTION

Plaintiff continues to seek documents that are completely irrelevant to the subject matter of this adversary lawsuit and not likely lead to the discovery of any admissible evidence.

Plaintiff filed this adversary proceeding on July 15, 2010. The First Amended Complaint filed on October 29, 2010 alleges three claims for rescission of a first and second deed of trust against real property located 14390 Douglass Lane, Saratoga, CA ("Subject Property") and for Declaratory relief seeking to void both loans. On January 9, 2013, Plaintiff was allowed to amend the operative complaint a second time to include the fourth and fifth causes of action objecting to JPMorgan's proofs of claims in Plaintiff's bankruptcy case. The operative Third Amended Complaint includes a sixth cause of action for discharge of debt.

Four years after filing this Adversary, Plaintiff continues to seek either duplicative discovery from JPMorgan, or documents that are irrelevant to the claims in the case and not likely lead to the discovery of any admissible evidence. Plaintiff's request for an extension of the discovery deadline, based on the same request for documents as in the instant Motion, was recently denied and discovery was closed as of August 29, 2014. Thus, for the same reasons, this Motion should be denied as well.

///

///

## II. SUMMARY OF PLAINTIFF'S CLAIMS AND OVER 2000 PAGES OF DOCUMENTS ALREADY PRODUCED BY JPMORGAN.

In 2007, Plaintiff obtained a $2.9 million dollar loan from Washington Mutual Bank to refinance a 2003 loan in almost the same amount also with Washington Mutual. Several years later, when Plaintiff can no longer meet his obligations on the 2007 loan, has defaulted on the loan payments, and has filed for Bankruptcy protection, Plaintiff claims that he is entitled to rescind the 2007 loan, along with a line of credit in the amount of $250,000.00, based on disputed allegations that he did not receive Truth in Lending Act ("TILA") disclosures and specifically the Notice of Right to Cancel.

Plaintiff's TILA claims for damages are barred by the statute of limitations and refuted by the evidence produced in discovery showing that Plaintiff was not only provided the Notice of Right to Cancel, but Plaintiff signed the Notice at the loan closing.

After Plaintiff's TILA claims were refuted by his own signature, Plaintiff argued the theory that his loans were sold to the Federal Home Loan Bank of San Francisco ("FHLBSF") by Washington Mutual Bank ("WaMu") prior to its failure, hence the FDIC never took over his loans in order to sell the same to JPMorgan. Responses and Documents from the FHLBSF, pursuant to Plaintiff's subpoena, proved Plaintiff wrong. Plaintiff's loan was only pledged, not sold, as collateral for a loan from the FHLBSF to WaMu in August 2007 and was de-pledged as collateral on December 14, 2007. Thus, the FHLBSF never purchased plaintiff's loans and it remained an asset of WaMu prior to its failure.

As part of Plaintiff's objection to JPMorgan's proofs of claim in the bankruptcy case, Plaintiff also argued that JPMorgan does not have standing to enforce the note and deeds of trust because it did not possess these original documents. Again, the evidence refuted Plaintiff's meritless theory. <u>JPMorgan produced the original note, credit agreement, and deeds of trust four (4) separate times for Plaintiff's review.</u> <u>Additionally, JPMorgan produced its loan servicing records, payment histories,</u>

<u>corporate advance records, electronic database records for its loan servicing platform, and transaction codes, all of which totals over 2000 pages in documents produced to Plaintiff relating to JPMorgan's ownership and servicing of the loans.</u> Plaintiff retained two (2) experts (forensic examiners) to opine that the documents are not original. However, neither of Plaintiff's experts would, *or could*, make such an erroneous opinion.

Plaintiff then argued that the original documents produced by JPMorgan were not the originals, but somehow created by special printing and computer graphics. To that extent, Plaintiff retained Roger Rybkowski to determine the authenticity of the loan documents by looking at only scanned copies of the originals. However, Mr. Rybkowski admitted in his deposition that he could make no such determination or opinion. In fact, Mr. Rybkowski admitted throughout his deposition that he did not understand much of the work in his report as it was written not by him, but *written by Plaintiff.* Mr. Rybkowski also admitted that he is not a forensic examiner, has no expertise to make a determination of authenticity of a document, and never even examined the original loan documents. JPMorgan has filed its objections to the designation of Mr. Rybkowski as "expert" in the Adversary.

Now that all of Plaintiff's theories have been debunked with documents already produced by JPMorgan, Plaintiff is again reaching for more irrelevant and duplicative documents to support his failed theories to stall the foreclosure, delay his Chapter 11 Bankruptcy, and reap the benefits of having made no payments on the loan since 2008, living in the property rent free for the last 6 years, and having paid no property taxes in the last 6 years.

### III. SUMMARY OF PLAINTIFF'S DUPLICATIVE AND IRRELEVANT REQUEST FOR DOCUMENTS IN THE JULY 2, 2014 REQUEST.

Plaintiff's Motion again seeks to compel the production of documents duplicative and irrelevant to the claims in this action including:

- documents that show "proof that Chase is the current loan servicer" or owner of

the loans when JPMorgan has the original note, deeds of trust, and credit agreement (*See*, Plaintiff's "Reply" to Request Nos. 1, 11, 50);

- references to an internal "form" or an internal accounting code that is irrelevant to any determination of "the Chain of Title" of the loans and/or "identification of the investors in this loan" (*See*, Plaintiff's "Reply" to Request Nos. 2, 3, 14, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 30, 32  33, 34, 35, 36, 37, 38, 40, 45, 46).
- references to an internal "form" or an internal accounting code where no reason is offered for such a document (*See*, Plaintiff's "Reply" to Request Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 44);
- documents relating to non-existing insurance or 3rd party payments on behalf of Plaintiff under "Plaintiff's assertion of debt discharge" (*See*, Plaintiff's "Reply" to Request Nos. 13, 17, 47, 51, 52, 53);
- "Corporate Advance Adjustment" documents that have now been twice produced, most recently at JPM2000-2007 and 2024-2033, and testified to by JPMorgan's 30(b)(6) witness and a manager of the accounting department for corporate advances.  (*See*, Plaintiff's "Reply" to Request Nos. 16, 42, 44 , 48, 49);
- documents relating to a trust for which the loan never securitized as repeatedly testified to by JPMorgan 30(b)(6) witness Al Smith. (*See*, Plaintiff's "Reply" to Request Nos. 38, 40, 41).

JPMorgan addresses each disputed request and the validity of its objections in a Separate Statement filed concurrently in support of its Opposition.

## IV. **PLAINTIFF'S MOTION TO COMPEL PRODUCTION SHOULD BE DENIED**

Plaintiff has had over four (4) years to perform discovery. In fact, Plaintiff has already completed discovery relating to all of the claims in the operative Third Amended Complaint. Below is a summary of completed discovery by Plaintiff (some of which has been improperly lodged in the court docket).

Depositions Completed:

- JPMorgan's 30(b)(6) Witness – **two** depositions completed on November 21, 2011 and April 21, 2014
- Deposition of WaMu's loan officer Louis Helmonds (Docket No. 184)
- Deposition of Notary who saw Plaintiff execute loan documents Rosalie Silva (Docket No. 185)
- Deposition of JPMorgan's Employee, Crystal Davis, a manager in the Accounting Department – completed on August 13, 2014.

Written Discovery and Documents Obtained:

- Multiple and redundant request for production of documents to JPMorgan - over 2000 pages of documents produced by JPMorgan
- Multiple Subpoenas to the FDIC (Docket No. 181)
- Subpoena to Stewart Title (Docket No. 182)
- Subpoena to Quality Loan Servicing Corporation (Docket No. 129)
- Subpoena to Federal Home Loan Bank of San Francisco (Docket No. 187)
- Subpoena to Fiserve (Docket No. 183)
- Subpoena to LSI Title
- Subpoena to ACS Image Solution

Experts Retained by Plaintiff

- Laurie Hoeltzel – Document Forensic Examiner
- James Blanco – Document Forensic Examiner
- Roger Rybkowski – Graphic Artist

In light of all the discovery already performed and completed relating to Plaintiff's claims, the duplicative and irrelevant discovery sought in the July 2, 2014 Request for Production will only serve the purpose of delaying the litigation, stalling Plaintiff's chapter 11 case, and allowing Plaintiff to live payment free, rent free, and obligation free continuing his six (6) year run of avoiding his loan obligations.

## A. Discovery as to TILA and Contract Invalidity Claims Completed.

In the First, Second, and Third Claims of the TAC, Plaintiff claims that he is entitled to rescind the 2007 loan, along with a line of credit in the amount of $250,000.00, based on allegations that he did not receive the Notice of Right to Cancel under TILA. In that regard, Plaintiff has received the original loan files from JPMorgan, copies of the loan files from JPMorgan, the loan closing files from Steward Title (Docket No. 182), the loan files from the FDIC (Docket No. 181), and documents from Fiserve Lending Solutions relating to the Second Loan. (Docket No. 183.)

Unfortunately for Plaintiff, all of the documents only go to show that Plaintiff was not only provided the Notice of Right to Cancel, but Plaintiff signed the Notice at the loan closing.

## B. Discovery as to Standing Relating to Fourth and Fifth Claims Completed.

After Plaintiff's TILA claims were refuted by his own signature, Plaintiff argued the theory that his loans were sold to the Federal Home Loan Bank of San Francisco ("FHLBSF") by Washington Mutual Bank ("WaMu") prior to its failure, hence the FDIC never took over his loans in order to sell the same to JPMorgan. This theory relates to Plaintiff's Fourth and Fifth Claims in objecting to the proofs of claim by JPMorgan. In both objections, Plaintiff claims that JPMorgan does not hold the original note and deed of trust, or that the loan was sold by WaMu prior to its failure, and therefore JPMorgan cannot enforce the obligation against Plaintiff.

Responses and Documents from the FHLBSF, pursuant to Plaintiff's subpoena, proved Plaintiff wrong. The FHLBSF's stated: "FHLBSF's records show that loan 3018113559 [First Loan] was identified by Washington Mutual Bank as a pledged loan from August 24, 2007 to December 14, 2007." *See*, Docket no. 187. Thus, Plaintiff's loan was only pledged, not sold, as collateral for a loan from the FHLBSF to WaMu in August 2007 and was de-pledged as collateral on December 14, 2007. As to the Second Loan, the FHLBSF could find no record of it being pledged by WaMu. Contrary to

Plaintiff's theory, the FHLBSF never purchased plaintiff's loans and it remained an asset of WaMu prior to its failure in September 2008.

As part of Plaintiff's objection to JPMorgan's proofs of claim, Plaintiff also argued that JPMorgan does not have standing to enforce the note and deeds of trust because it did not possess these original documents. Again, the evidence refuted Plaintiff's meritless theory. JPMorgan **produced** the original note, credit agreement, and deeds of trust four times for Plaintiff's review and again refuted Plaintiff's theory.

Plaintiff then made the absurd theory that JPMorgan's original documents were not the originals, but somehow created by special printing and computer graphics. Plaintiff retained two (2) experts, Laurie Hoeltzel and James Blanco (document forensic examiners) to opine that the documents are not original. However, neither of Plaintiff's experts would, *or could*, make such an erroneous opinion after examining the original loan documents.

After the retained document examiners could not testify that JPMorgan's documents were unauthentic, Plaintiff retained Roger Rybkowski to determine the authenticity of the loan documents by looking at only *scanned copies* of the originals. However, Mr. Rybkowski admitted in his deposition that he could make no such determination or opinion. In fact, Mr. Rybkowski admitted throughout his deposition that he did not understand much of the work in his report as it was written not by him, but *written by Plaintiff*. Mr. Rybkowski also admitted that he is not a forensic document examiner, has no expertise to make a determination of authenticity of a document, and never even examined the original loan documents to make such a determination. *See*, Docket No. 350 – JPMorgan's Objections to the Designation of Rybkowski as Expert and Declarations Filed by Rybkowski. Moreover, Rybkowski's deposition is fully completed.

///
///
///

7
OPPOSITION TO MOTION FOR EXTENSION OF DISCOVERY

4077951.1 -- AL109.W1435

Case: 10-05245   Doc# 440   Filed: 10/30/14   Entered: 10/30/14 12:47:46   Page 8 of 12

### C. Discovery on Plaintiff's Sixth Claim for Discharge of Debt Completed.

Further, with respect to Plaintiff's Sixth Claim for Discharge of Debt, the evidence cited by Plaintiff (Bates Nos. 970, 971, 115, 116, 1181, 2000-2005) have already been produced, and Plaintiff completed the deposition of JPMorgan's 30(b)(6) witness as to these records and the alleged "insurance payments." Not only did JPMorgan's witness reaffirm that JPMorgan owns the loan outright, but that Plaintiff's fuzzy-math based on the "corporate advance adjustments" does not equate to "insurance payments" of $2.7 million dollars. Further, on August 13, 2014, Plaintiff completed the deposition of an accounting employee, Crystal Davis, who again affirmed the 30(b)(6) witnesses testimony of Plaintiff's faulty accounting and that his loan has not been paid off by a third party on his behalf.

Now that all of Plaintiff's theories have been debunked with evidence, no further production of documents based on Plaintiff's duplicative and irrelevant requests is warranted. Instead, the parties should be allowed to focus on dispositive motions and settlement efforts through the Bankruptcy Dispute Resolution Panel; rather than discovery disputes that fail to support speculative theories to stall the foreclosure and delay his Chapter 11 Bankruptcy. Plaintiff has more than reaped the benefits of bankruptcy protection in having made no payments on the loan since 2008, living in the property rent-free for the last 6 years, and has paid no property taxes in the last 6 years.

///

///

8
OPPOSITION TO MOTION FOR EXTENSION OF DISCOVERY

4077951.1 -- AL109.W1435

Case: 10-05245  Doc# 440  Filed: 10/30/14  Entered: 10/30/14 12:47:46  Page 9 of 12

## V. CONCLUSION

Plaintiff has had four years to come up with meritless theories for not paying his loan obligation. The evidence has refuted every one of Plaintiff's theories and further discovery on the same issues will only cause further delay. Based on the foregoing reasons, JPMorgan respectfully requests that the Court deny Plaintiff's Motion to Compel the production of documents under Plaintiff's July 2, 2014 Request for Production of Documents.

DATED: October 30, 2014

ALVARADOSMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
THOMAS S. VAN
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER, erroneously sued as JPMORGAN CHASE BANK NA

# CERTIFICATE/PROOF OF SERVICE

## U.S. BANKRUPTCY COURT – NORTHERN DISTRICT OF CALIFORNIA
*In Re James Madison Kelley*
Bankruptcy Case No.: 08-55305 ASW
Adversary Case No.: 10-05245

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ALVARADOSMITH, 1 MacArthur Place, Suite 200, Santa Ana, CA 92707**.

On October 30, 2014, I served the foregoing document described **OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS TO JULY 2, 2014 REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **ELECTRONIC SERVICE:** I caused to be delivered by electronic filing on this date each of the above documents, for which our office will maintain the filing receipt, to the following:

*jmadisonkelley@gmail.com*
*USTPRegion17.SJ.ECF@usdoj.gov*
*john.wesolowski@usdoj.gov*

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** The foregoing document will be served by the court via NEF. On October 30, 2014 I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail List to receive NEF transmission at the email address(es) indicated in the attached service list.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.
Executed on October 30, 2014, at Santa Ana, California.

Michelle E. Ault

# SERVICE LIST

*In Re James Madison Kelley*
Bankruptcy Case No.: 08-55305 ASW
Adversary Case No.: 10-05245

| | |
|---|---|
| James Madison Kelley<br>14390 Douglass Lane<br>Saratoga, CA 95070 | jmadisonkelley@gmail.com<br><br>Plaintiff in Pro Se |
| U.S. Trustee<br>Office of the U.S. Trustee / SJ<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004 | USTPRegion17.SJ.ECF@usdoj.gov<br><br>United States Trustee |
| John S. Wesolowski<br>Office of the U.S. Trustee<br>280 S 1st St. #268<br>San Jose, CA 95113 | john.wesolowski@usdoj.gov<br><br>Trustee |
| Sarah Andropoulos<br>Nossaman LLP<br>50 California St. 34th Fl<br>San Francisco, CA 94111 | (415) 398-3600<br>Email: sandropoulos@nossaman.com<br><br>3rd Pty Defendant<br>Federal Deposit Insurance Corporation, As Receiver For Washington Mutual Bank |
| Robert S. McWhorter<br>Nossaman LLP<br>777 S Figueroa St. 34th Floor<br>Los Angeles, CA 90017 | (916)442-8888<br>Email: rmcwhorter@nossaman.com<br><br>3rd Pty Defendant<br>Federal Deposit Insurance Corporation, As Receiver For Washington Mutual Bank |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245  Doc# 440  Filed: 10/30/14  Entered: 10/30/14 12:47:46  Page 12 of 12
CERTIFICATE/PROOF OF SERVICE
3629361.1 -- AL109.W1435