1  JOHN M. SORICH (CA Bar No.125223)
   jsorich@alvaradosmith.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@alvaradosmith.com
3  THOMAS S. VAN (CA Bar No. 209632)
   tvan@alvaradosmith.com
4  ALVARADOSMITH
   A Professional Corporation
5  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
6  Tel:  (714) 852-6800
   Fax: (714) 852-6899
7
   Attorneys for Defendant
8  JPMORGAN CHASE BANK, N.A., AS ACQUIRER OF
   CERTAIN ASSETS AND LIABILITIES OF WASHINGTON
9  MUTUAL BANK FROM THE FEDERAL DEPOSIT
   INSURANCE CORPORATION ACTING AS RECEIVER FOR
10 WASHINGTON MUTUAL BANK

11

12              UNITED STATES BANKRUPTCY COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15 In re                                    Case No.: 08-55305 ASW

16 JAMES MADISON KELLEY,                     **Adversary Case No.:** 10-05245

17          Debtor.                          (Chapter 11)

18 _____              **JUDGE: Honorable Arthur S.
                                             Weissbrodt**
19 JAMES MADISON KELLEY,
                                             **JPMORGAN CHASE BANK, N.A.'S
20          Plaintiff,                        SEPARATE STATEMENT IN
                                             SUPPORT OF OPPOSITION TO
21 v.                                         PLAINTIFF'S MOTION TO
                                             COMPEL PRODUCTION
22 JPMORGAN CHASE BANK, NA and                RELATING TO PLAINTIFF'S
   DOES 1-19,                                 REQUEST FOR PRODUCTION OF
23                                            DOCUMENTS DATED JULY 2,
           Defendants.                        2014**
24
                                             Date:      November 13, 2014
25                                           Time:      3:00 PM
                                             Crtrm:     3020
26 ///

27 ///

28 ///

AlvaradoSmith
A Professional Corporation
Santa Ana

1
SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan" or "Defendant"), as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver for Washington Mutual Bank, erroneously sued as JPMorgan Chase Bank, NA, submits the following Separate Statement in support of the Opposition to Plaintiff James M. Kelley's ("Plaintiff") Motion to Compel Production of Documents on Plaintiff's July 2, 2014 Request for Production of Documents. ("Motion"). JPMorgan specifically responds to Plaintiff's Motion to Compel as follows.

**REQUEST FOR DOCUMENTS NO. 1:**

If the JPMorgan Chase Bank, N.A. contends that the (sic) it is the loan servicer for either loan produce the business records that that show when it was empowered and records that show that it continues to be empowered to be the loan servicer for the First Loan or the Second Loan.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 1:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request is nonsensical. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced the original note, credit agreement, and deeds of trust four (4) separate times for Plaintiff's review showing that it is the holder of the original loan documents and owner of both of Plaintiff's loans. JPMorgan has also produced the electronic loan origination files relating to both loans. Additionally, JPMorgan produced its electronic loan servicing

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

4078266.1 -- AL109.W1435

records from its electronic database platform called MSP, payment histories screens, investor screens, corporate advance records, all servicing notes, all customer service notes, custodial database, and payee and transaction codes relating to accounting, all of which totals over 2000 pages in documents produced to Plaintiff showing that JPMorgan is the servicer of Plaintiff's loans. Plaintiff has also taken the depositions of its 30(b)(6) witness twice with respect to these records on November 21, 2011 and April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents.

**REQUEST FOR DOCUMENTS NO. 2:**

Produce all documents explaining and authorizing "INV CHG" 12/19/08 (JPM001054).

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 2:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and overly broad in both time and scope. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM001054 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6)

4078266.1 -- AL109.W1435    SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 3:

Produce the business records for "WAMU: 103446606" (JPM001053).

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 3:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and overly broad in both time and scope. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245   Doc# 441   Filed: 10/30/14   Entered: 10/30/14 13:53:09   Page 4 of
64

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

1 further objects to the request as duplicative as Responding Party has already produced

2 its servicing records and the original loan documents for inspection on four (4)

3 separate occasions to Plaintiff.

4 **REASONS WHY PRODUCTION SHOULD BE DENIED**

5 The objections are proper because JPMorgan has already produced JPM001053

6 and all other documents with the same notation in its electronic servicing database

7 called MSP, including but not limited to the investor screens showing JPMorgan as

8 the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6)

9 witness with respect to these records on April 21, 2014, and the deposition of Crystal

10 Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to

11 these documents. Plaintiff's incorrect assumption and speculation on further

12 documentation behind a date notation or an internal accounting code in the servicing

13 records is irrelevant to the issue of whether JPMorgan owns or services the loan and

14 not reasonably calculated to the discovery of admissible evidence. *Wharton v.*

15 *Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for

16 production of documents for inspection and copying could not be granted where there

17 was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12

18 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945);

19 *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right

20 of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant

21 to the subject matter involved in the pending action' or 'reasonably calculated to lead

22 to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423

23 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were

24 not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D.

25 80, 81 (W.D. Mo. 1950).

26 **REQUEST FOR DOCUMENTS NO. 4:**

27 Produce the completed "THE DOCFWD CLIENT DATA FORM WI"

28 (JPM001054).

A LVARADO SMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245   Doc# 441   Filed: 10/30/14   Entered: 10/30/14 13:53:09   Page 5 of
64

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 4:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced JPM001054 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

(9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 5:**

Produce the completed "REVDOCIMAGED DTL DATA FORM" (JPM001053).

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 5:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM001053 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 6:

Produce the completed "THE DOC REVISION DTL DATA FORM" (JPM001053).

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 6:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced JPM001053 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 7:**

Produce the completed "THE DOCREVIEW CLIENT DATA FORM" (JPM001053).

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 7:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced JPM001053 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 8:

Produce the completed "THE DOCUMENT EXECUTION DATA FORM" (JPM001053).

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 8:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.  Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM001053 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982).  The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**REQUEST FOR DOCUMENTS NO. 9:**

Produce the completed "THE EXECDOCCOMP CLIENT DATA FORM" (JPM001055).

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 9:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM001055 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 10:**

Produce the completed "THE MORTGAGE REQUISITE DATA FORM" (JPM001056).

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 10:**

Objection.  Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.  Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM001056 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 11:

Produce the completed "THE Bl POCDTL DATA FORM" (JPM001056).

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 11:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced the original note, credit agreement, and deeds of trust four (4) separate times for Plaintiff's review showing that it is the holder of the original loan documents and owner of both of Plaintiff's loans. JPMorgan has also produced the electronic loan origination files

Case: 10-05245   Doc# 441   Filed: 10/30/14   Entered: 10/30/14 13:52:09   Page 14 of 64

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1 relating to both loans. Additionally, JPMorgan produced its electronic loan servicing
2 records from its electronic database platform called MSP, payment histories screens,
3 investor screens, corporate advance records, all servicing notes, all customer service
4 notes, custodial database, and payee and transaction codes relating to accounting, all
5 of which totals over 2000 pages in documents produced to Plaintiff showing that
6 JPMorgan is the servicer of Plaintiff's loans. Plaintiff has also taken the depositions
7 of its 30(b)(6) witness twice with respect to these records on November 21, 2011 and
8 April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an
9 accounting manager employee of JPMorgan relating to these documents.

10 **REQUEST FOR DOCUMENTS NO. 12:**

11 Produce the completed "THE B2 POCDTL DATA FORM" (JPM001056).

12 **RESPONSE TO REQUEST FOR DOCUMENTS NO. 12:**

13 Objection. Responding Party objects to the request on the grounds that it is
14 vague and ambiguous. Responding Party further objects to the extent the request seeks
15 confidential and/or proprietary information not subject to disclosure. Responding
16 Party further objects to the extent the request seeks information that is neither relevant
17 to the subject matter of this litigation nor reasonably calculated to the discovery of
18 admissible evidence. Responding Party further objects to the request as duplicative as
19 Responding Party has already produced its servicing records and the original loan
20 documents for inspection on four (4) separate occasions to Plaintiff.

21 **REASONS WHY PRODUCTION SHOULD BE DENIED**

22 The objections are proper because JPMorgan has already produced JPM001056
23 and all other documents with the same notation in its electronic servicing database
24 called MSP, including but not limited to the investor screens showing JPMorgan as
25 the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6)
26 witness with respect to these records on April 21, 2014, and the deposition of Crystal
27 Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to
28 these documents. Plaintiff's incorrect assumption and speculation on further

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4078266.1 -- AL109.W1435
**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1  documentation behind a date notation or an internal accounting code in the servicing

2  records is irrelevant to the issue of whether JPMorgan owns or services the loan and

3  not reasonably calculated to the discovery of admissible evidence. *Wharton v.*

4  *Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for

5  production of documents for inspection and copying could not be granted where there

6  was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12

7  F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945);

8  *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right

9  of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant

10 to the subject matter involved in the pending action' or 'reasonably calculated to lead

11 to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423

12 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were

13 not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D.

14 80, 81 (W.D. Mo. 1950).

15 **REQUEST FOR DOCUMENTS NO. 13:**

16     Produce the completed "THE F94 VALUATION DATA FORM WI"

17 (JPM001058).

18 **RESPONSE TO REQUEST FOR DOCUMENTS NO. 13:**

19     Objection. Responding Party objects to the request on the grounds that it is

20 vague and ambiguous. Responding Party further objects to the extent the request seeks

21 confidential and/or proprietary information not subject to disclosure. Responding

22 Party further objects to the extent the request seeks information that is neither relevant

23 to the subject matter of this litigation nor reasonably calculated to the discovery of

24 admissible evidence. Responding Party further objects to the request as duplicative as

25 Responding Party has already produced its servicing records and the original loan

26 documents for inspection on four (4) separate occasions to Plaintiff.

27 ///

28 ///

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced JPM001058 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 14:

Produce the business records for the "ORIGINAL OWNER CONDITIONS" specified in JPM001052 through JPM001223.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 14:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

confidential and/or proprietary information not subject to disclosure. Responding

Party further objects to the extent the request seeks information that is neither relevant

to the subject matter of this litigation nor reasonably calculated to the discovery of

admissible evidence. Responding Party further objects to the request as duplicative as

Responding Party has already produced its servicing records and the original loan

documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced

JPM001052-JPM001223 and all other documents with the same notation in its

electronic servicing database called MSP, including but not limited to the investor

screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the

deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and

the deposition of Crystal Davis on August 13, 2014, an accounting manager employee

of JPMorgan relating to these documents. Plaintiff's incorrect assumption and

speculation on further documentation behind a date notation or an internal accounting

code in the servicing records is irrelevant to the issue of whether JPMorgan owns or

services the loan and not reasonably calculated to the discovery of admissible

evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y.

1966)(A motion for production of documents for inspection and copying could not be

granted where there was no showing of existence of the documents); *See, also, Tobin

v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D.

310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188

(1982). The "right of a party to obtain discovery is not unlimited. A discovery request

must be " 'relevant to the subject matter involved in the pending action' or

'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v.

MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying

document requests that were not relevant to the subject matter of the litigation); *White

v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**REQUEST FOR DOCUMENTS NO. 15:**

Produce the records for the "Cramdown Referred to Attorney-11/16/2010" (JPM001175).

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 15:**

Objection. Responding Party further objects to the extent the request seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM001175 and all other documents with the same notation in its electronic servicing database called MSP. The objection is also proper because Plaintiff is seeking a direct attorney-client communication that is privileged and not subject to disclosure. While the notation itself is not privileged and therefore properly disclosed on the document, Plaintiff seeking the privileged communication behind the notation is improper and the objections are valid. Further, the notation itself has no relevance to Plaintiff's claims in the Adversary as it appears to relate the main bankruptcy case. The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

///

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4078266.1 -- AL109.W1435

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

AlvaradoSmith
A Professional Corporation
Santa Ana

**REQUEST FOR DOCUMENTS NO. 16:**

Produce the business records documenting each "Corporate Advance Adjustment" specified in JPM001052 through JPM001223.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 16:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM001052 to JPM001223 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the corporate advance history screens at JPM2000-2007 and 2024 -2033. Plaintiff has also taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188

(1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 17:**

Produce a copy of the " FFIEC Writeup" specified in JPM002000.

**RESPONSE TO REQUEST FOR DOCUMENTS No. 17:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM002000 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245   Doc# 441   Filed: 10/20/14   Entered: 10/20/14 13:52:08   Page 21 of 64

was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 18:**

Produce business records showing when the X99 Pool was created and the origin of the Notes with which it was populated.

**RESPONSE TO REQUEST FOR DOCUMENTS No. 18:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 19:**

Produce the business records authorizing the trust for the private investor A01/006.

**RESPONSE TO REQUEST FOR DOCUMENTS No. 19:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 20:

Produce the business records authorizing the trust for the private investor A01/013.

## RESPONSE TO REQUEST FOR DOCUMENTS No. 20:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245   Doc# 441   Filed: 10/30/14   Entered: 10/30/14 13:52:08   Page 24 of
64

confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

**REQUEST FOR DOCUMENTS NO. 21:**

Produce the business records specifying the trusts used by Washington Mutual Bank for the Single-Family Residence (SFR) loan portfolios.

**RESPONSE TO REQUEST FOR DOCUMENTS No. 21:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and unintelligible. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has produced documents showing JPMorgan as the owner of the loans. Plaintiff's incorrect assumption and speculation that some other "trust" owns the loan is simply incorrect and for which documents do not exist. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 22:**

Produce the business records specifying the corporations used by Washington Mutual Bank for the Single-Family Residence (SFR) loan portfolios.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245    Doc# 441    Filed: 10/20/14    Entered: 10/20/14 13:52:08    Page 26 of 64

**RESPONSE TO REQUEST FOR DOCUMENTS No. 22:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and unintelligible. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has produced documents showing JPMorgan as the owner of the loans. Plaintiff's incorrect assumption and speculation that some other "trust" owns the loan is simply incorrect and for which documents do not exist. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 23:**

Produce the business records identifying investor A11/006 as per JPM002035.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 23:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245    Doc# 441    Filed: 10/30/14    Entered: 10/30/14 13:52:09    Page 27 of 64

4078266.1 -- AL109.W1435    SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

1 | Party further objects to the extent the request seeks information that is neither relevant

2 | to the subject matter of this litigation nor reasonably calculated to the discovery of

3 | admissible evidence.

4 | **REASONS WHY PRODUCTION SHOULD BE DENIED**

5 |      The objections are proper because JPMorgan has already produced JPM002035

6 | and all other documents with the same notation in its electronic servicing database

7 | called MSP, including but not limited to the investor screens showing JPMorgan as

8 | the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6)

9 | witness with respect to these records on April 21, 2014, and the deposition of Crystal

10 | Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to

11 | these documents. Plaintiff's incorrect assumption and speculation on further

12 | documentation behind a date notation or an internal accounting code in the servicing

13 | records is irrelevant to the issue of whether JPMorgan owns or services the loan and

14 | not reasonably calculated to the discovery of admissible evidence. *Wharton v.*

15 | *Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for

16 | production of documents for inspection and copying could not be granted where there

17 | was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12

18 | F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945);

19 | *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right

20 | of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant

21 | to the subject matter involved in the pending action' or 'reasonably calculated to lead

22 | to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423

23 | (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were

24 | not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D.

25 | 80, 81 (W.D. Mo. 1950).

26 | **REQUEST FOR DOCUMENTS NO. 24:**

27 |      Produce the business records authorizing the transfer and sale or pledging of the

28 | first Loan to private investor A11/006 as per JPM002035.

AlvaradoSmith
A Professional Corporation
Santa Ana

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 24:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced JPM002035 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 25:**

Produce the business records identifying investor A11/013 as per JPM002035.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 25:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM002035 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead

Case: 10-05245   Doc# 441   Filed: 10/20/14   Entered: 10/20/14 13:52:08   Page 30 of
64

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 26:**

Produce the business records authorizing the transfer and sale or pledging of the first Loan Al 1/013 as per JPM002035.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 26:**

Objection.  Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.  Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM002035 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1  production of documents for inspection and copying could not be granted where there

2  was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12

3  F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945);

4  *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982).  The "right

5  of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant

6  to the subject matter involved in the pending action' or 'reasonably calculated to lead

7  to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423

8  (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were

9  not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D.

10  80, 81 (W.D. Mo. 1950).

11  **REQUEST FOR DOCUMENTS NO. 27:**

12      Produce the business records identifying investor X99/013.

13  **RESPONSE TO REQUEST FOR DOCUMENTS NO. 27:**

14      Objection.  Responding Party objects to the request on the grounds that it is

15  vague and ambiguous. Responding Party further objects to the extent the request seeks

16  confidential and/or proprietary information not subject to disclosure. Responding

17  Party further objects to the extent the request seeks information that is neither relevant

18  to the subject matter of this litigation nor reasonably calculated to the discovery of

19  admissible evidence.  Responding Party further objects to the request as duplicative as

20  Responding Party has already produced its servicing records and the original loan

21  documents for inspection on four (4) separate occasions to Plaintiff.

22  **REASONS WHY PRODUCTION SHOULD BE DENIED**

23      The objections are proper because JPMorgan has already produced all

24  documents with the same notation in its electronic servicing database called MSP,

25  including but not limited to the investor screens showing JPMorgan as the investor

26  (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with

27  respect to these records on April 21, 2014, and the deposition of Crystal Davis on

28  August 13, 2014, an accounting manager employee of JPMorgan relating to these

4078266.1 -- AL109.W1435
**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 28:

Produce the business records authorizing the transfer and sale or pledging of the first Loan to investor ID X99/013.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 28:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 29:

Produce the business records identifying investor X01/228 as per JPM002035.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 29:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4078266.1 -- AL109.W1435

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

///

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**REQUEST FOR DOCUMENTS NO. 30:**

Produce the business records authorizing the transfer and sale or pledging of the first Loan to X01/228 as per JPM002035.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 30:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245   Doc# 441   Filed: 10/20/14   Entered: 10/20/14 13:52:08   Page 36 of 64

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 31:**

Produce the business records identifying investor 030/106 as per JPM002035.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 31:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand,*

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4078266.1 -- AL109.W1435
**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

*Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 32:

Produce the business records authorizing and specifying the business entity corresponding to 030/106 as per JPM002035.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 32:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with

ALVARADOSMITH<br>A PROFESSIONAL CORPORATION<br>SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of the admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 33:

Produce the business records identifying client 156 as per JPM002035.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 33:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

# REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

# REQUEST FOR DOCUMENTS NO. 34:

Produce the business records identifying client 908 as per JPM002035.

# RESPONSE TO REQUEST FOR DOCUMENTS NO. 34:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

///

AlvaradoSmith
A Professional Corporation
Santa Ana

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

**REQUEST FOR DOCUMENTS NO. 35:**

Produce the business records relevant to the pledge of the First Loan to the Federal Home Loan Bank of San Francisco as per JPM002035.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 35:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188 (1982). The "right of a

Case: 10-05245   Doc# 441   Filed: 10/20/14   Entered: 10/20/14 13:52:08   Page 42 of 64

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 36:**

Produce the business records authorizing and specifying the transfer of the First Loan from X01/228 on 9/2/2009 to A01/013 effective March 1, 2008 as per JPM002035.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 36:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

irrelevant to the issue of whether JPMorgan owns or services the loan and not

reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 37:

Produce the business records authorizing and specifying the transfer of the First Loan from A11/006 on 12/19/2008 to A01/013 effective March 1, 2008 as per JPM002035.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 37:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

///

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4078266.1 -- AL109.W1435

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced all documents with the same notation in its electronic servicing database called MSP, including but not limited to the investor screens showing JPMorgan as the investor (JPM002035), and Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

## REQUEST FOR DOCUMENTS NO. 38:

Produce the business records authorizing and specifying the WAMU 2008 SFR-1 trust.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 38:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and unintelligible. Responding Party further objects to the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245   Doc# 441   Filed: 10/30/14   Entered: 10/30/14 13:52:08   Page 45 of 64

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

1  extent the request seeks confidential and/or proprietary information not subject to

2  disclosure. Responding Party further objects to the extent the request seeks

3  information that is neither relevant to the subject matter of this litigation nor

4  reasonably calculated to the discovery of admissible evidence.

5  **REASONS WHY PRODUCTION SHOULD BE DENIED**

6       The objections are proper because JPMorgan has produced documents showing

7  JPMorgan as the owner of the loans. Plaintiff's incorrect assumption and speculation

8  that some other "trust" owns the loan is simply incorrect and for which documents do

9  not exist. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y.

10  1966)(A motion for production of documents for inspection and copying could not be

11  granted where there was no showing of existence of the documents); *See, also, Tobin*

12  *v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D.

13  310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188

14  (1982). The "right of a party to obtain discovery is not unlimited. A discovery request

15  must be " 'relevant to the subject matter involved in the pending action' or

16  'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v.*

17  *MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying

18  document requests that were not relevant to the subject matter of the litigation); *White*

19  *v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

20  **REQUEST FOR DOCUMENTS NO. 39:**

21       Produce the business records authorizing and specifying the WAMU 2008

22  SFR-1 trust.

23  **RESPONSE TO REQUEST FOR DOCUMENTS No. 39:**

24       Objection. Responding Party objects to the request on the grounds that it is

25  vague and ambiguous and unintelligible. Responding Party further objects to the

26  extent the request seeks confidential and/or proprietary information not subject to

27  disclosure. Responding Party further objects to the extent the request seeks

28  information that is neither relevant to the subject matter of this litigation nor

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 19-05245   Doc# 441   Filed: 10/20/14   Entered: 10/20/14 13:52:00   Page 46 of
64

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1    reasonably calculated to the discovery of admissible evidence.

2    **REASONS WHY PRODUCTION SHOULD BE DENIED**

3       The objections are proper because JPMorgan has produced documents showing

4    JPMorgan as the owner of the loans. Plaintiff's incorrect assumption and speculation

5    that some other "trust" owns the loan is simply incorrect and for which documents do

6    not exist. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y.

7    1966)(A motion for production of documents for inspection and copying could not be

8    granted where there was no showing of existence of the documents); *See, also, Tobin*

9    *v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D.

10    310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, Bkrtcy.D.Mass. 21 B.R. 188

11    (1982). The "right of a party to obtain discovery is not unlimited. A discovery request

12    must be " 'relevant to the subject matter involved in the pending action' or

13    'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v.*

14    *MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying

15    document requests that were not relevant to the subject matter of the litigation); *White*

16    *v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

17    **REQUEST FOR DOCUMENTS NO. 40:**

18       Produce the business records voiding the WAMU 2008 SFR-1 Trust.

19    **RESPONSE TO REQUEST FOR DOCUMENTS No. 40:**

20       Objection. Responding Party objects to the request on the grounds that it is

21    vague and ambiguous and unintelligible. Responding Party further objects to the

22    extent the request seeks confidential and/or proprietary information not subject to

23    disclosure. Responding Party further objects to the extent the request seeks

24    information that is neither relevant to the subject matter of this litigation nor

25    reasonably calculated to the discovery of admissible evidence.

26    **REASONS WHY PRODUCTION SHOULD BE DENIED**

27       The objections are proper because JPMorgan has produced documents showing

28    JPMorgan as the owner of the loans. Plaintiff's incorrect assumption and speculation

4078266.1 -- AL109.W1435     **SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

that some other "trust" owns the loan is simply incorrect and for which documents do not exist. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 41:**

Produce the business records voiding the WAMU 2008 SFR-2 Trust.

**RESPONSE TO REQUEST FOR DOCUMENTS No. 41:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and unintelligible. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has produced documents showing JPMorgan as the owner of the loans. Plaintiff's incorrect assumption and speculation that some other "trust" owns the loan is simply incorrect and for which documents do not exist. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin*

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

*v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 42:**

Produce the documents authorizing and specifying the corporate advances entered by user "QF5" as per JPM001994 through JPM002023.

**RESPONSE TO REQUEST FOR DOCUMENTS No. 42:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and unintelligible. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM001994 to JPM002023 and all other documents with the same notation in its electronic servicing database called MSP, including but not limited to the corporate advance history screens at JPM2000-2007 and 2024 -2033. Plaintiff has also taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption and speculation on further documentation behind a date notation or an internal accounting code in the servicing records is irrelevant to the issue of whether JPMorgan owns or

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

4078266.1 -- AL109.W1435

services the loan and not reasonably calculated to the discovery of admissible evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y. 1966)(A motion for production of documents for inspection and copying could not be granted where there was no showing of existence of the documents); *See, also, Tobin v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952); *Condry v. Buckeye S.S. Co.* 4 F.R.D. 310 (D.C.Pa.1945); *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188 (1982). The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 43:**

Produce the documents identifying USR (user) "QF5" as per JPM002023.

**RESPONSE TO REQUEST FOR DOCUMENTS No. 43:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM002023 and all other documents with the same notation for "QF5" in its electronic servicing database called MSP, including but not limited to the corporate advance history screens at JPM2000-2007 and 2024 -2033. Plaintiff's request is also an improper interrogatory when the request is for documents. Additionally, Plaintiff has also taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014,

and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents and had full opportunity to seek the identity of an employee then but failed to do so.  Disclosure of private employee information without any reason specified is not warranted and Plaintiff has provided no explanation for the disclosure requested.  Indeed, the information requested  is irrelevant to the issue of whether JPMorgan owns or services the loan and not reasonably calculated to the discovery of admissible evidence. The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

**REQUEST FOR DOCUMENTS NO. 44:**

Produce documents identifying USR (user) "DGR" as per JPM002004.

**RESPONSE TO REQUEST FOR DOCUMENTS No. 44:**

Objection.  Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced JPM002004 and all other documents with the same notation for "DGR" in its electronic servicing database called MSP, including but not limited to the corporate advance history screens at JPM2000-2007 and 2024 -2033. Plaintiff's request is also an improper interrogatory when the request is for documents.  Additionally, Plaintiff has also taken

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

4078266.1 -- AL109.W1435

A
L
V
A
R
A
D
O
S
M
I
T
H

A PROFESSIONAL CORPORATION
SANTA ANA

1  the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014,

2  and the deposition of Crystal Davis on August 13, 2014, an accounting manager

3  employee of JPMorgan relating to these documents and had full opportunity to seek

4  the identity of an employee then but failed to do so.  Disclosure of private employee

5  information without any reason specified is not warranted and Plaintiff has provided

6  no explanation for the disclosure requested.  Indeed, the information requested  is

7  irrelevant to the issue of whether JPMorgan owns or services the loan and not

8  reasonably calculated to the discovery of admissible evidence. The "right of a party to

9  obtain discovery is not unlimited. A discovery request must be " 'relevant to the

10  subject matter involved in the pending action' or 'reasonably calculated to lead to the

11  discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th

12  Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not

13  relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80,

14  81 (W.D. Mo. 1950).

15  **REQUEST FOR DOCUMENTS NO. 45:**

16      Produce the business records for the each transfer of the Adjustable Rate Note

17  between July 26, 2007 and the present.

18  **RESPONSE TO REQUEST FOR DOCUMENTS NO. 45:**

19      Objection.  Responding Party objects to the request on the grounds that it is

20  vague and ambiguous. Responding Party further objects to the extent the request seeks

21  confidential and/or proprietary information not subject to disclosure. Responding

22  Party further objects to the extent the request seeks information that is neither relevant

23  to the subject matter of this litigation nor reasonably calculated to the discovery of

24  admissible evidence.  Responding Party further objects to the request as duplicative as

25  Responding Party has already produced its servicing records and the original loan

26  documents for inspection on four (4) separate occasions to Plaintiff.

27  ///

28  ///

Case: 10-05245   Doc# 441   Filed: 10/30/14   Entered: 10/30/14 13:52:08   Page 52 of
64

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

4078266.1 -- AL109.W1435

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced the original note, credit agreement, and deeds of trust four (4) separate times for Plaintiff's review showing that it is the holder of the original loan documents and owner of both of Plaintiff's loans. The Purchase and Assumption Agreement between JPMorgan and the FDIC has also been produced numerous times to Plaintiff in both discovery and court motions. JPMorgan has also produced the electronic loan origination files relating to both loans. Additionally, JPMorgan produced its electronic loan servicing records from its electronic database platform called MSP, payment histories screens, investor screens, corporate advance records, all servicing notes, all customer service notes, custodial database, and payee and transaction codes relating to accounting, all of which totals over 2000 pages in documents produced to Plaintiff showing that JPMorgan is the servicer of Plaintiff's loans. Plaintiff has also taken the depositions of its 30(b)(6) witness twice with respect to these records on November 21, 2011 and April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents.

## REQUEST FOR DOCUMENTS NO. 46:

Produce the business transaction records for the each transfer of the Deed of Trust for the First Loan between July 26, 2007 and the present.

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 46:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245   Doc# 441   Filed: 10/20/14   Entered: 10/20/14 13:52:08   Page 53 of 64

## REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because JPMorgan has already produced the original note, credit agreement, and deeds of trust four (4) separate times for Plaintiff's review showing that it is the holder of the original loan documents and owner of both of Plaintiff's loans. The Purchase and Assumption Agreement between JPMorgan and the FDIC has also been produced numerous times to Plaintiff in both discovery and court motions. JPMorgan has also produced the electronic loan origination files relating to both loans. Additionally, JPMorgan produced its electronic loan servicing records from its electronic database platform called MSP, payment histories screens, investor screens, corporate advance records, all servicing notes, all customer service notes, custodial database, and payee and transaction codes relating to accounting, all of which totals over 2000 pages in documents produced to Plaintiff showing that JPMorgan is the servicer of Plaintiff's loans. Plaintiff has also taken the depositions of its 30(b)(6) witness twice with respect to these records on November 21, 2011 and April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents.

## REQUEST FOR DOCUMENTS NO. 47:

Produce the business records substantiating the loss of $436,503.26 prior to receivership that has been publicly claimed by the Federal Deposit Insurance Corporation Receiver. (Note: the Receiver claims it does not have the business records).

## RESPONSE TO REQUEST FOR DOCUMENTS NO. 47:

Objection. Responding Party objects to the request as it seeks documents not in the possession of Responding Party. Responding Party objects to the request on the grounds that it is vague and ambiguous and overly broad. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 10-05245   Doc# 441   Filed: 10/20/14   Entered: 10/20/14 13:52:08   Page 54 of
64

4078266.1 -- AL109.W1435

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1    reasonably calculated to the discovery of admissible evidence.  Responding Party

2    further objects to the request as duplicative as Responding Party has already produced

3    its servicing records and the original loan documents for inspection on four (4)

4    separate occasions to Plaintiff.

5    **REASONS WHY PRODUCTION SHOULD BE DENIED**

6           The objections are proper because JPMorgan is not the FDIC and cannot

7    produce records of the FDIC.  Further, JPMorgan has already produced all documents

8    with the same notation of in its electronic servicing database called MSP.  Plaintiff has

9    taken the deposition of its 30(b)(6) witness with respect to these records on April 21,

10   2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager

11   employee of JPMorgan relating to these documents. Plaintiff's incorrect assumption

12   and speculation on further documentation behind a date notation or an internal

13   accounting code in the servicing records is irrelevant to the issue of whether

14   JPMorgan owns or services the loan, or the debt obligation that Plaintiff must repay.

15   Therefore the request is not reasonably calculated to the discovery of admissible

16   evidence. *Wharton v. Lybrand, Ross Bros. & Montgomery*, 41 F.R.D. 177 (E.D.N.Y.

17   1966)(A motion for production of documents for inspection and copying could not be

18   granted where there was no showing of existence of the documents); *See, also, Tobin*

19   *v. WKRZ, Inc.*, 12 F.R.D. 200 (D.C.Pa.1952);  *Condry v. Buckeye S.S. Co.* 4 F.R.D.

20   310 (D.C.Pa.1945);  *In re Hunter Outdoor Products, Inc.*, *Bkrtcy.D.Mass.* 21 B.R. 188

21   (1982).  The "right of a party to obtain discovery is not unlimited. A discovery request

22   must be " 'relevant to the subject matter involved in the pending action' or

23   'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v.*

24   *MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying

25   document requests that were not relevant to the subject matter of the litigation); *White*

26   *v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

27   ///

28   ///

4078266.1 -- AL109.W1435
SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

# REQUEST FOR DOCUMENTS NO. 48:

Produce the business documents that specify the procedures to be used to write down an impaired loan.

# RESPONSE TO REQUEST FOR DOCUMENTS NO. 48:

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and overly broad in time and scope. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

# REASONS WHY PRODUCTION SHOULD BE DENIED

The objections are proper because Plaintiff seeks policies and procedures without limitation as to time, scope, or relevance to the claims in the action. Plaintiff's incorrect assumption and speculation on internal accounting procedures have no relation to what Plaintiff owes on the loans, his default on the loans, and continued stalling tactics to forestall foreclosure and delay his Chapter 11 Bankruptcy case. Indeed the documents sought are irrelevant to the issue of whether JPMorgan owns or services the loan, what Plaintiff owes on the loans, and not reasonably calculated to the discovery of admissible evidence. Plaintiff has also taken the deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these issues. The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).
///

A L V A R A D O S M I T H
A PROFESSIONAL CORPORATION
SANTA ANA

Case: 19-05245   Doc# 441   Filed: 10/30/14   Entered: 10/30/14 13:52:09   Page 56 of
64

4078266.1 -- AL109.W1435
SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1 | **REQUEST FOR DOCUMENTS NO. 49:**

2 |  Produce the business documents that specify the procedures to be used to write

3 | up an impaired loan.

4 | **RESPONSE TO REQUEST FOR DOCUMENTS NO. 49:**

5 |  Objection.  Responding Party objects to the request on the grounds that it is

6 | vague and ambiguous and overly broad in time and scope. Responding Party further

7 | objects to the extent the request seeks confidential and/or proprietary information not

8 | subject to disclosure. Responding Party further objects to the extent the request seeks

9 | information that is neither relevant to the subject matter of this litigation nor

10 | reasonably calculated to the discovery of admissible evidence.

11 | **REASONS WHY PRODUCTION SHOULD BE DENIED**

12 |  The objections are proper because Plaintiff seeks policies and procedures

13 | without limitation as to time, scope, or relevance to the claims in the action.

14 | Plaintiff's incorrect assumption and speculation on internal accounting procedures

15 | have no relation to what Plaintiff owes on the loans, his default on the loans, and

16 | continued stalling tactics to forestall foreclosure and delay his Chapter 11 Bankruptcy

17 | case. Indeed the documents sought are irrelevant to the issue of whether JPMorgan

18 | owns or services the loan, what Plaintiff owes on the loans, and not reasonably

19 | calculated to the discovery of admissible evidence. Plaintiff has also taken the

20 | deposition of its 30(b)(6) witness with respect to these records on April 21, 2014, and

21 | the deposition of Crystal Davis on August 13, 2014, an accounting manager employee

22 | of JPMorgan relating to these issues. The "right of a party to obtain discovery is not

23 | unlimited. A discovery request must be " 'relevant to the subject matter involved in

24 | the pending action' or 'reasonably calculated to lead to the discovery of admissible

25 | evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting*

26 | Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject

27 | matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

28 | ///

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

**REQUEST FOR DOCUMENTS NO. 50:**

Produce the business documents that specify the names all document custodians and the locations for the First and Second Loan.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 50:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and overly broad. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence. Responding Party further objects to the request as duplicative as Responding Party has already produced its servicing records and the original loan documents for inspection on four (4) separate occasions to Plaintiff.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has already produced the original note, credit agreement, and deeds of trust four (4) separate times for Plaintiff's review showing that it is the holder of the original loan documents and owner of both of Plaintiff's loans. JPMorgan has also produced the electronic loan origination files relating to both loans. Additionally, JPMorgan produced its electronic loan servicing records from its electronic database platform called MSP, payment histories screens, investor screens, corporate advance records, all servicing notes, all customer service notes, custodial database, and payee and transaction codes relating to accounting, all of which totals over 2000 pages in documents produced to Plaintiff showing that JPMorgan is the servicer of Plaintiff's loans. Plaintiff has also taken the depositions of its 30(b)(6) witness twice with respect to these records on November 21, 2011 and April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan relating to these documents.

Moreover, JPMorgan can only produce documents in its control custody and possession, and have already produced documents for its custodian.

AlvaradoSmith
A Professional Corporation
Santa Ana

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

1  **REQUEST FOR DOCUMENTS NO. 51:**

2      Produce the business documents that identify or specify "OTHER" Insurance.

3  **RESPONSE TO REQUEST FOR DOCUMENTS NO. 51:**

4      Objection. Responding Party objects to the request on the grounds that it is

5  vague and ambiguous and overly broad. Responding Party further objects to the extent

6  the request seeks confidential and/or proprietary information not subject to disclosure.

7  Responding Party further objects to the extent the request seeks information that is

8  neither relevant to the subject matter of this litigation nor reasonably calculated to the

9  discovery of admissible evidence.

10  **REASONS WHY PRODUCTION SHOULD BE DENIED**

11      The objections are proper because JPMorgan has already produced all

12  documents with the same notation in its electronic servicing database called MSP.

13  Plaintiff has taken the deposition of its 30(b)(6) witness with respect to these records

14  on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an

15  accounting manager employee of JPMorgan relating to these documents. More

16  importantly, both JPMorgan witnesses testified over and over again that no insurance

17  payments or payments from a 3rd party were made on behalf of Plaintiff to discharge

18  his debt on the loans. Plaintiff's incorrect assumption and speculation on an internal

19  accounting notation in the servicing records is irrelevant to the issue of whether

20  Plaintiff's debt was discharged as there is evidence and testimony from JPMorgan that

21  it is not. Plaintiff's disagreement with the evidence does not make the request valid.

22  The "right of a party to obtain discovery is not unlimited. A discovery request must be

23  " 'relevant to the subject matter involved in the pending action' or 'reasonably

24  calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54

25  F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document

26  requests that were not relevant to the subject matter of the litigation); *White v. Skelly*

27  *Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

28  ///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

4078266.1 -- AL109.W1435

**REQUEST FOR DOCUMENTS NO. 52:**

Produce the business documents that show the book value of the First and Second Loans on September 26, 2008.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 52:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and overly broad. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has produced the Purchase and Assumption Agreement with the FDIC numerous times and the "book value" for the loans is irrelevant to whether JPMorgan owns the loans, services the loans, or how much Plaintiff still owes on the loans. Plaintiff has taken the deposition of its 30(b)(6) witness on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan. Both JPMorgan witnesses testified over and over again that no insurance payments or payments from a 3rd party were made on behalf of Plaintiff to discharge his debt on the loans. Plaintiff's incorrect assumption and speculation on that internal accounting notation in the servicing records is irrelevant to the issue of whether Plaintiff's debt was discharged as there is evidence and testimony from JPMorgan that it is not. Plaintiff's disagreement with the evidence does not make the request valid. The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

4078266.1 -- AL109.W1435

AlvaradoSmith
A Professional Corporation
Santa Ana

**REQUEST FOR DOCUMENTS NO. 53:**

Produce the business documents that show the amount paid by JPMorgan Chase Bank, NA to acquire the First or Second Loans.

**RESPONSE TO REQUEST FOR DOCUMENTS NO. 53:**

Objection. Responding Party objects to the request on the grounds that it is vague and ambiguous and overly broad. Responding Party further objects to the extent the request seeks confidential and/or proprietary information not subject to disclosure. Responding Party further objects to the extent the request seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to the discovery of admissible evidence.

**REASONS WHY PRODUCTION SHOULD BE DENIED**

The objections are proper because JPMorgan has produced the Purchase and Assumption Agreement with the FDIC numerous times and the "amount paid" for the loans is irrelevant to whether JPMorgan owns the loans, services the loans, or how much Plaintiff still owes on the loans. Plaintiff has taken the deposition of its 30(b)(6) witness on April 21, 2014, and the deposition of Crystal Davis on August 13, 2014, an accounting manager employee of JPMorgan. Both JPMorgan witnesses testified over and over again that no insurance payments or payments from a 3rd party were made on behalf of Plaintiff to discharge his debt on the loans. Plaintiff's incorrect assumption and speculation on that internal accounting notation in the servicing records is irrelevant to the issue of whether Plaintiff's debt was discharged as there is evidence and testimony from JPMorgan that it is not. Plaintiff's disagreement with the evidence does not make the request valid.

///

///

///

**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

The "right of a party to obtain discovery is not unlimited. A discovery request must be " 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' " *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) *quoting* Fed.R.Civ.P. 26(b)(1)(denying document requests that were not relevant to the subject matter of the litigation); *White v. Skelly Oil Co.*, 11 F.R.D. 80, 81 (W.D. Mo. 1950).

DATED:  October 30, 2014                    ALVARADOSMITH
                                            A Professional Corporation

                                            By:  /s/ S. Christopher Yoo
                                              JOHN M. SORICH
                                              S. CHRISTOPHER YOO
                                              THOMAS S. VAN
                                              Attorneys for Defendant
                                              JPMORGAN CHASE BANK, N.A. AN
                                              ACQUIRER OF CERTAIN ASSETS
                                              AND LIABILITIES OF WASHINGTON
                                              MUTUAL BANK FROM THE FDIC
                                              ACTING AS RECEIVER, erroneously
                                              sued as JPMORGAN CHASE BANK NA

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

61
**SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

4078266.1 -- AL109.W1435

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

## CERTIFICATE/PROOF OF SERVICE

**U.S. BANKRUPTCY COURT – NORTHERN DISTRICT OF CALIFORNIA**
*In Re James Madison Kelley*
Bankruptcy Case No.: 08-55305 ASW
Adversary Case No.: 10-05245

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ALVARADOSMITH, 1 MacArthur Place, Suite 200, Santa Ana, CA 92707.**

On October 30, 2014, I served the foregoing document described **JPMORGAN CHASE BANK, N.A.'S SEPARATE STATEMENT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION RELATING TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS DATED JULY 2, 2014** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **ELECTRONIC SERVICE:** I caused to be delivered by electronic filing on this date each of the above documents, for which our office will maintain the filing receipt, to the following:

*jmadisonkelley@gmail.com*
*USTPRegion17.SJ.ECF@usdoj.gov*
*john.wesolowski@usdoj.gov*

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** The foregoing document will be served by the court via NEF. On October 30, 2014 I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail List to receive NEF transmission at the email address(es) indicated in the attached service list.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.
Executed on October 30, 2014, at Santa Ana, California.

Michelle E. Ault

3629361.1 – AL109.W1435

# SERVICE LIST

*In Re James Madison Kelley*
Bankruptcy Case No.: 08-55305 ASW
Adversary Case No.: 10-05245

James Madison Kelley                    jmadisonkelley@gmail.com
14390 Douglass Lane
Saratoga, CA 95070                      Plaintiff in Pro Se

U.S. Trustee                            USTPRegion17.SJ.ECF@usdoj.gov
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268                      United States Trustee
San Jose, CA 95113-3004


John S. Wesolowski                      john.wesolowski@usdoj.gov
Office of the U.S. Trustee
280 S 1st St. #268                      Trustee
San Jose, CA 95113


Sarah Andropoulos                       (415) 398-3600
Nossaman LLP                            Email: sandropoulos@nossaman.com
50 California St. 34th Fl
San Francisco, CA 94111                 3rd Pty Defendant
                                        Federal Deposit Insurance Corporation, As
                                        Receiver For Washington Mutual Bank

Robert S. McWhorter                     (916)442-8888
Nossaman LLP                            Email: rmcwhorter@nossaman.com
777 S Figueroa St. 34th Floor
Los Angeles, CA 90017                   3rd Pty Defendant
                                        Federal Deposit Insurance Corporation, As
                                        Receiver For Washington Mutual Bank

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

3629361.1 -- AL109.W1435