James M. Kelley
14390 Douglass Lane
Saratoga, CA 95070
jmadisonkelley@gmail.com
Tel: (408) 402-1915

PRO SE



ORIGINAL FILED
NOV 19 2014
United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA – DIVISION 5

| In Re:<br>JAMES MADISON KELLEY,<br><br>Debtor | Chapter 11<br><br>Adversary Case No. 10-05245 |
|---|---|
| JAMES MADISON KELLEY<br><br>Plaintiff<br><br>v.<br><br>JPMORGAN CHASE BANK, NA,<br><br>DOES (1-20) | Plaintiff's Amended Objections<br>To Defendant's Mischaracterizations<br>of the Record in<br><br>"OPPOSITION TO PLAINTIFF'S<br>MOTION TO COMPEL<br>PRODUCTION OF DOCIUMENTS<br>TO JULY 2, 2014 REQUEST FOR<br>PRODUCTION OF DOCUMENTS"<br><br>(Proof of Service Included)<br><br>Honorable Arthur S. Weissbrodt<br><br>Courtroom: 3020<br>Date: December 4, 2014, 3PM |

Amended Objections to Defendant's Mischaracterizatipns        Adversary Case 10-05245

## Objections

Plaintiff objects to the many mischaracterizations put forth by Chase in its Opposition to Plaintiff's Motion to Compel Production of Documents to July 2, Request for Production of Documents. Chase outside attorney continues to misrepresent the history of this case and the importance of the evidence that they have been systematically withholding.

## Regarding The Delays

1. Chase disingenuously blames the Plaintiff for the delays in this case but it is Chase that has caused the delays by refusing to produce the files requested and by refusing the allow the Plaintiff to inspect the questioned collateral file.
2. Chase first produced an electronic copy of the Note on January 26, 2012. This was <u>2 years and 3 months after this adversary case was filed</u>. The note produced was an obvious forgery. Lauri Hoeltzel filed a declaration in this case in this regard.
3. Chase refused to permit Plaintiff to examine the collateral files for 10 more months.
4. Chase later in August pursuant to a QWR produced another paper version of the Note that corrected some of the evidence of forgery but made other obvious errors.
5. In September 2012, the Court ordered Chase to produce all the files for examination within a number of weeks.
6. On October 18, 2012, a document examination was conducted in Santa Ana California. Chase in defiance of the court order did not produce all the documents. It did not produce documents for the HELOC.

   Every page of the collateral file produced on that day had a distinct "color cast" visible to the naked eye. The scanner captured the colorcast. When magnified in Photoshop it was found that a color printer caused the colorcast. Chase fabricated

Amended Objections to Defendant's Mischaracterizations          Adversary Case 10-05245

the loan documents four years after Washington Mutual Bank (the loan servicer) went into receivership and Washington Mutual Inc went into bankruptcy.

7. Plaintiff requested the loan files in electronic form to reduce the cost of examination. On January 11, 2013 the files arrived. The files contained a fourth version of the collateral files. The files like the January 26, 2012 files showed that they had been altered using graphics programs like Adobe Photoshop and Illustrator. Adobe Illustrator produces "vector files" that can drive a Plotter pen or produce printer plates or Autopen signature templates.

8. The HELOC paper was finally produced on January 22, 2013 and was scanned. The HELOC documents were also obvious forgeries. Sometimes showing the signature in black ink and the date in blue ink and other times vice versa. The blue ink on the questioned documents did not match the color the blue ink on the Plaintiff's retained documents.

9. The Court asked the Plaintiff to obtain an expert to look at the questioned documents. Other discovery was delayed during this process. Plaintiff retained Mr. Rybkowski -a computer graphics expert with many years experience. Mr. Rybkowski determined that the documents were altered in his very detailed 43-page report. This was completed by August 2013.

10. Chase through its outside Attorney states that the Plaintiff obtained a " $2.9 million dollar loan" from "Washington Mutual Bank". This is a false statement. The Lender Name on that loan is "Washington Mutual Bank, FA" which is falsely disclosed as an affiliate of Washington Mutual Bank.

11. The Loan was pledged to the Federal Home Loan Bank of San Francisco ("FHLB") between September 1, 2007 and January 1, 2008. Chase's first 30B6 witness -Vicki Landis - denied any knowledge of the Pledging of the Loan but Chase subsequently opposed the Plaintiff's FHLB subpoena.

The First Loan according to the discovery documents was sold to an investor effective January 1, 2008. This is evidence that Washington Mutual Bank did not own the loan on September 25, 2008. Contrary to Chase's assertions the pledging followed by the sale of the loan proves that Chase did not acquire any ownership rights of the loan from the Receiver. Chase is acting as the loan servicer while falsely claiming ownership of the loan. Both the Receiver and Chase have been covering this up.

12. The recent "ACS Image Solutions Inc." discovery is evidence that Washington Mutual Inc (the bank holding company) had complete control and possession of the so-called "WAMU" loan portfolio. This explains why there is no inventory of loans attached to the Purchase and Assumption Agreement. Washington Mutual Bank did not own the portfolio it was merely the loan servicer.

13. Chase through it outside counsel is sticking to the false story that the four different versions of the loan documents, it produced in 2012 and 2013 are all the same original documents. Chase provides no proof of the authenticity of its documents. Mr. Yoo's strident attestations are at best inadmissible hearsay and at worst they are objective lies. This matter can be resolved by showing the court the four versions do not match and that contains the obvious evidence of counterfeiting.

14. There are two independent types of evidence that support the Plaintiff's assertion that the questioned documents are counterfeit. First, the evidence from the examination of the documents produced by Chase. Second the fact that both the Questioned Adjustable Rate Note and the Credit Agreement are fraudulently "blank endorsed" by Cynthia Riley- a woman who was not either an officer or an employee of Washington Mutual Bank or Washington Mutual Bank FA after November 2006.

15. The Plaintiff hired Mr. Rybkowski – a computer graphics expert to explain the differences in the different versions of the collateral files that Chase produced in 2012 and 2013. Mr. Rybkowski chosen because the various versions of the Note and Deeds

of Trust showed evidence of the uses of color printers and graphics programs like Photoshop and Illustrator.

Mr. Rybkowski was not given the task of authenticating the various versions of the purported original loan documents. That would have been impossible. When the various versions of the Chase loan documents are compared one to each other in Court it will be clear that they are counterfeits.

16. The fraudulent blank endorsements of both the First Loan and the HELOC are further proof that the Adjustable Rate Note and the Credit Agreement are counterfeit documents. The blank endorsements are void for fraud. This means that the Chase is cannot be the holder of either the Adjustable Rate Note or the Credit Agreement. It is proof that Chase is not the owner of either the Note or the Credit Agreement as it falsely claims in this Adversary Case. (See Exhibit 16-1 an 16-2 which are copies of the blank endorsements and signature pages on the Note and Credit Agreement)

17. JPM002022 is a Mortgage Servicing Platform screenshot produced by Chase purporting to show that the First loan is part of the "WAMU-PORTFOLIO" and that chain of title review is still pending after 6 years.

18. JPM002023 is a Mortgage Servicing Platform screenshot produced by Chase purporting to show that the HELOC is part of the "WAMU-HE" and that the chain of title is unreviewed after 6 years and the Loan is charged off.

19. The ACS Image Solutions Discovery shows that the WAMU Portfolio was owned and controlled by Washington Mutual Inc. not Washington Mutual Bank. The term "WAMU" refers to Washington Mutual Inc.

20. Chase's asserts that the two TILA claims are barred by the statute of limitations. The assertion is demonstrably false.

Washington Mutual Bank, FA at escrow on July 26, 2007 gave the Plaintiff two copies of the Notice of Right to Cancel ("NORTC"). The mandatory expiration date was missing on both NORTCs. The Plaintiff issued a Letter of rescission August 24,

2009 to JP Morgan Chase Bank, NA. The Rescission Letter was stamped received August 28, 2009 by Chase. Chase did not respond to the Rescission Letter. Plaintiff initiated the adversary case in May 2010 well within the tree year rescission time window. There is no statutory bar to the rescission actions on either loan. (See Exhibit 20  FDIC-R_KELLEY_000556)

21. Chase produced a copy of an "acknowledgement of receipt" purportedly signed and initialed by the Plaintiff indicating that he was given two Notice of Right to Cancel forms.

The language of the acknowledgement is as follows:

> "The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement."

This statement is consistent with facts as far as it goes. The receipt does not confirm that the two Notice of Right to Cancel forms given to the Plaintiff were complete. They were not. Each NORTC given to the Plaintiff was missing the Expiration Date. The receipt kept by the bank cannot overcome the problem that the two Notice of Right to Cancel forms given to the Plaintiff did not have the expiration date. The failure to provide the expiration date on the two forms given to the Plaintiff extends the right of rescission to three years. The "acknowledgement of receipt" is not a disclosure to the Plaintiff it is a receipt given to the bank. (See Exhibit 21)

22. The Lenders Closing Instructions (JPM000237) is clear. The Plaintiff was to be given the original (Filled in form) and its copy of the NORTC and the bank was to get the acknowledgement of receipt. (See Exhibit 22)

23. Exhibit 23 is JPM001053 that shows a "WAMU: 103446606" prior to an "INV CHG" ( investor change) of 12/19/2008. Chase has refused to clarify this loan number.

24. Plaintiff stands by his Motion to Compel as proper and necessary for the resolution of the matters being hidden in this case by Chase. Plaintiff is under Rule 26 entitled to broad discovery but now seeks specific information to interpret the discovery that Chase has produced. Chase is continuing its efforts to cloud the evidence by nondisclosure.

DATED: November 19, 2014

Respectfully Submitted by

*[signature: James Madison Kelley]*

James Madison Kelley

Pro Se Plaintiff

Amended Objections to Defendant's Mischaracterizations					Adversary Case 10-05245

**PROOF OF SERVICE**

I, James Madison Kelley, under penalty of perjury attest that I mailed the following:

'Plaintiff's Amended Objections to Defendant's Mischaracterizations of the Record in

"OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS TO JULY 2, 2014 REQUEST FOR PRODUCTION OF DOCUMENTS" '

by US mail to the following people:

S. Christopher Yoo, esq.
John M. Sorich, esq.
Thomas Van, esq.

Alvarado Smith, PC
1 Macarthur Place, #200
Santa Ana, CA 92707

Dated at Saratoga, California, this 19th day of November 2014

By: _____
James Madison Kelley
Pro Se

Amended Objections to Defendant's Mischaracterizations          Adversary Case 10-05245

**EXHIBITS**

Amended Objections to Defendant's Mischaracterizations  Adversary Case 10-05245

3018113559

## 12. MISCELLANEOUS PROVISIONS

In the event the Note Holder at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical or ministerial mistake, calculation error, computer error, printing error or similar error (collectively "Errors"), I agree, upon notice from the Note Holder, to reexecute any Loan Documents that are necessary to correct any such Errors and I also agree that I will not hold the Note Holder responsible for any damage to me which may result from any such Errors.

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Note Holder delivers to me an indemnification in my favor, signed by the Note Holder, then I will sign and deliver to the Note Holder a Loan Document identical in form and content which will have the effect of the original for all purposes.

WITNESS THE HAND (S) AND SEAL(S) OF THE UNDERSIGNED.

_____
JAMES M KELLEY

Pay to the order of
_____
Without Recourse
WASHINGTON MUTUAL BANK, FA
By _____
CYNTHIA RILEY
VICE PRESIDENT

32743 (11-01)  Page 6 of 6  LNT65USF (VERSION 1.0)

report you as delinquent. However, if our explanation does not satisfy you and you write to us within ten (10) days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settled between us when it finally is.

If we do not follow these rules, we cannot collect the first $50.00 of the questioned amount, even if your bill was correct.

*Special Rule for Credit Card Purchases.* If you have a problem with the quality of property or services that you purchased with a credit card and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or the services. There are two limitations on this right:

(a) You must have made the purchase in your home state or, if not within your home state, within 100 miles of your current mailing address; and

(b) The purchase price must have been more than $50.00.

These limitations do not apply if we own or operate the merchant or if we mailed you the advertisement for the property or services.

**SIGNATURES**

By signing below, you agree to the terms of this Agreement and you acknowledge that you have read and received a copy of this Agreement.

_James Kelley_ (signature)
JAMES KELLEY

Pay to the order of
Without Recourse
Washington Mutual Bank
Cynthia A. Riley, Vice President

JAX MAIL SVC
AUG 28 2009
PROCESSOR 1

JPMorgan Chase Bank, N.A.
P.O. Box 100576
Florence, SC 29502-0576
24 August 2009

James M. Kelley
14390 Douglass Lane
Saratoga, CA 95070
(408) 314-6745
jmadisonkelley@gmail.com

CC: Attached List of addressees

Subject: Rescission of Mortgage Loan Dated July 26, 2007
Loan Number: 3018113559-079

Dear JPMorgan Chase:

Please be informed that for the reasons set forth below, I, James Madison Kelley hereby rescind the loan (3018113559) made by Washington Mutual Bank, FA (WAMU) pursuant to the right of rescission conveyed by Federal Truth in Lending Act (TILA) Regulation Z 226.15 and by 15 U.S.C. § 1635.

Also be informed, that in addition to the rescission claim asserted below, there are additional violations of state and federal laws known and possibly not yet discovered. Included in the federal bankruptcy claims is the claim of *lack of standing* by JP Morgan Chase Bank, NA (JPMC) that has already been asserted in response to its Motion to Lift Stay of Foreclosure.

**Background**

The Federal depository Insurance Corporation (FDIC) took possession of WAMU on September 25, 2008 by order[1] of the Office of Thrift Supervision (OTS)[2]. FDIC sold its assets to JPMC on September 25, 2008.[3] Thus, the assets of WAMU have changed ownership two times since the loan was made. Further, this loan was most likely securitized[4] and mortgage ownership is as yet unknown.

I obtained residential debt consolidation loans from WAMU secured by my Saratoga California home in 2007. The debt consolidation retired an existing WAMU mortgage and a Countrywide HELOC secured by the same residence.

As part of the debt consolidation, I obtained new WAMU mortgage and a home equity line of credit (HELOC). WAMU Agent Louis Helmonds represented that he could obtain

---

[1] Order No. 2008-36, September 25, 2008
[2] OTS NO. 08551
[3] Purchase and Assumption Agreement Whole Bank among Federal Deposit Insurance Corporation Receiver of Washington Mutual Bank, Henderson Nevada Federal Deposit Insurance Corporation and JPMORGAN Chase Bank, National Association dated as of September 25, 2008, pages 44
[4] Peter Barter, FDIC, informed the borrower that the Mortgage was most likely securitized August 2010.

a new mortgage covering the old WAMU mortgage and a new $500,000 HELOC prior to the acceptance of the new mortgage. Mr. Helmonds handled both loans.

## DEFECTIVE TILA DISCLOSURES

Asserted here are two types of defective TILA disclosures. The first concerns fatally defective **"Notice of Right to Cancel"** forms. The second concerns fatally defective errors in the understatement of the Finance Charge in the **Truth in Lending Disclosure Statement**. The following reference WAMU Loan number 3018113559.

### Fatally Defective Notices

On or about July 26, 2007 mortgage loan closings[5] were held at Stewart Title in Saratoga, California. I obtained copies of the "Notice of Right to Cancel" form. The forms failed to specify the date "the rescission period expires" as <u>explicitly required</u> by 12 C.F.R. 226.15(b)(5)[6] and 12 C.F.R. 226.23(b)(1)(v)[7].

Instead the <u>expiration date</u> is missing. In fact, each identical form has only a name and loan number. The information in Box 1 "Your Right to Cancel" is also blank. This is shown in Box 1 of the Washington Mutual Bank "Notice to cancel" form as a blank space marked by a semicolon delimiter on line 1.

This missing information makes ambiguous and confusing the beginning of the three-day recission period. Box1 lists 3 possible events without specifying which event is operative making an inference by the consumer necessary. Finally there is no date on the "Notice of Right to Cancel" form making it unclear when the blank notice was actually received.

Regulation Z (12 C.F.R. 226) requires that in a Truth in Lending Loan the creditor must "deliver 2 copies of the notice of the right to rescind to each consumer" and that <u>notice of the right to rescind has not been delivered</u>[8] unless it contains several specific statements including "the date the rescission period expires".

The facts regarding notice in this case follow the facts in *Rodrigues v. U.S. Bank*[9] where the failure of the bank to fill in the same information on the cancellation notice given to the borrower resulted in extension of the right of cancellation to 3-years.[10] As a

---

[5] The first Loan closing was aborted when it was discovered that monthly payments required by the new loan were much higher than had been previously discussed with the loan agent. The Loan agent obtained new loan documents and a new closing was held at Stewart Title in the same week.
[6] 226.15 (b) (5)          "The date the rescission period expires."
[7] 226.23 (b) (1) (v)      "The date the rescission period expires."
[8] 15 U.S.C. § 1639 (j)
[9] *Rodrigues v. U.S. Bank (In re Rodrigues), Order,* UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF RHODE ISLAND, BK No. 00-11297, Chapter 7, May 22, 2002
[10] Be informed that the C.F.R. 226.23 (f)(2) exemption does not apply because the amount refinanced with Washington Mutual Bank in the debt consolidation exceeded the amount of the extension of credit that was already secured by the residence.

2

consequence <u>this notice of rescission is timely and well within the 3 year statute of repose</u>.[11]

(See the attached "Notice of Right to Cancel" from borrower's loan package)

### **Fatally Defective Finance Charge Disclosure**

A "TRUTH IN LENDING DISCLOSURE STATEMENT" form dated 7/26/2007 attached to a "TRUTH IN LENDING WORKSHEET" form displays a fatally defective "Finance Charge" which is understated by more than $30,000. For a loan in foreclosure (as this loan is) the Finance charge cannot be understated by more than $35. 15 U.S.C. § 1635 (i)(2). This triggers the 3-year right of rescission.

The source of this ostensible error is revealed by examining the "TRUTH IN LENDING WORKSHEET" that shows that the Amount Financed is $2,961,150.87 instead of $2,991,073.52 reported on the "TRUTH IN LENDING DISCLOSURE STATEMENT"(TILDS). A copy of the calculation correcting the "FINANCE CHARGE" is attached to this letter. This overcharge by itself is sufficient for rescission.

Additional errors were made resulting in overcharge totaling $2605.35 due overcharges for interest rate payoffs for the old WAMU and Countrywide Heloc loans. This overcharge by itself is sufficient for rescission.

Further the appraisal fee ($ 895) for the WAMU appraiser[12] is excessive and should be charged as part of the Amount Financed since the borrower had no choice in an appraiser. This overcharge is by itself is sufficient to trigger the 3-year rescission period.

I herby rescind WAMU Loan number 3018113559 for the foregoing defective TILA disclosures both individually and in combination.

(See attached Truth in Lending calculations (using the Office of the Comptroller of the Currency (OCC) calculator version 6.2) and the attached Truth in Lending Disclosure Statement from borrower's loan package.)

### **Action Required by JPMC**

Regulation Z 226.15 (d) specifies the effects of this rescission of the loan as follows:

> **"(d) Effects of rescission.**
>
> (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void, and the consumer shall not be liable for any amount, including any finance charge.

---

[11] 15 U.S.C. § 1639 and Regulation Z § 226.23(a)(3).
[12] A conversation with the appraiser revealed that this charge to WAMU should have been about $600.

3

Case: 10-05245 Doc# 446 Filed: 11/19/14 Entered: 11/19/14 14:43:01 Page 15 of 19
FDIC-R_KELLEY_000558
EXHIBIT 20

## ATTACHMENT 4

### List of Addressees

For FDIC
Michelle K. Sugihara, Esq.
Luce, Forward, Hamilton & Scripps LLP
601 South Figueroa, Suite 3900 | Los Angeles, CA 90017
Re: Case Number: 08-55305-ASW

Attention: Loan Rescission
Washington Mutual/JPmorganChase
P.O. Box 100576
Mailstop: FSC0170
Florence, SC 29502-0576
Re: Case Number: 08-55305-ASW

Attention: Loan Rescission
Washington Mutual/JPMorgan chase
7255 Baymeadows way
Jacksonville, FL 32256-6851

(Hand Delivered)
Washington Mutual Branch Office
5295 Prospect Road
San Jose, California 95129

Washington mutual Bank, FA
C/O Quality Loan Service Corp
2141 5th Avenue
San Diego, CA 92101
619-645-7711
Re: Case Number: 08-55305-ASW

Pite Duncan, LLP
4375 Jutland drive, suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Attn: Case Number: 08-55305-ASW

Norm Bahlert , Esq
Rouse & Bahlert
345 Franklin Street
San Francisco, California 94102
Attn: Case Number: 08-55305-ASW

9

EXHIBIT 20

FDIC-R_KELLEY_000568

NRTC   NOTICE TO CUSTOMERS  ꜜUIRED BY FEDERAL LAW FEDERA  ꜜESERVE REGULATION Z
NOTICE OF RIGHT TO RESCIND (GENERAL)

## NOTICE OF RIGHT TO CANCEL

M35 _____   ACCOUNT NO. 3018113559-079
(Identification of Transaction)

### 1. Your Right to Cancel

You are entering into a transaction that will result in a (mortgage/lien/security interest) (on/in) your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the transaction, which is  7-26-07  ;
or
(2) The date you received your Truth in Lending disclosures;
or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the (mortgage/lien/security interest) is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the (mortgage/lien/security interest) (on/in) your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### 2. How to Cancel

If you decide to cancel this transaction, you may do so by notifying us in writing, at:
WASHINGTON MUTUAL BANK, FA
4920 JOHNSON DRIVE BLDG. B, PLEASANTON, CA 94588   877/201-0061

You may use any written statement that is signed and dated by you and states your intention to cancel, and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of  7-30-07  (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____          _____
SIGNATURE                                 DATE

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement.

Each borrower/owner in this transaction has the right to cancel. The exercise of this right by one borrower/owner shall be effective to all borrowers/owners.

James M. Kelley   7-26-07
BORROWER/OWNER                            DATE              BORROWER/OWNER                            DATE
JAMES M KELLEY

BORROWER/OWNER                            DATE              BORROWER/OWNER                            DATE

-68 (0305)                    12/97

VMP Mortgage Solutions (800)521-7291

Case: 10-05245   Doc# 446   Filed: 11/19/14   Entered: 11/19/14 14:43:01   Page 17 of 19
EXHIBIT 21

CES1



# LENDER'S CLOSING INSTRUCTIONS

| TO | TITLE INSURANCE COMPANY |
|---|---|
| STEWART TITLE OF CALIFORNIA<br>12820 SARATOGA-SUNNYVALE ROAD<br>SARATOGA, CA 95070 | STEWART TITLE OF CALIFORNIA<br>12820 SARATOGA-SUNNYVALE ROAD<br>SARATOGA, CA 95070<br>PHONE NUMBER 408-867-5230 |

| FILE NUMBER | | | TITLE ORDER NUMBER | | |
|---|---|---|---|---|---|
| 34434708 | | | 34434708 | | |
| LENDER LOAN NUMBER | DOCUMENT DATE | LOAN TYPE | RATE% | LOAN AMOUNT | SALES PRICE/VALUE |
| 3018113559 | 07/26/2007 | CONV | 1.775 | $ 2,992,265.00 | $ 4,400,000.00 |
| MORTGAGOR(S)<br>JAMES M KELLEY | | | | | |

The above captioned loan has been approved by __WASHINGTON MUTUAL BANK, FA__
(the "Lender") for closing. Your acceptance will constitute a warranty that you have complied or will comply with the following instructions:

- Validate Applicant Identification Verification form prior to borrower executing documents
- Your closing of this transaction will be in total conformance with the Earnest Money/Purchase and Sale Agreement and any addenda or amendments;
- All requirements of this form, the Addendum to Closing Instructions Broker Loans (if attached), and the Estimated Disbursement Statement to Settlement Agent have been met; and
- The following documents are executed according to instructions.

Funds in the amount of $ __2,992,265.00__, less loan charges shown on attached Estimated Disbursement Statement, ☐ are being provided to you by us at this time ☒ will be provided to you by us when you have complied with the following instructions.

This loan is scheduled to close on __07/31/2007__. ☒ This is an estimated closing date but the loan must close no later than __08/06/2007__. ☐ The loan must close on _____ or you must return all funds and documents to Lender.

Applicant Identification Verification (AIV) – If the information has been provided, obtain the identification document from the applicant and compare it to what is listed and verify the accuracy. If the information has not been completed, obtain one of the identification types indicated and complete the form. Provide your signature indicating that you have verified and completed the form.
- This document must be completed prior to any documents being executed by the borrower(s).
- If there are any discrepancies in any of the information provided, you (the settlement agent) must immediately contact the Loan Coordinator and MUST NOT proceed with the closing.
- Escrow states: The settlement agent should return the AIV form with the closing package for validation (to ensure the form has been signed by settlement agent) prior to closing.
- Non-escrow states: The AIV form should be faxed back to the Loan Fulfillment Center by the settlement agent for validation (to ensure the form has been signed by settlement agent) prior to funding of the loan.

PLEASE NOTE: If customer provides state-issued identification from the state of Massachusetts, Michigan, Missouri, or Texas, please complete the Issue Date on the AIV Form as "Not Applicable," as these states do not provide this information. State-issued identification from the state of Minnesota, issued prior to 2005, will also not provide an Issue Date.

It is the settlement agent's responsibility to ensure that any contracted agents (i.e. notary) complete the AIV *prior* to allowing the borrower(s) to execute documents.

The following documents are to be signed by the borrower(s) exactly as typed, *including initials*. If the documents are being signed via power of attorney, and such is not indicated on the typed documents, you must obtain Lender's approval prior to signing. *Do not* make any alterations or corrections without prior approval or there may be a delay in the disbursement of Lender funds. *Do not obtain original signatures on copies of Note and Security Instrument.* Borrower(s) must be provided with copies of documents.

☒ APPLICANT IDENTIFICATION VERIFICATION: Settlement agent to validate, execute and date document.
☒ TRUTH IN LENDING DISCLOSURE STATEMENT: Executed and dated. Return original; copy to borrower(s).
☐ ITEMIZATION OF AMOUNT FINANCED: Attach copy to borrower's copy of TIL.
☒ NOTICE OF RIGHT TO CANCEL (RESCISSION): Insert appropriate dates and deliver original and Borrower's copy to borrower. Return Bank copy. Obtain Borrower(s) initials indicating acknowledgement of receipt.
☒ BORROWER'S DISBURSEMENT AUTHORIZATION: Return original; executed and dated by all borrower(s).
☒ NOTE: Original; executed by all borrower(s). If this is a VA loan, original to be signed and notarized. If this is a second mortgage with a call option, original to be signed and initialed.
☒ NOTE RIDER/ADDENDUM: Original(s); executed by all borrower(s).
☒ SECURITY INSTRUMENT: True and exact copy of the executed and notarized deed of trust, mortgage, or other security instrument (the "Security Instrument"). Retain original for recording.
☒ ADJUSTABLE RATE RIDER/ADDENDUM TO ADJUSTABLE RATE RIDER: True and exact copy of executed rider(s). Retain original and attach to Security Instrument for recording.
☐ CONDO RIDER or ☐ PUD RIDER or ☐ SECOND HOME RIDER or ☐ BALLOON RIDER or ☐ 1-4 FAMILY RIDER or ☐ CONSTRUCTION TERM RIDER or ☐ REHAB. LOAN RIDER or ☐ LEASEHOLD RIDER or ☐ CONDITIONAL RIGHT TO MODIFY INTEREST RATE RIDER or ☐ CONDITIONAL RIGHT TO MODIFY MARGIN RIDER: True and exact copy of executed rider(s). Retain original and attach to Security Instrument for recording.

Case: 10-05245　Doc# 446　Filed: 11/19/14　Entered: 11/19/14 14:43:01　Page 18 of
EXHIBIT 22
JPM000237

**11/26/08 WORKING BILL CODE ERROR REPORT, CHANGED BILL CODE**

```
3018113559
Tax Process Note
Date:           11/26/2008
Time:             10:18:04
User:                  AXO
WORKING BILL CODE ERROR REPORT,
CHANGED BILL CODE FROM 1 TO
2....JINMAN
```

**11/26/08 USER HAS COMPLETED THE DOCFWD CLIENT DATA FORM WI**

```
3018113559
Customer Service Note
Date:           11/26/2008
Time:             10:42:11
User:                  @VU
USER HAS COMPLETED THE DOCFWD
CLIENT DATA FORM WITH THE FOLLOWING
ENTRIES: : DECLARATION : : : : :
WAMU : 103446606
```

**11/26/08 USER HAS COMPLETED THE REVDOCREVIEW DTL DATA FORM**

```
3018113559
Actl Activity
12/19/08
INV CHG & EFFECTIVE DATE
```

**11/25/08 FILE REVIEW: DOCUMENT REVISIONS DOWNLOADED ON 11/2**

```
3018113559
Actl Activity
12/19/08
INV CHG & EFFECTIVE DATE
```

**11/25/08 INTERCOM FROM: SCHMIDT, DANIELLE - TO: VILLASENOR,**

```
3018113559
Actl Activity
12/19/08
INV CHG & EFFECTIVE DATE
```

**11/24/08 USER HAS COMPLETED THE REVDOCIMAGED DTL DATA FORM**

```
3018113559
Actl Activity
12/19/08
INV CHG & EFFECTIVE DATE
```

**11/24/08 USER HAS COMPLETED THE DOC REVISION DTL DATA FORM**

```
3018113559
Actl Activity
12/19/08
INV CHG & EFFECTIVE DATE
```

**11/24/08 USER HAS COMPLETED THE DOCREVIEW CLIENT DATA FORM**

```
3018113559
Actl Activity
12/19/08
INV CHG & EFFECTIVE DATE
```

**11/21/08 DANIELLE SCHMIDT - (CONT) - DS OF THE FIRM AROUND**

```
3018113559
Actl Activity
12/19/08
INV CHG & EFFECTIVE DATE
```

**11/21/08 INTERCOM FROM: DANIELLE SCHMIDT - TO: VILLASENOR,D**

```
3018113559
Actl Activity
12/19/08
INV CHG & EFFECTIVE DATE
```

**11/21/08 INTERCOM FROM: VILLASENOR, DAVID - TO: SCHMIDT, DA**

```
3018113559
Actl Activity
```