James M. Kelley
14390 Douglass Lane
Saratoga, CA 95070
Tel:    (408) 402-1915
Email: jmadisonkelley@gmail.com

PRO SE

ORIGINAL

FILED

JUN 1 9 2015

United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DIVISION OF CALIFORNIA –DIVISION 5

| | |
|---|---|
| JAMES MADISON KELLEY,<br><br>Debtor | BK CASE NO.:      08-55305 ASW<br>AP Case No:      10-05245<br><br>*Assigned for all purposes to:*<br>Honorable Judge Arthur S. Weissbrodt<br>Courtroom: 320 |
| JAMES MADISON KELLEY,<br>        Plaintiff/Debtor<br>v.<br>JPMORGAN CHASE BANK, NA;<br>WASHINGTON MUTUAL BANK;<br>DOES (1-20),<br>        Defendants. | **PLAINTIFFS /DEBTORS NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; STATEMENT OF UNDISPUTED MATERIAL FACTS; DECLARATION OF JAMES M. KELLEY; [PROPOSED] ORDER**<br><br>*[Filed Concurrently with Request for Judicial Notice]*<br><br>**HEARING:**<br>**Date:** July 24, 2015<br>**Time:** 3pm<br>**Dept.:** Room 320 |

1

Case: 10-05245    Doc# 463    Filed: 06/19/15    Entered: 06/22/15 16:04:06    Page 1 of 21

## I. INTRODUCTION

Plaintiff/Debtor James M. Kelley ("Kelley") moves the Court for a partial summary judgment, or in the alternative summary adjudication as to each of his claims against JP Morgan Chase Bank, N.A. ("Chase") and Washington Mutual Bank as outlined in his Third Amended Complaint, Number **10-05245** pursuant to Fed. R. Civ. P. 56.

## Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I.    INTRODUCTION ...............................................................................................................1

II.   LEGAL STANDARD ..........................................................................................................2

III.  POINTS AND AUTHORITIES........................................................................................3

1.   Plaintiff is Entitled to Summary Judgment on the Invalidity of the Contract ...................3

   A.    Burden of Proof and Elements ....................................................................................3

   B.    Elements Proven...........................................................................................................3

      1.    Contract Violates § 1558.......................................................................................3

      2.    Contract Violates § 1550.......................................................................................4

      3.    Contracts are Result of Unfair Business Practices ..............................................4

      4.    Deed of Trust Not Enforceable Pursuant to Civil Code § 1598..................................5

   C.    As a Matter of Law the Contracts Are Invalid ...........................................................6

2.   Plaintiff is Entitled to Summary Judgment for Second Claim of TILA Rescission on first loan7

   A.    Burden of Proof and Elements ....................................................................................8

   B.    Elements Proven...........................................................................................................8

   C.    As a Matter of Law the Rescission was Effective as of August 24, 2009. ......................9

3.   Plaintiff is Entitled to Summary Judgment for Third Claim of TILA Rescission of HELOC ..............................................................................................................................9

   A.    Burden of Proof and Elements ....................................................................................9

Case: 10-05245    Doc# 463    Filed: 06/19/15    Entered: 06/22/15 16:04:06    Page 2 of 21

B.   Elements Proven ......................................................................9

C.   As a Matter of Law the Rescission was Effective as of June 24, 2010 .........................10

4.   Plaintiff is Entitled to Summary Judgment Objection of Proof of Claim 2 for the First Loan........................................................................................10

A.   Burden of Proof and Elements ...................................................11

B.   Chase Cannot Meet its Burden of Proof..........................................11

   1.   Deed of Trust Lacks Assignment and is Invalid ...........................11

   2.   Chase Records Show It Does Not Own the Loan............................12

   3.   The Indorsement is Fraudulent ..............................................12

5.   Plaintiff is Entitled to Summary Judgment Objection of Proof of Claim 3 for the Heloc 14

A.   Burden of Proof and Elements ...................................................14

B.   Chase Can Not Prove Elements of Claim .........................................15

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ..............................2

Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417 (1998) ..................................8

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ....................................2

ch, 523 U.S. at 412-413.................................................................7

Cisco v. Van Lew, 60 Cal.App.2d 575, 141 P.2d 433, 437 (1943)...........................6

Diamant v. Kasparian (In re So. Cal. Plastics, Inc.), 165 F.3d 1243, 1248 (9th Cir.1999) ....11, 14

Garner v. Shier (In re Garner), 246 B.R. 617, 622 (9th Cir.................................11, 14

Hooper v. Anderson (In re Hooper), 2012 Bankr. LEXIS 680, *22-23 (B.A.P. 9th Cir. Feb. 14, 2012) ................................................................13

Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 190 L. Ed. 2d 650, 574 U.S. (2015) .....................................................................2, 7, 8, 15

Losson v. Blodgett, 1 Cal.App.2d 13, 36 P.2d 147, 149 (1934).............................6

3

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586.............................2

Nuetzel v. Mackie (1927) 80 Cal.App. 768...............................................................13

People v. Cassou (1915) 27 Cal.App. 23, 27.............................................................14

San Francisco Hotel Co. v. Baior, 189 Cal.App.2d 206, 11 Cal.Rptr. 32, 36 (1961).....................6

Walsh v. Hunt (1898) 120 Cal. 46, 47 [52 P. 115]......................................................13

**Statutes**

15 U.S.C. § 1635(a)...............................................................................7, 8

15 U.S.C. § 1635(b)..................................................................................7

15 U.S.C. § 1635(d)..................................................................................7

15 U.S.C. § 1635(f)..................................................................................7

Bus. & Prof. Code § 10240...........................................................................6

Cal. Comm. Code § 1201(b)(8).......................................................................12

Cal. Comm. Code § 3-406(a).........................................................................13

Cal. Comm. Code § 3-407(a).........................................................................13

Cal. Penal Code § 532..............................................................................14

Cal. Penal Code § 7(12)............................................................................14

Civ. Code § 1550.................................................................................3, 4

Civ. Code § 1558....................................................................................3

Civ. Code § 1565....................................................................................4

Civ. Code § 1598...............................................................................3, 5, 7

Civ. Code § 3391.................................................................................5, 6

DRE § 2731..........................................................................................6

Fed. R. Civ. P. 56(a)...............................................................................2

**Other Authorities**

9 [COLLIER ON BANKRUPTCY 3007.01 [1] (Alan N. Resnick & Henry J. Sommer eds. 15th
    ed. rev. 2006 ]..............................................................................11, 15

4

Case: 10-05245   Doc# 463   Filed: 06/19/15   Entered: 06/22/15 16:04:06   Page 4 of
21

**Rules**

12 C.F.R. 1026.23(a)(2) ...................................................................8

12 C.F.R. § 226(b)(5) ...................................................................8

12 C.F.R. Pt. 226, Apps. H-8, H-9 ...................................................................8

12 C.F.R.226.23(a)(2) ...................................................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff/Debtor Motion for Partial Summary Judgment          AP: 10-05245

James M. Kelley v. JP Morgan Chase Bank, N.A.          BK: 08-55305 ASW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff/Debtor Dr. James M. Kelley (hereinafter "Dr. Kelley" or "Plaintiff") entered into a financial transaction with whom he believed at the time, to be a federal regulated bank. Dr. Kelley worked with Louis Helmonds ("Helmonds") a loan consultant stationed in the Washington Mutual Bank Branch, and Helmonds assistant Rosalie Silva.   Helmonds negotiated two loans with Dr. Kelley, the initial loan ("First Loan") which would pay off the current Washington Mutual Loan and a Countrywide Loan; and simultaneously a HELOC for $500,000 so that Dr. Kelley could fund the loans while selling the property.

Helmonds represented the First Loan was being funded by Washington Mutual Bank, F.A. (Kelley Decl. ¶ 4; UMF #2); and that Dr. Kelley had to agree to a prepayment penalty on the First Loan to lower the interest rate (Kelley Decl. ¶ 3, UMF #1) increasing Dr. Kelley's risk and locking him into the loan for the first year; and that the HELOC would be funded simultaneously with the First Loan in the amount of $500,000 through low documentation. (Kelley Decl. ¶¶ 32-35). All three of these representations were false; they materially impacted Dr. Kelley's ability to repay the loans and forced Dr. Kelley into this Chapter 11 bankruptcy.

Compounding the problems, through discovery from Stewart Title, JP Morgan Chase Bank, N.A. ("Chase") with Chase and Washington Mutual documentation, and depositions with Helmonds, the loan consultant; Rosalie Silva ,who couldn't remember her title or actual employer, but appears to have been an assistant to Helmonds;  Crystal Davis, Associate Controller; and Cynthia Riley, Vice President and ex-employee of Washington Mutual Bank – Dr. Kelley has a clearer picture of the predatory, illegal business practices of Washington Mutual and Chase; and the violations of TILA, RESPA, and Reg Z.  As a result of these discoveries, Dr. Kelley, as his right by law, mailed two Notices of Rescissions. The first rescission of the First Loan was mailed on August 24, 2009 and received by Chase on August 28, 2009 (UMF # 21); the second rescission for the HELOC was mailed on June 24, 2010 (UMF #55).  Pursuant to the United States Supreme Court, these loans are rescinded. Terminated.

Plaintiff/Debtor Motion for Partial Summary Judgment          AP: 10-05245
James M. Kelley v. JP Morgan Chase Bank, N.A.          BK: 08-55305 ASW

1  Done. Finished. Over.  *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 190 L. Ed.
2  2d 650, 574 U.S. (2015).

3      These two loans were the result of predatory lending; they are based on illegal and unfair
4  business practices that were designed to force Dr. Kelley into forfeiting his property, valued
5  at over $4,000,000 dollars so Helmonds and his "lender" could profit. The law does not stand
6  for such practices. Chase has no standing. Chase has no valid or legal right to Kelley's
7  payments or a valid secured interest.   The facts are clear and undisputed; Kelley is entitled
8  to a partial summary judgment on claims one through five, or summary adjudication of the
9  invalidity of the contract, TILA rescission of the first loan and HELOC loan; and Chase cannot
10  prevail on its proof of claims.

11  ## II.    LEGAL STANDARD

12      "The court shall grant summary judgment if the movant shows that there is no genuine
13  dispute as to any material fact and the movant is entitled to judgment as a matter of law."
14  Fed. R. Civ. P. 56(a) . A party seeking summary judgment always bears the initial
15  responsibility of informing the court of the basis for its motion, and identifying those portions
16  of the pleadings, depositions, answers to interrogatories, and admissions on file, together
17  with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of
18  material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

19      Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby,*
20  *Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient
21  evidence for a reasonable fact-finder to return a verdict for the nonmoving party. Id.   Entry
22  of summary judgment is appropriate "against a party who fails to make a showing sufficient
23  to establish the existence of an element essential to that party's case, and on which that party
24  will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. If the moving party meets
25  its initial responsibility, the burden then shifts to the opposing party to establish that a
26  genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
27      ///

28

2

# III.   POINTS AND AUTHORITIES

**1.**   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON THE INVALIDITY OF THE CONTRACT

### A. Burden of Proof and Elements

The validity of a contract governed by the State of California is outline in Civ. Code §§ 1558, 1550, 1598. The contract is governed by the State in which the real property is located, which is California. (UMF ## 1, 63) § 1558 mandates it is essential to the validity of a contract, not only that the parties exist, but that it should be possible to identify them; §1550 requires 1. Parties capable of contracting; 2. Their consent; 3. A lawful object; and, 4. A sufficient cause or consideration. § 1598 requires that where a contract has but a single object, and such object is unlawful….the entire contract is void.

### B. Elements Proven

### *1. Contract Violates § 1558*

The First Loan Promissory Note and Deed of Trust identifies Washington Mutual Bank, F.A. as the "Lender". (UMF #2). However, as of April 2005, Washington Mutual Bank had merged into Washington Mutual Bank, F.A.; then Washington Mutual Bank, F.A. took on the name of Washington Mutual Bank, transferring its federal bank charter to the name of Washington Mutual Bank. (UMF #3). Washington Mutual Bank, F.A. was no longer a separate operating entity or dba of Washington Mutual Bank – it was just a "name". Washington Mutual Bank claimed Washington Mutual Bank, F.A. to be a separate legal entity and business affiliate with the right to charge each other fees, completing the deception. (UMF ##6). Additionally, as outlined in the "Loan Transfer History" sheet supplied by Chase during discovery, the initial investor was a "Government Sponsored Entity" who then sold the loan to a private investor (which Chase refuses to identify) to yet, another private investor (which Chase refuses to identify). (UMF ## 27-34) This was yet another deception in the formation of the Promissory Note and Deed of Trust for the First Loan; Failure to identify the actual lender is a violation of Civ. Code § 1558.

Plaintiff/Debtor Motion for Partial Summary Judgment          AP: 10-05245
James M. Kelley v. JP Morgan Chase Bank, N.A.                 BK: 08-55305 ASW

Case: 10-05245   Doc# 463   Filed: 06/19/15   Entered: 06/22/15 16:04:06   Page 8 of 21

## 2. Contract Violates § 1550

§ 1550 requires that the parties be "capable of contracting" – however Washington Mutual Bank, F.A. was no longer a chartered bank – it was a "name" used by Washington Mutual Bank and pursuant to the Office of Comptroller, Washington Mutual Bank was required to identify itself by its *legal name* on the contract. (UMF # 4). But instead, the Note and Deed of Trust reflect the name Washington Mutual Bank, F.A. who was not capable of contracting. § 1550 also requires that the parties pay "consideration". The funding of the loan, according to the Loan Transfer History, came from an undisclosed government entity, not Washington Mutual Bank. (UMF # 27). The formation and legality of the contract also requires a "meeting of the minds' – mutual consent. Under Civ. Code § 1565 "[t]he consent of the parties to the contract must be 1.Free; 2. Mutual; and 3. Communicated to each other." Here Helmonds assured Dr. Kelley the HELOC would fund at $500,000 and simultaneously. The HELOC was an important element of the First Loan – which not only took an additional two months, it was for half the promised funds. (UMF #62) Helmonds further deceived Dr. Kelley by insisting that Dr. Kelley agree to a potential $59,945 prepayment penalty if the property sold in the first year (which was the intent of Dr. Kelley) in order to get a "lower interest" rate that Helmonds did not give. (UMF # 10). This was false. (UMF #13).

## 3. Contracts are Result of Unfair Business Practices

Mr. Kelley's right to know the true creditor is not one of simple common sense, it is also a pragmatic business decision as to who he has engaged to do business with. In this case the deception put him into business with entities that he never would have chosen to do business with, and increased his costs because of the subterfuge and deception that started with the initiation and origination of the loan. The loan paperwork claimed the Washington Mutual entities were separate, legal entities. (UMF #6) The Washington Mutual Bank, F.A. identified on the loan was deceptive, leading Mr. Kelley into believing he was dealing with a federal regulated bank governed by the policies and practices of responsible lending. (Kelley Decl. ¶ 4) This was untrue; not only did Washington Mutual Bank, F.A. not exist – it

4

Plaintiff/Debtor Motion for Partial Summary Judgment    AP: 10-05245
James M. Kelley v. JP Morgan Chase Bank, N.A.            BK: 08-55305 ASW

Case: 10-05245    Doc# 463    Filed: 06/19/15    Entered: 06/22/15 16:04:06    Page 9 of 21

1  was no longer governed by the Office of Thrift Supervision. Which may explain why the
2  "loan consultant" positioned in the Washington Mutual Bank branch felt comfortable in
3  misrepresenting to Dr. Kelley the terms of the loans, and the promise of the loans.

4     Helmonds represented that Dr. Kelley was required to agree to a prepayment penalty –
5  Dr. Kelley entered the agreement based on Helmonds representations, to Dr. Kelley's harm
6  and detriment. Unbeknownst to Dr. Kelley, no prepayment penalty was required. (UMF #
7  18). Helmonds withheld this from Dr. Kelley. (Kelley Decl. ¶¶ 12, 13).

8     Helmonds represented to Dr. Kelley that the HELOC would fund simultaneously for
9  $500,000, which was documented as an agreed upon term. (UMF # 32). However, after
10 repeated delays, the HELOC was not funded until September 18, 2007 and for half of what
11 was promised. (Kelley Decl. ¶ 34; UMF #36).  Further, on the day of signing Helmonds was
12 notified that the interest rate had gone down by .5% and a second set of documents were
13 printed and issued. (UMF ## 38-40; 52, 53).  The system was manually overwritten to keep
14 the initial terms.  Dr. Kelley was not notified of this interest rate change or presented the
15 documents. (Kelley Decl. ¶ 22; UMF # 50, 53).

16    The Notices of Right to Cancel were withheld from Dr. Kelley. Chase presented them in
17 discovery –showing that they held the Notices (they produced three unsigned copies) and
18 the Acknowledgement Disclosure of the TILA Notices have the forged signature of Dr.
19 Kelley with incorrect dates. (UMF ## 45, 46; Kelley Decl. ¶ 23)

20    The failure to secure the full $500,000 as promised, harmed Dr. Kelley in that his intent
21 was to leverage the $500,000 to fund the payments during the sale of his property. Because
22 Washington Mutual did a bait and switch, he was undercapitalized by $250,000.  Helmonds
23 and Washington Mutual Bank's business practices were unfair and deceptive and pursuant
24 to Civ. Code § 3391 the Contracts are unenforceable.

25    *4.  Deed of Trust Not Enforceable Pursuant to Civil Code § 1598*
26    The deed of trust, pursuant § 1598, is not enforceable for the reason it seeks to enforce an
27 unenforceable Note.  (UMF # 1, Ex. 1, Deed of Trust).

28

## C. As a Matter of Law the Contracts Are Invalid

It is essential not only that the parties to the contract exist, but that it is possible to identify them.  Civ. Code § 1558. See *San Francisco Hotel Co. v. Baior*, 189 Cal.App.2d 206, 11 Cal.Rptr. 32, 36 (1961) (names of seller and buyer are essential factors in considering whether contract is sufficiently certain to be specifically enforced); *Cisco v. Van Lew*, 60 Cal.App.2d 575, 141 P.2d 433, 437 (1943) (contract for sale of land must identify the parties to the transaction); *Losson v. Blodgett*, 1 Cal.App.2d 13, 36 P.2d 147, 149 (1934) (valid real property lease must contain names of parties).  Washington Mutual Bank, F.A. was incapable of contracting and failed to identify it was an operating name of Washington Mutual Bank. (UMF # 3). The Department of Real Estate under § 2731 does not allow any licensee to use a fictitious name, even if the dba is registered with the county; Bus. & Prof. Code § 10240 requires a mortgage broker to provide a Mortgage Loan Disclosure Statement within three days of completing a loan application and before the borrower becomes liable on the Note;  in a February 2000 letter from the Office of the Comptroller to Landmark Bank, the OCC instructed Landmark that while it may use a "branch name statement" all legal documents – including loan agreements – must disclose the legal name of the insured institution. (See RJN #2, a true and correct copy of Interpretive Letter # 881; UMF # 4).  Washington Mutual Bank, F.A. claimed to act as the "lender" which was false; Washington Mutual Bank, F.A. at most was an assumed name. Washington Mutual Bank's business practice of using Washington Mutual Bank, F.A. to conceal the identity of the true creditor was an unfair business practice; pursuant to Civ. Code § 3391[1] a loan induced through unfair or deceptive business practices is not enforceable;

---

[1] Civ. Code § 3391(3): Specific performance cannot be enforced against a party to a contract in any of the following cases: (3) If his assent was obtained by the misrepresentation, concealment, circumvention, or unfair practices of any party to whom performance would become due under the contract, or by any promise of such party which has not been substantially fulfilled.

6

Plaintiff/Debtor Motion for Partial Summary Judgment
James M. Kelley v. JP Morgan Chase Bank, N.A.

AP: 10-05245
BK: 08-55305 ASW

Case: 10-05245   Doc# 463   Filed: 06/19/15   Entered: 06/22/15 16:04:06   Page 11 of 21

pursuant to Civ. Code § 1598[2] a contract whose sole intent is to enforce an unenforceable contract is void.

As a matter of law, the First Loan contracts are invalid. WHEREFORE Plaintiff/Debtor Kelley is entitled to partial summary judgment, or in the alternative, summary adjudication the Claim of Invalid Contract.

## 2.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT FOR SECOND CLAIM OF TILA RESCISSION ON FIRST LOAN

TILA gives borrowers a "right to rescind" for some kinds of consumer credit transactions. 15 U.S.C. § 1635(a); see 15 U.S.C. § 1635(d) (right to rescind is unwaivable except in emergency circumstances). Rescission applies to transactions in which a creditor takes a security interest in an obligor's "principal dwelling" and in return, provides money on property the obligor uses for non-business purposes. 15 U.S.C. § 1635(a). In 1974 TILA was amended to limit the time an obligor had to rescind a transaction to three years after the consummation of the transaction or sale of the property. 15 U.S.C. § 1635(f).

Of primary concern, and importance, as *clarified* in the United States Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 190 L. Ed. 2d 650, 574 U.S. (2015), the obligor's exercise of the rescission triggers a series of steps through which the transaction is unwound. *See Beach*, 523 U.S. at 412-413. First, when an obligor exercises his[3] right to rescind, he is not liable for any finance charge or other charge, and ***any security interest given by the obligor becomes void upon rescission.*** 15 U.S.C. § 1635(b). Second, within twenty days after receipt of the notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment or otherwise, and shall take any action necessary or appropriate to ***reflect termination of any security interest*** created under the

---

[2] Civ. Code § 1598   Where a contract has but a single object, and such object is unlawful, whether in whole or in part, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void.

[3] He/His/Him is used as reference to all persons including she/her

7

Case: 10-05245   Doc# 463   Filed: 06/19/15   Entered: 06/22/15 16:04:06   Page 12 of 21

transaction. *Ibid*. Third, upon performance by the creditor's obligations under this section, the obligor shall tender any property the creditor has previously delivered (or its reasonable value). *Ibid*. Pursuant to Reg Z notice is given by mail, telegram, or other means of written communication. 12 C.F.R.226.23(a)(2) ; See 12 C.F.R. Pt. 226, Apps. H-8, H-9 (Model forms for excising Rescission Right); 12 C.F.R. 1026.23(a)(2).

Erroneously, lower Courts have misinterpreted § 1635 as requiring the obligor to file a lawsuit to effect rescission.       However, the plain language of the statute puts no such requirement on the obligor. That provision "says nothing in terms of an action" or a "suit's commencement"; rather it speaks to the "duration" of the rescission right. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 417 (1998).  The *Supreme Court* found that nowhere does § 1635(a) allow for a debate as to disputed or undisputed notices; simply put the transaction and its contracts are *void as a matter of law* upon mailing of the Notice of Rescission. *Jesionski, supra,* at 793 . Based on the clarification of the TILA rescission by the *Supreme Court,* Dr. Kelley's contracts became *void* as of August 24, 2009.  Regardless to whether the creditor fulfills its legal requirement to return all funds paid on the loan and reflect the termination of the security instrument, the loan no longer exists; the contracts are void and any acts by any party based on the loan or contracts are illegal

**A. Burden of Proof and Elements**

All Dr. Kelley is required to show is the loan was rescinded by virtue of written notice. Period. He has done so –providing the stamped copy from Chase's records. (UMF # 21)

**B. Elements Proven**

The HUD 1 Disclosure identifies Washington Mutual Bank as the lender, not Washington Mutual Bank, F.A. (UMF #5); the promissory note shows Washington Mutual bank, F.A. as the lender (UMF # 1); the loan documents contained two Notices of Right to Cancel which failed to provide the correct date of rescission (UMF # 7) in violation of 12 C.F.R. § 226(b)(5) and 226.36(b)(1)(v); the Truth in Lending Disclosure Statement and Truth in Lending Worksheet show the incorrect amount financed, resulting in an incorrect calculation of the

finance charge by $29,922.65 (UMF ## 9, 10); the Truth in Lending Disclosure shows interest overcharges totaling $1,942.82 (UMF ## 11-14); and an appraisal fee of $895 (UMF ## 16,17). All are a basis of a valid rescission which Mr. Kelley did with a letter dated August 24, 2009 – well within the three year period as allowed. (UMF # 21).

### C. As a Matter of Law the Rescission was Effective as of August 24, 2009.

The letter was mailed on August 24, 2009 (UMF #21); the creditor had 20 days to file an action in dispute of the notice of rescission and chose not to so (UMF #22). The loan and contracts are void and must be cancelled as a matter of law.

WHEREFORE Plaintiff/Debtor Kelley is entitled to partial summary judgment, or in the alternative, summary adjudication the Claim of TILA Rescission of the First Loan

### 3. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT FOR THIRD CLAIM OF TILA RESCISSION OF HELOC

See above #4.

### A. Burden of Proof and Elements

All Kelley is required to show is the loan was rescinded by virtue of written notice. Period. Kelley has provided a copy of the Notice of Rescission mailed to Chase on June 24, 2010. (UMF # 55).

### B. Elements Proven

Dr. Kelley entered a HELOC Credit Agreement on September 18, 2007. (UMF # 37) referenced as Account Number 0747861714 (UMF #37). The Washington Mutual Bank computer picked up the interest change on the date of the application (September 18, 2007) and generated a new set of loan documents on September 20, 2007, reflecting the drop of .5% (UMF ## 38-40); Helmonds and Washington Mutual concealed this material change in the interest rate by manually overriding the system and failing to provide the new loan documents to Dr. Kelley. (Kelley Decl. ¶28; UMF ## 41, 50); the Account did not "open" and "fund" until September 22, 2007. (UMF # 47); Washington Mutual failed to provide the Notice of Right to Cancel (UMF # 45); Dr. Kelley's signature was forged on the TILA Disclosure

1 Acknowledgements (UMF # 46; Kelley Decl. ¶ 25); the Notice to Cancel states a rescission date

2 of September 21, 2007 calculated from an account open date of September 18, 2007 (UMF #47);

3 the Account was opened on September 22, 2007 (UMF # 47). The documents were produced

4 by Chase in response to a Rule 2004 subpoena. Dr. Kelley issued a written Notice of

5 Rescission on June 24, 2010 to Chase and hand delivered a copy to the US Trustee. (UMF #55).

6 **C. As a Matter of Law the Rescission was Effective as of June 24, 2010**

7 The letter was sent on June 24, 2014 (UMF #55); the creditor had 20 days to file an action

8 in dispute of the notice of rescission and chose not to so. (UMF #56) The loan and contracts

9 are void and must be cancelled as a matter of law.

10 WHEREFORE Plaintiff/Debtor Kelley is entitled to partial summary judgment, or in the

11 alternative, summary adjudication the Claim of TILA Rescission as to the HELOC Loan and

12 Credit Agreement.

13 **4. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT OBJECTION OF PROOF OF CLAIM 2**

14 **FOR THE FIRST LOAN**

15 Chase filed a Proof of Claim 2-1, claiming rights as the "creditor" to collect payments on

16 Kelley's loan and to initiate foreclosure through the Deed of Trust. As detailed above– the

17 Deed of Trust is void and of no value to Chase; the loan was rescinded. Chase claims it

18 purchased the loan by providing an affidavit from Robert Shoppe claiming to have sold

19 "certain assets" and the loans are Chase's by operation of law[4]. (POC-2, Part 2, p.2). The

20 POC fails to identify the Subject Loan or provide any evidence the ownership of the loan was

21 sold to Chase. (POC-2) This claim by Chase in the POC is conflicted by the Loan Transfer

22 History which shows the loan, funded by a government entity, was sold to a "private

23 investor" before the failure of Washington Mutual bank. (UMF ## 27-34). Chase cannot

24 claims rights to enforce the Note under the claim by virtue of holding the original Promissory

25

26 _____

27 [4] Shoppe's claim the loans are Chase's by operation of law is an incorrect legal conclusion.

28

Plaintiff/Debtor Motion for Partial Summary Judgment          AP: 10-05245
James M. Kelley v. JP Morgan Chase Bank, N.A.                 BK: 08-55305 ASW

Note with an indorsement in blank. The indorsement is fraudulent and void. (UMF ## 1, 58-60).

## A. Burden of Proof and Elements

The evidentiary presumption of a prima facie case operates to shift the burden of going forward but not the burden of proof. *Garner v. Shier* (In re Garner), 246 B.R. 617, 622 (9th Cir.BAP 2000); *Diamant* v. *Kasparian* (In re So. Cal. Plastics, Inc.), 165 F.3d 1243, 1248 (9th Cir.1999) (although the creditor bears the ultimate burden of persuasion, the debtor must come forward with evidence to rebut the presumption of validity); 9 [COLLIER ON BANKRUPTCY 3007.01 [1] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2006 ("once this burden of going forward to overcome the presumption is met, the ultimate burden is on the claimant").

## B. Chase Cannot Meet its Burden of Proof

Chase filed a Proof of Claim 2-1 on October 17, 2008 claiming to be the creditor entitled to the payments on the loan. (See POC 2-1). As "evidence" of their standing to make this claim, Chase included an affidavit from Robert Shoppe, Receiver in Charge for FDIC as Receiver of Washington Mutual Bank. (See POC 2-1 Part 2, p.2).  The Deed of Trust attached identifies Washington Mutual Bank, F.A. as the Lender and is dated July 26, 2007. (See POC 2-1 Part 2, p.5).  The claim provides no evidence of Chase's claims; the facts show this claim by Chase is false.

### 1. Deed of Trust Lacks Assignment and is Invalid

As detailed above under §§ 1, 2 the Contracts identify an entity that was not in existence on July 26, 2007. (UMF #3). Regardless to the invalidity of the Contracts, the Contracts were rescinded on August 24, 2009. (UMF #21). Opposing counsel (Mr. Yoo) at the hearing on December 4, 2014 made an admission to the Court that there are no written assignments of the Deed of Trust. (See Transcript, Doc. 450 p.19:2; p.20:4-21:6) The FDIC affidavit proffered by Chase is woefully short of any evidentiary value in regards to the Subject Loan.  (POC 2-1, Part 2, p.2)

Plaintiff/Debtor Motion for Partial Summary Judgment        AP: 10-05245
James M. Kelley v. JP Morgan Chase Bank, N.A.              BK: 08-55305 ASW

### 2. *Chase Records Show It Does Not Own the Loan*

Chase has since provided evidence in discovery that on December 17, 2007 the loan was owned by a private investor identified as A11. (UMF #29)  On December 19, 2008 Chase entered a loan transfer from A11 to A01 with an effective date 9 months earlier – March 1, 2008. (UMF #30) – however this manipulation of the transfer appears to attempt to show the loan was owned by Washington Mutual Bank, F.A. at the time of its failure, which is not possible. Chase identifies private investors with the letters A through V; Chase entities are identified with W00 to X99. (UMF #32, 33) On September 2, 2009 Chase claimed a loan transfer from X01 (a Chase entity) to A01, effective 18 months earlier on March 1, 2008. (UMF #31). This transfer and attempt to back date the loan sale/transfer is further complicated by the fact that the loan had been rescinded a few weeks earlier on August 24, 2009. (UMF #21) Regardless, the facts show the ownership of the loan was not part of any assets of Washington Mutual Bank at the time of its failure; the FDIC/Chase transaction did not transfer ownership to Chase.

On December 4, 2014 this Court ordered Chase to identify the initial owner of the loan identified as Investor 030, which Chase has refused to do. (See Court Transcript, Docket 450, p.8:8-17).

### 3. *The Indorsement is Fraudulent*

Chase provided a "copy" of the original Note to Dr. Kelley (UMF #65,65). The First Loan Note has an indorsement in blank by Cynthia Riley, Vice President of Washington Mutual Bank, F.A. This is problematic to say the least. The Note was created on or about September 18, 2007 – eight months after Cynthia left the employ of Washington Mutual Bank on November 11, 2006.  (UMF ## 1, 58-61); and of course, Washington Mutual Bank, F.A. was a fictitious name being used by Washington Mutual Bank. (UMF ## 3, 4)

#### a) *False Indorsement*

Under California law, the "burden of establishing" the validity of the signature is on Chase.  Cal. Comm. Code § 1201(b)(8) ("'Burden of establishing' a fact means the burden of

12

---

Plaintiff/Debtor Motion for Partial Summary Judgment | AP: 10-05245
James M. Kelley v. JP Morgan Chase Bank, N.A. | BK: 08-55305 ASW

Case: 10-05245   Doc# 463   Filed: 06/19/15   Entered: 06/22/15 16:04:06   Page 17 of 21

1  persuading the trier of fact that the existence of the fact is more probable than its

2  nonexistence."). *Hooper v. Anderson* (In re Hooper), 2012 Bankr. LEXIS 680, *22-23 (B.A.P. 9th

3  Cir. Feb. 14, 2012) In *Hooper*, GMAC (the creditor) provided evidence the stamped signature

4  of Thomas K. Mitchell was valid because Mitchell was employed by Greenpoint (the original

5  creditor) with authority to affix the indorsement. Riley left the employ of Washington Mutual,

6  along with any authority to indorse Notes, on November 11, 2006. (UMF #58)  Riley was

7  employed by Chase in 2009 – in the IT department. She does not have authority to indorse

8  Notes. (UMF #59).  And certainly if she did, it would be as an employee of Chase, not

9  Washington Mutual Bank or Washington Mutual Bank, F.A.

10     *b)  Indorsement Materially Changed The Paid To Order Note*

11     An indorsement containing the words "to order" or "to bearer" or equivalent words is

12  uniformly held to make the non-negotiable note negotiable.    *Nuetzel v. Mackie* (1927) 80

13  Cal.App. 768.   Cal. Comm. Code § 3-406(a) states that a person whose failure to exercise

14  ordinary care contributes to an alteration of an instrument or the making of a forged signature

15  on an instrument is precluded from asserting the alteration or the forgery against a person

16  who, in good faith, pays the instrument or takes it for value or for collection. Cal. Comm.

17  Code § 3-407(a) recognizes  "Alteration" means (1) an unauthorized change in an instrument

18  that purports to modify in any respect the obligation of a party, or (2) an unauthorized

19  addition of words or numbers or other change to an incomplete instrument relating to the

20  obligation of a party. The California Supreme Court took up this issue in *Walsh v. Hunt* (1898)

21  120 Cal. 46, 47 [52 P. 115] holding that any unauthorized change in an instrument in a material

22  respect destroys the integrity of the instrument as the contract which the maker has executed,

23  and it ceases to be his contract, and is avoided in the hands of an innocent holder for value;

24  and this rule applies to commercial paper, as well as to deeds and other sealed instruments.

Plaintiff/Debtor Motion for Partial Summary Judgment          AP: 10-05245
James M. Kelley v. JP Morgan Chase Bank, N.A.               BK: 08-55305 ASW

*c) False Indorsement is Criminal Violation*

Evidence of a debt is considered personal property. *See* Cal. Penal Code § 7(12). A false indorsement on a promissory note is a violation of Cal. Penal Code § 532. Here, Chase is proffering the Note with the indorsement for purposes of claiming a right to the payments and authority to enforce the Note claiming to have received the Note as the "payee" by virtue of a blank indorsement. *People v. Cassou* (1915) 27 Cal.App. 23, 27. [Offense is complete when the signature is obtained if it were obtained by false pretenses and with a fraudulent intent].

Chase was admonished for filing false papers in US Bankruptcy proceedings when it entered into a settlement agreement with the Department of Justice and California State Attorney (and 48 other State Attorney Generals). (RJN # 10) Clearly paying billions in settlement was not a determent, and Chase should be referred to both the Department of Justice and California State Attorney General for violation of the Settlement Agreement and the US Trustee for filing a false claim in a bankruptcy proceeding.

WHEREFORE Plaintiff/Debtor Kelley is entitled to partial summary judgment, or in the alternative, summary adjudication the Objection to the Proof of Claim 2-1 denying Chase's claim in its entirety.

**5.     PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT OBJECTION OF PROOF OF CLAIM 3 FOR THE HELOC**

Chase filed a Proof of Claim 3-1, claiming rights as the "creditor" to collect payments on the HELOC Credit Agreement. Chase cannot prove it has any rights to collect on the loan.

**A. Burden of Proof and Elements**

The evidentiary presumption of a prima facie case operates to shift the burden of going forward but not the burden of proof. *Garner v. Shier* (In re Garner), 246 B.R. 617, 622 (9th Cir. BAP 2000)]; *Diamant* v. *Kasparian* (In re So. Cal. Plastics, Inc.), 165 F.3d 1243, 1248 (9th Cir.1999) (although the creditor bears the ultimate burden of persuasion, the debtor must come forward with evidence to rebut the presumption of validity); 9 [COLLIER ON BANKRUPTCY 3007.01

14

[1] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2006 ] ("once this burden of going forward to overcome the presumption is met, the ultimate burden is on the claimant").

**B. Chase Can Not Prove Elements of Claim**

The Credit Agreement and Deed of Trust are void and of no value as the loan was rescinded extinguishing the contracts. (UMF # 55). *See Jesinoski v. Countrywide Home Loans, Inc., supra.* Chase's Proof of Claim fails to provide any evidence of how it alleges to be the "creditor". (POC 3-1). Any proffering of an indorsement by Cynthia Riley will be a false – as evidence has shown any indorsement by Riley is a material change to the Agreement that renders the Agreement void. (See above, § B, 3) Chase's proof of claim fails to provide any evidence – and neither the Shoppe Affidavit nor any of the different versions of the Purchase & Assumption Agreement ("PAA") between the FDIC/Chase will be of assistance as those versions fail to identify any loan at all. As shown by the POC entered by Chase – there is no basis for the claim. As a matter of law this claim needs to be denied in its entirety. WHEREFORE Plaintiff/Debtor Kelley is entitled to partial summary judgment, or in the alternative, summary adjudication the Objection to the Proof of Claim 3-1 and Chase's claim should be denied in its entirety.

**IV.     CONCLUSION**

The days of Chase coming into court, proffering misleading documents to stake a claim to loans it has no valid interest in are over. The gig is up. The public knows that Chase purchased only servicing rights, not ownership. Plaintiff/debtor , James Kelley respectfully requests that this court grant his request for partial summary judgment, or in the alternative summary adjudication on the invalidity of the contract, the TILA rescission of the first loan and HELOC loan; denial of Chase's claims 2-1 and 3-2, and order Chase to rescind the Deeds of Trust from the official land records.

Plaintiff/debtor Kelley also requests that this matter be referred to the Department of Justice and US Trustee for further investigation into Chase's violation of the National

Settlement Agreement and for proffering a fraudulent indorsement for the purpose of securing rights for itself that it does not have.

Date: June 19, 2015                    JAMES MADISON KELLEY

                                       James Madison Kelley, Plaintiff/Debtor

                                       In Pro Per

Plaintiff/Debtor Motion for Partial Summary Judgment          AP: 10-05245
James M. Kelley v. JP Morgan Chase Bank, N.A.                 BK: 08-55305 ASW